## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO:

ERIC WARD,

   Plaintiff,

v.

M/Y UTOPIA IV, Official No. 1305829, MMSI No.
339328000, her engines, tackle, gear, appurtenances, etc.,
*in rem*, UTOPIA YACHTING LLC, *in personam*

   Defendants.

_____/

### SEAMAN'S COMPLAINT WITHOUT
### PREPAYMENT OF COSTS AND DEMAND FOR JURY TRIAL

Plaintiff seaman, ERIC WARD ("Ward"), sues defendants M/Y UTOPIA IV and UTOPIA

YACHTING LLC and alleges:

### PRELIMINARY STATEMENT

1.   This is an action for Jones Act negligence, unseaworthiness and unpaid maintenance

and cure brought by Mr. Ward, who was the Electro Technical Officer onboard the 175.8-foot

Rossinavi Motor Yacht "M/Y UTOPIA IV" (the "Yacht").

2.   Plaintiff seeks a trial by jury to recover the amounts due for Jones Act negligence,

unseaworthiness and maintenance and cure, consequential damages, attorneys' fees and costs,

and punitive damages.

### JURISDICTION AND VENUE

3.   Plaintiff Ward is a Jones Act seaman within the meaning of 28 U.S.C. §1916 and can

file suit without pre-paying filing fees or costs.

4.   Plaintiff Ward is resident of the State of Colorado.

1

5.   UTOPIA YACHTING LLC ("Utopia"), is the record owner of the M/Y Utopia IV and the Jones Act Employer of Plaintiff Ward and is a corporation formed under the laws of Delaware, and is subject to jurisdiction in this state pursuant to Fla. Stat §§ 48.193 because Defendant personally or through an agent:

   a.   Operated, conducted or engaged in or carried on a business venture in this state and/or county including operating its primary asset, the Yacht in this State; hired employees in this state; entered into contracts in this state; and purchased provisions and fuel for the Yacht in this state.

   b.   Engaged in substantial and not isolated activity within this state, by, among other things operating its primary asset, the Yacht in this State; hired employees in this state; entered into contracts in this state; and purchased provisions and fuel for the Yacht in this state.

   c.   Committed tortious acts within this state including negligently injuring Plaintiff Ward and failing to pay maintenance, cure and wages owed to Ward.

6.   This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 because this is a claim for Jones Act negligence, unseaworthiness and maintenance and cure arising under the general maritime law of the United States.

7.   This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00 USD), exclusive of interest, attorneys' fees, and costs, and is between citizens of different states.

8.   Venue is proper in the Southern District of Florida pursuant §1391(b)(2) because a substantial portion of the events at issue occurred in this District, including but not limited to: the

failure to pay maintenance and cure occurred in part in this District; the Plaintiff was hired by the Defendant in this District; and the Plaintiff is domiciled in this District.

## **RELEVANT FACTS**

9.   On or about December 13, 2021, Ward joined the Yacht as the Electro Technical Officer as part of the Yacht's engineering department in Miami Beach, Florida at a private residence.

10.   Ward was hired by Chief Engineer Fred Wennberg ("Wennberg").

11.   The Yacht had delegated the responsibility of hiring, managing, and staffing the engineering department to Wennberg.

12.   Wennberg and Ward agreed that Ward's employment would be on a permanent rotational basis with six weeks on and six weeks off the Yacht, with a salary of $5,800 per month, working 183 days a year.

13.   On December 17, 2021, after Plaintiff Ward joined the Yacht, it departs for the Bahamas from Miami.

14.   On December 19, 2021, the charter guests board the Yacht in Nassau, Bahamas.

15.   On night of December 23, 2021, the Yacht collided with the Tropical Breeze, a gasoline tanker ("Tropical Breeze"), off the coast of the Bahamas due to the Captain's negligence.

16.   Plaintiff Ward was working on the Sky Lounge aft of the Bridge with the charter guests, assisting them in connecting to the Yacht's onboard entertainment systems.

17.    During the collision, Plaintiff Ward was thrown off his feet and collided with a wall, causing his injuries.

3

18. After the collision, Plaintiff Ward went down into the engine room where he and Yacht's second engineer ensured that the Yacht did not have any water intrusion in its bulkheads.

19. On the way down to the engine room, Plaintiff Ward came across the Yacht's Captain who was coming up the stairs from the inside of the Yacht, indicating that the Captain was not in the Bridge during the crash.

20. Afterwards, Plaintiff Ward started assisting with the rescue operations for the Tropical Breeze crew members as the gasoline tanker was taking on water.

21. Additionally, a nearby Yacht, the M/Y Amara came by to assist in the rescue operations and delivered the Tropical Breeze's crew members to shore.

