UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-23847-CIV-SCOLA/GOODMAN

ERIC WARD,

    Plaintiff,

v.

M/Y UTOPIA IV, Official No. 1305829, MMSI No. 339328000, her engines, tackle, gear, appurtenances, etc., *in rem*, UTOPIA YACHTING LLC, *in personam*

    Defendants.

_____/

## MOTION TO INTERVENE BY FRED WENNBERG

Intervening Plaintiff, FRED WENNBERG ("Intervening Plaintiff" or "Wennberg"), by and through its undersigned counsel and pursuant to Rule 24 of the Federal Rules of Civil Procedure, hereby makes this Motion to Intervene, and states:

1. The Defendant vessel, M/Y UTOPIA IV ("Vessel"), a United States flagged motor yacht, owned by UTOPIA YACHTING LLC ("Utopia"), a U.S. based corporation, managed out of Ft. Lauderdale, Florida, is now or will be within the jurisdiction of this Court. Its beneficial owners and Record Owner are U.S. Citizens and a U.S. corporation respectively.

2. Intervening Plaintiff, a US Citizen, has *in rem* claims and liens against the Defendant vessel, M/V UTOPIA IV, for maintenance, cure, wages, unseaworthiness and will seek a judgment against the Defendant *in rem* vessel.

3. Furthermore, Intervening Plaintiff *has in personam* claims for maintenance, cure, wages and Jones Act Negligence.

4. All of the Intervening Plaintiff's claims, injuries and damages arise from a single incident involving the same property, the Vessel, that is the subject of the original action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest and has an interest that is not adequately protected by the existing parties to the suit.

5. Intervening Plaintiff was a crew member and co-worker of Plaintiff Eric Ward aboard the Vessel and was similarly injured during the Vessel collision on December 23, 2021 as also described in the Eric Ward and Intervening Plaintiff Wennberg Complaints.

6. Additionally, as there is only one *res* on which to assert Intervening Plaintiff's rights which constitute maritime liens, if the Vessel is sold or disposed of without Intervening Plaintiff being made a party to this action then Intervening Plaintiff may lose his *in rem* lien rights and any possibility for recovery of its maritime claim. *Crabtree v. The SS Julia*, 290 F.2d 478, 482 (5th Cir. 1961) ("Liberality in allowing interventions mirrors not alone admiralty's approach to do justice with slight regard to formal matters. It is a recognition of the unavoidable consequence of a sale of a vessel in an in rem proceeding").

7. Further, Wennberg seeks to assert the priority of his claims over other maritime liens that may be asserted against the Vessel to ensure that his claims are paid as a matter of priority, and that such priority is preserved before the Vessel is sold which may result in all related liens extinguished.

8. Alternatively, Intervening Plaintiff Wennberg should be permissively allowed to intervene in the underlying action as he has a claim or defense that shares with the main action a common question of law or fact.

9. Intervening Plaintiff has a claim that shares a common question of law and fact with the main action in relation to the negligence and injuries he suffered aboard the Vessel as a consequence of the December 23, 2021 collision.

10. This collision caused injuries to himself and other crew members, such as Plaintiff Eric Ward which give rise to common questions of law and fact as to the Vessel's unseaworthiness and the negligence of the Vessel's owner which caused the collision.

11. Intervention would also serve judicial economy as this Court would be able to resolve the common issues of fact and law all at once arising from the December 23, 2021 collision which injured Intervening Plaintiff Wennberg as well as Plaintiff Eric Ward.

12. Intervening Plaintiff Wennberg has attached a copy of his Verified Intervening Complaint to this Motion. *See* **Exhibit A**; **Exhibit B**.

WHEREFORE, the Intervening Plaintiff, Wennberg, respectfully requests this Honorable Court to enter an Order allowing him to intervene in this action, and for such other and further relief as this Court may deem just and proper.

Dated: December 21, 2022                              Respectfully Submitted,

**MOORE & COMPANY, P.A.**
*Counsel for Intervening Plaintiff*
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email:  kvartak@moore-and-co.com
Email:  michael@moore-and-co.com

s/ Kavan Vartak
Kavan Vartak, Esq.
Florida Bar #1017058
Michael T. Moore
Florida Bar #207845

## LOCAL RULE 7.1(a)(3) CERTIFICATION

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised and which the opposing party have objected to the relief sought.

s/ Kavan Vartak<br>Kavan Vartak, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2022 a true and correct copy of the foregoing was filed with the Court's electronic filing system, CM/ECF, which will send a notice of electronic filing to all counsel or parties of record. Additionally, true and correct copy of the foregoing was served by email to the service list below.

s/ Kavan Vartak<br>Kavan Vartak, Esq.

## SERVICE LIST

**Neil Bayer, Esq.**
**Chase Jansson, Esq.**
CAMPBELL JOHNSTON CLARK, LTD.
2600 Douglas Road, Suite 508
Coral Gables, Florida 33134
Office: 786-204-3784
Email: neil@cjclaw.com
Email: chase@cjclaw.com
Email: cindy@cjclaw.com