UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-23847-CIV-SCOLA/GOODMAN

ERIC WARD,

    Plaintiff,

vs.

M/Y UTOPIA IV, Official No. 1305829,
MMSI No.339328000, her engines, tackle,
gear, appurtenances, etc., *in rem*,
UTOPIA YACHTING LLC, *in personam*,

    Defendants.
_____/

# EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-23847-CIV-SCOLA/GOODMAN

ERIC WARD,

    Plaintiff,

vs.

M/Y UTOPIA IV, Official No. 1305829,
MMSI No.339328000, her engines, tackle,
gear, appurtenances, etc., *in rem*,
UTOPIA YACHTING LLC, *in personam*,

    Defendants.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO GORDON BROWN AND FRED WENNBERG'S MOTIONS TO INTERVENE

Defendants, UTOPIA YACHTING, LLC, and the M/V UTOPIA IV, *in rem*, by and through their undersigned counsel, files this, their Response in Opposition to Gordon Brown and Fred Wennberg's Motions to Intervene [DE 8 and DE 9] and, and in opposition thereto would show unto this Court:

1. On December 21, 2022, Counsel for the Defendant, Eric Ward, filed mirror Motions to Intervene for his client's Gordon Brown ("Brown") [DE 8] and Fred Wennberg ("Wennberg") [DE 9].

2. In his pre-filing conferral seeking the Defendant's Agreement on Intervention, counsel advised that he would additionally be filing Motions to Intervene for Samuel Parrott, Nikita Hutten, Ryan Fitzgerald and Alexa Jamieson (although Motions to Intervene for these four individuals have not yet been filed.

3. All six - Gordon Brown, Fred Wennberg, Samuel Parrott, Nikita Hutten, Ryan Fitzgerald and Alexa Jamieson were fellow crew members of Plaintiff, Eric Ward, and each

seeks damages for unspecified injuries (excluding Parrott who continues to receive Maintenance and Cure) resulting from the December 23, 2021 collision between the m/y *Utopia IV* and the m/v *Tropic Breeze*.

4.  In support of Intervention, both Brown and Wennberg assert (at Paragraph 4 of each of their Motions) that *"the Intervening Plaintff's claims, injuries and damages arise from a single incident involving the same property, the Vessel, that is the subject of the original action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest and has an interest that is not adequately protected by the existing parties to the suit."*

5.  It should be noted at this juncture, that each Intervenor's Motion is facially insufficient because neither Motion tracks Federal Rule of Civil Procedure 24 and neither Motion even specifies whether the Intervenor's are seeking Intervention by Right or Permissive Intervention.

6.  Instead the Intervenor's vaguely allege (at Paragraph 8 of each Motion) that each shares a claim with the main action and that there are common issues of law and fact with each Intervenor alleging that Intervention is mandated by the remote possibility that the *in rem* Defendant (the m/y *Utopia IV*) could be sold or disposed of (see Paragraph 6 of each Motion).

7.  Curiously, the Plaintiff, Ward also faces that same remote contingency but has never raised concern with respect thereto.  Moreover, each Intervenor is free to file suit, just as Plaintiff, Ward, has done.

8.  This Court should see these Motions (and the four which counsel has advised will follow) for what they are - a not so thinly veiled attempt to fortify the claims of negligence against the Defendants.

9.  With seven claimants (including Mr. Ward), it will be virtually impossible for the Defendants to rebut the strong and prejudicial interference of negligence to an empanelled

jury, with each undoubtedly thinking… *seven injured crew members, the defendants must be responsible.*

10. More important, these claims are not identical with Counterclaims to be filed against at least two of the potential Intervenors, creating insurmountable confusion for a jury in sorting through the various claims.

11. While each potential intervenor claims to have been injured in the same incident as Mr. Ward, common questions of law and fact alone is neither the test nor basis for Intervention.

