UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-23847-CIV-SCOLA/GOODMAN

ERIC WARD,

    Plaintiff,

vs.

M/Y UTOPIA IV, Official No. 1305829,
MMSI No.339328000, her engines, tackle,
gear, appurtenances, etc., *in rem*,
UTOPIA YACHTING LLC, *in personam*,

    Defendants.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES OF UTOPIA YACHTING LLC**

Defendant, UTOPIA YACHTING LLC, by and through its undersigned counsel, files this, its Answer and Affirmative Defenses to the Complaint of Plaintiff, ERIC WARD, and states:

ANSWER

PRELIMINARY STATEMENT

1.    This Defendant is without knowledge of the allegation set forth in Paragraph 1 of Plaintiff's Complaint and demands strict proof thereof.

2.    This Defendant denies the allegations of Paragraph 2, further adopting it's concurrently filed Motion to Strike Claim for Punitive Damages.

JURISDICTION AND VENUE

3.    This Defendant is without knowledge of the allegation set forth in Paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.

4.    This Defendant is without knowledge of the allegation set forth in Paragraph 4 of Plaintiff's Complaint and demands strict proof thereof.

5.   This Defendant admits that it is a Delaware Corporation but is without knowledge of the balance of the allegations set forth in Paragraph 5 of Plaintiff's Complaint, including subparts (a), (b) and (c) and demands strict proof thereof.

6.   This Defendant is without knowledge of the allegation set forth in Paragraph 6 of Plaintiff's Complaint and demands strict proof thereof.

7.   This Defendant is without knowledge of the allegation set forth in Paragraph 7. of Plaintiff's Complaint and demands strict proof thereof.

8.   This Defendant denies that venue is proper in the Southern District of Florida, noting the underlying collision occurred in the Bahamas and noting that the Bahamian Courts, in part, have already seized jurisdiction over certain segments of the underlying collision.

## RELEVANT FACTS

9.   This Defendant is without knowledge of the allegation set forth in Paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

10.  Denied.

11.  Denied.

12.  Denied.

13.  Admitted.

14.  Admitted.

15.  This Defendant admits that a collision occurred with the Tropic Breeze on December 23 but denies that same was attributable to the Captain's negligence.

16.  This Defendant is without knowledge of the allegation set forth in Paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17.  This Defendant is without knowledge of the allegation set forth in Paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18. This Defendant is without knowledge of the allegation set forth in Paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19. This Defendant is without knowledge of the allegation set forth in Paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

20. This Defendant is without knowledge of the allegation set forth in Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21. Admitted.

22. Denied.

23. Denied.

24. Admitted, noting that certain but not all crew members requested medical evaluation post docking.

25. Admitted.

26. Denied.

27. Denied.

28. Admitted that the First Officer took over docking of the yacht but denied as to all other allegations set forth in the paragraph.

29. Admitted.

30. Admitted.

31. This Defendant is without knowledge of the allegation set forth in Paragraph 31 of Plaintiff's Complaint and demands strict proof thereof.

32. This Defendant is without knowledge of the allegation set forth in Paragraph 32 of Plaintiff's Complaint and demands strict proof thereof.

33. This Defendant is without knowledge of the allegation set forth in Paragraph 33 of Plaintiff's Complaint and demands strict proof thereof.

34. Denied.

35. This Defendant is without knowledge of the allegation set forth in Paragraph 35 of Plaintiff's Complaint and demands strict proof thereof.

36. Denied

37. Denied as to legal entitlement to unearned wages.

## COUNT I
## FAILURE TO PROVIDE PROMPT AND ADEQUATE MAINTENANCE AND CURE AND WAGES AGAINST UTOPIA YACHTHING, LLC

38. Denied as phrased.

39. Admitted.

40. Denied.

41. Denied.

42. This Defendant is without knowledge of the allegation set forth in Paragraph 42 of Plaintiff's Complaint and demands strict proof thereof.

## COUNT II
## JONES ACT NEGLIGENCE AGAINST UTOPIA YACHTING, LLC

43. Admitted.

44. Denied.

45. Denied

    45(a) Denied.

    45(b) Denied.

    45(c) Denied.

    45(d) Denied.

    45(e) Denied.

    45(f) Denied.

    45(g) Denied.

    45(h) Denied.