22. During the rescue operations, the Yacht was rolling around as the Yacht's Captain had failed to change the stabilizers from underway to zero speed stabilizers.

23. This rolling motion from the failure to change to the zero speed stabilizers caused Plaintiff Ward to severely injure his left foot and ankle.

24. After injuring his foot and ankle, Plaintiff Ward was brought up to the Bridge where he received first aid until the Yacht arrived in the Bahamas to transport the crew to the local hospital.

25. After the rescue operation was completed, the Yacht made its way to Nassau, Bahamas.

26. As the Yacht approached the port channel, Plaintiff Ward noticed that the Captain was taking the Yacht dangerously close to the rocks and without intervention, the Captain would crash the Yacht once again.

27. Plaintiff Ward told one of the crew members in the bridge, Ryan Fitzgerald to go and get the First Officer.

28. The First Officer immediately took over control of the Yacht and made an emergency maneuver to prevent a collision with the rocks in the channel.

29. Plaintiff Ward was given basic treatment at the local hospital in the Bahamas and then was repatriated to the United States on December 26, 2021.

30. After returning home to the United States, Plaintiff started receiving treatment for his injuries.

31. Plaintiff Ward was eventually diagnosed with severe injuries to his left ankle with multiple fractures of his left foot and injured nerves, tendons and ligaments and Complex Regional Pain Syndrome.

32. Furthermore, Plaintiff Ward was diagnosed with a severe hip injury which required significant medical care and surgeries.

33. Plaintiff Ward also sought mental health treatment and was diagnosed with PTSD from the incident.

34. The Defendant Yacht and its owner, Utopia at multiple times refused to pay and delayed payment for the medical expenses as part of Plaintiff Ward's cure benefit as a seaman

35. Plaintiff Ward has not yet reached maximum medical improvement.

36. Utopia and the Yacht's repeated failures to pay cure and delays in payment have caused significant pain and suffering for Plaintiff Ward as his medically necessary treatments, appointments and surgeries were cancelled or delayed for non-payment.

37. Furthermore, the Utopia and the Yacht have inexplicably refused to pay Plaintiff Ward's wages since the collision, even though Plaintiff Ward is a permanent employee aboard the Yacht.

<u>COUNT I</u>
**FAILURE TO PROVIDE PROMPT AND ADEQUATE MAINTENANCE AND CURE AND WAGES AGAINST UTOPIA YACHTING LLC**

Plaintiff readopts and re-alleges paragraphs 1 through 37 and further alleges:

38.   Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Utopia until he is declared to have reached maximum possible cure. This includes unearned wages, (regular contract wages, overtime, vacation pay, and tips), which are reasonably anticipated by the end of the contract or voyage, whichever is longer.

39.   Upon Plaintiff being injured in the service of the Yacht, it became the duty of Utopia to furnish plaintiff with maintenance until such time as he reaches maximum cure without any delays.

40.   Utopia has repeatedly and inexcusably delayed paying maintenance and cure for a period of time after his injury and prior to the point that Plaintiff will reach maximum medical cure.

41.   Defendant's delay, failure and/or refusal to pay Plaintiff's maintenance, cure, and wages is, moreover, willful, arbitrary, capricious, and in disregard of the Plaintiff's rights as a seaman.

42.   As a result, Plaintiff suffered harm, including, without limitation, bodily injury, emotional distress, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition. One or more of the losses are permanent and/or continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against UTOPIA YACHTING LLC together with any and all compensatory and punitive damages, statutory interest as permitted, pre-

judgment interest as permitted, attorney's fees as permitted, costs as permitted and any other relief that this Court deems proper.

**<u>COUNT II</u>**
**JONES ACT NEGLIGENCE AGAINST UTOPIA YACHTING LLC**

Plaintiff incorporates by reference paragraphs 1 through 37 above as though fully incorporated herein.

43. At all times material, UTOPIA YACHTING LLC was the Plaintiff's Jones Act Employer for the Yacht and had a fundamental, absolute, and non-delegable duty under the Jones Act, 46 U.S.C § 30104, to provide the Plaintiff with a reasonably safe place to work and use ordinary care to maintain the Yacht in a relatively safe condition.

44. Utopia is liable for any injury resulting in whole or in part from its negligence or the negligence of its, agents, or employees.