12. As will be explained in the Memorandum of Law herein, each Intervenor's Motion truly misses the boat (pun intended) on the assertion of entitlement to Intervention.

13. It should further be noted that Rule 7.1(a)(1) provides that "Every motion when filed shall incorporate a memorandum of law citing supporting authorities (with 11 specific exceptions noting that a Motion to Intervene is not an exception). Each Intervenor's Motion does not include a supporting Memorandum of Law rendering it legally insufficient and any new authorities which might appear in a Reply Motion would be precluded as raising issues not set forth in the original Motion (assuming that's what will occur) which is precluded by Local Rule 7.1(c).

WHEREFORE, UTOPIA YACHTING, LLC, and the M/V UTOPIA IV, *in rem*, respectfully request that Gordon Brown and Fred Wennberg's Motions to Intervene [DE 8 and DE 9] be denied as a matter of law.

## MEMORANDUM OF LAW

As a basic premise, each Intervenor seems to believe that common questions of law and fact entitle each to Intervention (see Paragraph 9 of each Motion) and what is apparent, is that

counsel has failed to review Federal Rule of Civil Procedure 24 which clearly explains the scenarios and grounds for Intervention.

Federal Rule of Civil Procedure Rule 24 provides, in relevant part, (noting that facially inapplicable grounds have been omitted):

> **(a) Intervention of Right.** *On timely motion, the court must permit anyone to intervene who:*
>
> *(1) is given an unconditional right to intervene by a federal statute; or*
>
> *(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.*
>
> **(b) Permissive Intervention.**
>
> *(1) In General. On timely motion, the court may permit anyone to intervene who:*
>
> *(A) is given a conditional right to intervene by a federal statute; or*
>
> *(B) has a claim or defense that shares with the main action a common question of law or fact.*
>
> *(3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.*

Accordingly, Intervention herein, is available and restricted to two scenarios: Intervention of Right and Permissive Intervention. It is respectfully submitted that the Intervenors have failed to demonstrate entitlement under either available option.

<u>INTERVENTION OF RIGHT</u>

As to **Intervention of Right** (Fed.R.Civ.P 24(a), it cannot be disputed that the Intervenors do not have an unconditional right to intervene by a Federal Statute and no such argument has been advanced. As such, **Intervention of Right** can only be granted if the Section (a)(2) threshold is satisfied. In that regard, it is acknowledged that each Intervenor's injuries are alleged to have occurred in the same accident in which Plaintiff, Ward, was injured.

But common defendants and common questions of fact and law – as each Intervenor suggest - is insufficient to support Intervention of Right. In fact, each Intervenor has failed to even allege, let alone demonstrate "*that disposing of the action (this lawsuit) may as a practical matter impair or impede the movant's ability to protect its interest.*" Instead, each Intervenor seems to assert that Intervention is required because the *in rem* Defendant, the m/y *Utopia II*, could be "*sold or disposed of*" (see Paragraph 6 of each Motion). It should also be noted that no reason is advanced as to the yacht's owner, co-defendant Utopia Yachting LLC. As such, it is respectfully submitted that **Intervention of Right** has not been demonstrated.

PERMISSIVE INTERVENTION

Being unable to establish Intervention of Right, this leaves **Permissive Intervention** (Fed. R. Civ. P 24(b)) as each Intervenor's sole option. As noted above, *the court may permit anyone to intervene who ...has a claim or defense that shares with the main action a common question of law or fact.* It is not disputed that the proposed Intervenor's claims involve common questions of law and fact with Mr. Ward's claim, but as Section (b)(3) instructs: *In exercising its discretion,* **the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights**.

It is the potential prejudice to the Defendants which permitting the two Intervenors (and the other four expected Intervenors) from intervening in this action. Equally, the potential for jury confusion is significant because Affirmative Defenses differ for each crew member with two crew members facing counterclaims.