46. Denied.

47. Denied.

## COUNT III
### UNSEAWORTHINESS AGAINST THE YACHT AND UTOPIA YACHTING LLC

48. Defendant admits that it owed a duty to its crew members to provide a seaworthy yacht but denies breaching said duty.

49. Denied.

50. Denied.

    50(a)   Denied.

    50(b)   Denied.

    50(c)   Denied.

    50(d)   Denied.

    50(e)   Denied.

    50(f)   Denied.

    50(g)   Denied.

    50(h)   Denied.

    50(i)   Denied.

    50(j)   Denied.

51. Denied.

52. Denied.

53. Denied.

## AFFIRMATIVE DEFENSES

1. As and for its First Affirmative Defense, this Defendant would state that the Bahamian Courts have exercised jurisdiction over these claims by virtue of the Defendant's Limitation of Liability {Commonwealth of the Bahamas, Supreme Court, Admiralty Division,

Admiralty in Rem 2021, COM/adm/ 00067 - The Owner and other Parties Interested in the Vessel M/Y Utopia and The Owner and other Parties Interested in the Vessels Tropic Breeze, Sun Gas, Ocean Breeze, Atlantic Sun and Brad Sun} and that this Court accordingly lacks Jurisdiction over this claim, noting that any appearance in this action shall not be a waiver of any future Motion challenging jurisdiction or any Motion or Order staying these proceedings.

2.  As and for its Second Affirmative Defense, this Defendant asserts its right to Exoneration from or Limitation of Liability pursuant to 46 U.S.C 30505, et. seq.

3.  As and for its Third Affirmative Defense, this Defendant asserts that Count I - FAILURE TO PROVIDE PROMPT AND ADEQUATE MAINTENANCE AND CURE AND WAGES AGAINST UTOPIA YACHTING LLC fails to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12 (b) (6) where the Plaintiff, an "at will" employee at the time of his injury, has been and continues to be to be promptly and adequately paid the maintenance, cure and wages through the end of the voyage during which he was injured and should, therefore, be dismissed.

4.  As and for its Fourth Affirmative Defense, this Defendant asserts that Count II - JONES ACT NEGLIGENCE AGAINST UTOPIA YACHTING LLC fails to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12 (b) (6) where the Defendant was not negligent and acted with reasonable care in the operation and maintenance of the *Utopia IV* and should, therefore, be dismissed.

5.  As and for its Fifth Affirmative Defense, this Defendant asserts that Count III - UNSEAWORTHINESS AGAINST THE YACHT AND UTOPIA YACHTING LLC fails to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12 (b) (6) where the *Utopia IV* was seaworthy in all respects and the Defendant exercised due diligence to make and maintain the *Utopia IV* seaworthy in all respects and should, therefore, be dismissed.

6. As and for its Sixth Affirmative Defense, this Defendant would assert that Plaintiff's claim for failure to provide prompt and adequate maintenance and cure fails, in whole or in part, due to the Plaintiff's repeated failure to provide critical information to the Defendant, including but not limited to failure to provide requested diagnostic records, treatment plans, progress reports, invoices, billing records, and/or releases from his medical treaters and care providers such that any delay in payments or treatment (which delays are denied) are the direct and proximate result of the Plaintiff's actions and such that the Defendant was deprived of the opportunity to fully investigate Plaintiff's claims.

7. As and for its Seventh Affirmative Defense, this Defendant would assert that Plaintff's claims fail, in whole or in part, due to his repeated abusive behavior, threats and refusal to cooperate with those charged with administrating his medical treatment and cure, including but not limited to Plaintiff's refusal to authorize his treaters' billing departments to communicate with the Defendant's representatives to coordinate payments, such that any delay in payments or treatment (which delays are denied) are the direct and proximate result of the Plaintiff's actions.

8. As and for its Eighth Affirmative Defense, this Defendant would assert that Plaintff's claims fail, in whole or in part, due to his harassment of and threats asserted against lawyers for, personnel of, and the ultimate beneficial owner of the M/Y *Utopia IV*.

9. As and for its Ninth Affirmative Defense, this Defendant would state that the Plaintiff has failed to allege facts sufficient to sustain a claim for Punitive Damages and or a basis for a Punitive Damage claim and that the Plaintiff has failed to properly plead for such entitlement.

10. As and for its Tenth Affirmative Defense, Defendant would state that Plaintiff has reached maximum medical improvement, as evidenced by his ability to return to work and

his June 2022 employment as a temporary second engineer aboard the motor yacht, *Nita K II,* specifically signing on for a rigorous transatlantic crossing.