45. Plaintiff's multiple injuries were due to the negligence of Utopia and/or its agents, servants, and/or employees, including, without limitation, caused in one or more of the following ways:

  a. Negligently failing to train crewmembers in safe working practices;

  b. Negligently failing to provide a reasonably safe environment for Plaintiff to work in;

  c. Negligently failing to have a properly trained look out while the Yacht is under navigation;

  d. Negligently failing to have proper training on lookout procedures;

  e. Negligently failing to train the Captain to not leave the Yacht's bridge during his watch;

  f. Negligence of the Captain to leave the Bridge with an untrained crew member on watch;

  g. Negligently causing the collision that led to the Plaintiff's injuries;

  h. Failing to provide required lifesaving equipment.

46. The foregoing negligence caused the Plaintiff to suffer serious injuries, which requires and continues to require medical care and attention.  Plaintiff's injuries are permanent in nature.

47. As a further direct and proximate result of the above-described negligence of Utopia, Plaintiff has in the past and will in the future suffer and incur the damages including: cost and expense of medical care, attention and treatment, the cost of travel necessary to secure said medical care; loss of earnings and a loss or impairment of earning capacity and working ability; pain and suffering, mental anguish, disfigurement, disability, inconvenience and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, ERIC WARD, demands judgment against the Defendant, UTOPIA YACHTING LLC, and further requests this Court award him damages for his injuries that were caused by the Defendants, the costs incurred by the Plaintiff in bringing this action, and any such other remedy and relief as this Court may deem just and appropriate.

## <u>COUNT III</u>
## UNSEAWORTHINESS AGAINST THE YACHT AND UTOPIA YACHTING LLC

Plaintiff incorporates by reference paragraphs 1 through 37 above as though fully incorporated herein.

48. Defendants owed Plaintiff a duty to provide him with a seaworthy Yacht, and it breached this duty, as set forth below.

8

49. The unseaworthiness of the Defendant's Yacht was a legal cause of injury and damage to Plaintiff.

50. The Yacht was unsafe and unfit due to conditions created by Defendant's conduct, including but not limited to:

   a.   Failure to provide a capable and competent crew;

   b.   Failure to provide a reasonably safe environment for Plaintiff to work in;

   c.   Failure to have a properly trained look out while the Yacht is under navigation;

   d.   Failure to have proper training on lookout procedures;

   e.   Failure to train the Captain to not leave the Yacht's bridge during his watch;

   f.   Negligently causing the collision that led to the Plaintiff's injuries;

   i.   The Yacht's crew was not properly trained, instructed or supervised;

   j.   Failing to provide required lifesaving equipment.

51. Due to Defendant's actions or omissions, the unseaworthiness of the Yacht played a substantial part in bringing about or actually caused harm to the Plaintiff.

52. The harm caused to the Plaintiff was either a direct result or reasonably probable consequence of the unseaworthiness of the Yacht.

53. As a direct and proximate result of the above-described unseaworthiness of Defendant's Yacht, Plaintiff has in the past and will in the future suffer and incur the damages including: cost and expense of medical care, attention and treatment, the cost of travel necessary to secure said medical care; loss of earnings and a loss or impairment of earning capacity and working ability; pain and suffering, mental anguish, disfigurement, disability, inconvenience and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, ERIC WARD, demands judgment against the Defendants Utopia and the Yacht and further requests this Court award him damages for his injuries that were caused by the Defendants, the costs incurred by the Plaintiff in bringing this action, and any such other remedy and relief as this Court may deem just and appropriate.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury of any issue triable of right by a jury.

Dated: November 22, 2022                              Respectfully Submitted,

**MOORE & COMPANY, P.A.**
*Counsel for Plaintiff*
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email:  kvartak@moore-and-co.com
Email:  michael@moore-and-co.com

<u>s/ Kavan Vartak</u>
Kavan Vartak, Esq.
Florida Bar #1017058
Michael T. Moore
Florida Bar #207845

10

## VERIFICATION

I, _Eric Ward_, hereby submit this verification of the attached

complaint and being duly sworn affirm that;

1.    My name is _Eric Ward_, and I am over 18 years of age.

2.    I was hired to work on the M/Y UTOPIA IV as seaman/crewmember and this

Verification is made in this capacity.

3.    I am familiar with the M/Y UTOPIA IV and the services that I provided to the

Vessel as a seaman/crewmember.

4.    I have read the attached "Verified Complaint of ERIC WARD" (the "Eric Ward

Complaint").

5. I affirm the facts alleged in the Eric Ward Complaint are true and correct based on my

personal knowledge and upon information and belief.

UNDER PENALTY OF PERJURY, UNDER THE LAWS OF THE UNITED STATES OF
AMERICA, I DECLARE THAT I HAVE READ THE FOREGOING AND THE FACTS
ALLEGED THEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE
AND BELIEF.

Executed this _21_ day of November, 2022 at _Golden_ (city), _CO_ (state).

Signature: _____

Print Name: Eric Ward

Position: Electro Technical Officer