As to prejudice, there would be virtually no way to rebut the overwhelming presumption of negligence which seven injured crew members sitting at the same plaintiff's table at trial would advance and as matter of practicality, no jury instruction will prevent this precluding the Defendants from advancing necessary defenses to each claim and diminishing the impact of those same defenses.

Equally, the Intervenors have further failed to allege or explain that their Intervention involves Ward's claim, rather than running parallel to it. Instructive is an Eastern District of Kentucky case, predicated on a US Supreme Court case - <u>True Gun-All Equipment Corporation v. Bishop International Engineering Co.</u>, 26 F.R.D. 150 (E.D. Kentucky (1960), which instructs:

> *The court's jurisdiction is limited and controlled by Rule 24(b)(2), Rules of Civil Procedure Rule, 28 U.S.C.A. This statutory provision permits intervention when an applicant's claim or defense and the main action have a question of law or fact in common.* ***A study of the record, with the help of the authorities and briefs, has revealed no question of law or fact in common to both the original action and that set forth in the intervenor's complaint. There is no res in court in which they have a common interest; there is no right which the intervenor has which would be denied it by a judgment, either in favor of the original complainant or the defendant.***
>
> *It is essential that the applicant shall claim an interest in the matters in controversy* ***between the plaintiff and original defendant***. ***The purpose for which permission to intervene may be given is that the applicant may be put in position to assert in that suit a right which it has in respect to something in dispute between the original parties***. *This rule really introduced no new procedure but merely amplifies and restates the federal practice, both at law and in equity. Washington Institute on Federal Rules, P. 67; Babcock v. Town of Erlanger, supra; Chandler & Price Co. v. Brandtjen, Inc., 296 U.S. 53, 56 S.Ct. 6, 80 L.Ed. 39*

Further instructive is the 5th Circuit decision in <u>Howse v. S/V Canada Goose</u> 1, 641 F.2d 1981 which provides:

> *In order to intervene as a matter of right under Rule 24 (a)(2), all four of the requirements set forth in the rule must be met. First, the application for intervention must be timely. Next,* ***the applicant must have an interest relating to the property or transaction which is the subject of the action, and the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest.*** *Finally, it must appear that the applicant's interest is inadequately represented by the existing parties to the suit. International Tank Terminals, Ltd. v. M/A Acadia Forest, 579 F.2d 964, 967 (5th Cir.1978)*
>
> *While the significance of the precise nature of an intervenor's interest has declined since the 1966 amendments to Rule 24, see Atlantis Development Corp. v. United States, 379 F.2d 818, 823-25 (5th Cir.1967),* ***intervention of right still requires "a direct, substantial, legally protectable interest in the proceedings***."

It is respectfully submitted that the Intervenor's have neither demonstrated or even alleged a direct, substantial, legally protectable interest in the Ward proceedings.

For all of the foregoing reasons, Gordon Brown and Fred Wennberg's Motions to Intervene [DE 8 and DE 9] must be denied as a matter of law.

WHEREFORE, UTOPIA YACHTING, LLC, and the M/V UTOPIA IV, *in rem*, respectfully request that Gordon Brown and Fred Wennberg's Motions to Intervene [DE 8 and DE 9] be denied as a matter of law.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on January 6th, 2023 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

MOORE & COMPANY, P.A.
Kavan Vartak, Esq.
Michael T. Moore, Esq.
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email: kvartak@moore-and-co.com
Email: michael@moore-and-co.com
***Attorneys for Plaintiff Eric Ward***

Campbell Johnston Clark, LLP
2600 Douglas Road
Suite 508
Coral Gables, FL  33134
Tel. : 786-204-3784

Email: neil@cjclaw.com  
Email: chase@cjclaw.com  
Email: cindy@cjclaw.com  
Email : nadia@cjclaw.com  

By: ___/s/  Neil  Bayer_____  
    Neil Bayer, Esq.  
    Fla. Bar No.: 615684  

    Chase Alexandra Jansson, Esq.  
    Fla. Bar No.: 1002265