11. As and for its Eleventh Affirmative Defense, Defendant would state that Plaintiff's refusal to provide fundamental biographical information, including items as basic as his home address, precludes his ability to assert the claims delineated in his Complaint including but not limited to his claims for delays in payments or treatment (which delays are denied) that are the direct and proximate result of those actions by the Plaintiff.

12. As and for its Twelfth Affirmative Defense, Defendant would state that Plaintiff repeatedly reviewed and rejected the Defendant's offer of employment set forth in its Employment Contract when it was presented to the Plaintiff at the commencement of his employment and again on December 23, 2021 immediately following the collision during which the Plaintiff was allegedly injured, and that the Plaintiff instead elected to join and remain aboard the *Utopia IV* as an "at will" employee, precluding his claims for unearned wages beyond the end of the subject voyage during which he was injured (noting that he was paid his full wage though the end of the subject voyage including payment during his return home).

13. As and for its Thirteenth Affirmative Defense, Defendant would state that Plaintiff has and continues to supply misinformation to various marine gossip outlets in an attempt to unfairly influence public opinion against the Defendant while concurrently enhancing his litigation strategy to try his case to the media rather than a court of competent jurisdiction.

14. As and for its Fourteenth Affirmative Defense, Defendant would state Plaintiff's claims fail, in whole or in part, by the Doctrine of Unclean Hands evidenced by both his feeding misinformation to receptive media (esyssman and others) and his recruitment of other crew members to file frivolous actions to enhance his own litigation goals.

15. As and for its Fifteenth Affirmative Defense, Defendant would state Plaintiff's claims fail, in whole or in part, by virtue of his attempted Extortion of the Defendant by threatening to "*publish a book and a movie*" about the ultimate beneficial owner's company and business which Plaintiff has more specifically described as "*a 150 page nonfiction novel called Market Utopia Crash*" - "*after the trial*." if his extortionist settlement demands were not paid.

16. As and for its Sixteenth Affirmative Defense, Defendant would state that in the absence of an employment contract, Defendant's legal obligation with respect to wages is to pay an injured seaman through the end of the voyage – which it has done – precluding any claim for unearned wages since Plaintff's status is one of an "at will" employee.

17. As and for its Seventeenth Affirmative Defense, the Defendant affirmatively states that Plaintiff has been paid Maintenance at a rate of $75.00 per day, for each and every day since he returned home following his alleged injury vitiating and voiding any claim for unpaid Maintenance, noting that Plaintiff continues to receive daily Maintenance payments through the date of this filing.

18. As and for its Eighteenth Affirmative Defense, the Defendant affirmatively states that each and every invoice submitted for medical treatment since his alleged injury has been paid, including reimbursement of any out of pocket payments and co-payments and any mileage to and from each medical appointment he submitted (notwithstanding the fact that Plaintiff has steadfastly refused to provide his home address enabling the Defendant to verify to milage reimbursements submitted), vitiating and nullifying any claim for unpaid Cure.

19. As and for its Nineteenth Affirmative Defense, the Defendant would state that the Plaintiff's comparative fault reduces and/or vitiates his claim for permanent injuries resulting from the subject collision.

20. As and for its Twentieth Affirmative Defense, the Defendant would state that Plaintiff seeks compensation for pre-exiting injuries and/or genetic predispositions which are not attributable to the subject collision.

21. As and for its Twenty-First Affirmative Defense, the Defendant would state that the Plaintiff's employment aboard the *Nita K II* exacerbated the injuries for which he seeks compensation herein, abrogating and terminating his right to continue to receive Maintenance and Cure form the Defendant.

22. As and for its Twenty-Second Affirmative Defense, the Defendant would state that the Plaintiff's failure to comply with his treating medical providers' orders, treatment plans and/or restrictions exacerbated the injuries for which he seeks compensation herein and/or delayed the Plaintiff's recovery, including but not limited to Plaintiff's employment as a second engineer aboard the *Nita K III* during a transatlantic crossing in direct contravention of his treatment providers' restrictions, abrogating and terminating his right to continue to receive Maintenance and Cure form the Defendant.

23. As and for its Twenty-Third Affirmative Defense, the Defendant would state that the Plaintiff has failed to allege a factual or statutory basis for his claim for attorney's fees.

24. As and for its Twenty-Fourth Affirmative Defense, the Defendant would state that Plaintiff has repeatedly and willfully attempted to impede the Defendant's administration of his Cure claim for not only failing to cooperate with the Third-Party Administrator of his claim, Medical Solutions Services, but also by threatening and harassing multiple Medical Solutions Services employees, such that any delay in payments or treatment (which delays are denied) are the direct and proximate result of the Plaintiff's actions.

25. As and for its Twenty-Fifth Affirmative Defense, this Defendant affirmatively pleads the active negligence / negligent acts of the owners and crew of the m/v *Tropic Breeze* by, inter alia, not repairing its broken AIS for eleven months, running with only one of its two

radars engaged, by failing to monitor a known radar blind spot, causing and or contributing to the collision in issue.

26. As and for its Twenty-Sixth Affirmative Defense, this Defendant asserts to due to the known active negligence of the owners and crew of the m/v *Tropic Breeze* (as alleged in its Twentieth Affirmative Defense), the Plaintiff has failed to join an indispensable party.

27. As and for its Twenty-Seventh Affirmative Defense, this Defendant affirmatively asserts that this Court lacks subject matter jurisdiction over this claim by virtue of the fact that all events detailed in Plaintff's Complaint arise from a collision in Bahamian Waters, further noting that the Bahamian Court have already accepted filings / jurisdiction over the Defendant's Limitation of Liability and Collision actions.

28. As and for its Twenty-Eighth Affirmative Defense, this Defendant asserts that it is entitled to setoffs for payments for any benefits from any collateral source, including benefits from the Country of Canada of where the Plaintiff, upon information and belief, holds a valid passport in addition to his US passport.

29. As and for its Twenty-Ninth Affirmative Defense, this Defendant would state that the Plaintff's acceptance of employment aboard the *Nita K II* evidences both his full recovery and his ability to return to work, including his affirmative representation to said vessel's owners that he was fit for duty abord that vessel. In the alternative, Plaintff's employment aboard the *Nita K II* exacerbated his pre-exiting injuries rendering that vessel liable for ongoing Maintenance and Cure.

30. As and for its Thirtieth Affirmative Defense, Plaintff's current symptoms are the direct and proximate result of his employment aboard the *Nita K II* rendering that vessel and her owner responsible for all future medical care.

31. As and for its Thirty-First Affirmative Defense, this Defendant would state that Plaintiff failed to mitigate his damages, if any, thus precluding or diminishing the Plaintiffs'

recovery herein to the extent such mitigation would have diminished or avoided Plaintiffs' alleged losses and injuries.

32. As and for its Thirty-Second Affirmative Defense, this Defendant would state that Plaintiff failed to mitigate his damages by repeatedly refusing to timely produce itemized bills for covered medical expenses and failing to cooperate with the claims submission process for his employer provided health insurance policy resulting in a loss of coverage for medical expenses that would have been otherwise covered but for Plaintiff's actions, thus precluding or diminishing the Plaintiff's recovery for those alleged losses.

33. As and for its Thirty-Third Affirmative Defense, this Defendant would state that the Plaintiff is barred from recovering all damages or medical expenses that were not actually incurred, including but not limited to those billed but discounted or written-off, and that any verdict in the instant action for past, present or future medical care, should be reduced by the amount that any such expense has, or will with reasonable certainty, been discounted or written-off.

34. As and for its Thirty-Fourth Affirmative Defense, this Defendant would state that it reserves its right to add Additional Affirmative Defense as discovery in this action progresses.

Dated this 6th day of January 2023.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on 6th day of January 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for

those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST**

MOORE & COMPANY, P.A.
Kavan Vartak, Esq.
Michael T. Moore, Esq.
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email: kvartak@moore-and-co.com
Email: michael@moore-and-co.com
***Attorneys for Plaintiff Eric Ward***

| | |
|---|---|
| | Campbell Johnston Clark, LLP |
| | 2600 Douglas Road |
| | Suite 508 |
| | Coral Gables, FL  33134 |
| | Tel. : 786-204-3784 |
| | Email: neil@cjclaw.com |
| | Email: chase@cjclaw.com |
| | Email: cindy@cjclaw.com |
| | Email : nadia@cjclaw.com |
| By: | ___/s/   Neil   Bayer_____ |
| | Neil Bayer, Esq. |
| | Fla. Bar No.: 615684 |
| | Chase Alexandra Jansson, Esq. |
| | Fla. Bar No.: 1002265 |