UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-23847-CIV-SCOLA/GOODMAN

ERIC WARD,

    Plaintiff,

v.

M/Y UTOPIA IV, Official No. 1305829, MMSI No. 339328000, her engines, tackle, gear, appurtenances, etc., *in rem*, UTOPIA YACHTING LLC, *in personam*

    Defendants.
_____/

## INTERVENING VERIFIED COMPLAINT OF SEAMAN NIKITA HUTTEN

Intervening Plaintiff, NIKITA HUTTEN ("Hutten"), by and through her undersigned counsel and pursuant to Rule 24 of the Federal Rules of Civil Procedure hereby sues Defendants in Intervention, M/Y UTOPIA IV and UTOPIA YACHTING LLC and alleges:

### PRELIMINARY STATEMENT

1. This is an action for Jones Act negligence, unseaworthiness and unpaid maintenance and cure brought by Ms. Hutten, who was the Second Stewardess onboard the 175.8-foot Rossinavi Motor Yacht "M/Y UTOPIA IV" (the "Yacht").

2. Intervening Plaintiff seeks a trial by jury to recover the amounts due for Jones Act negligence, unseaworthiness and maintenance and cure, consequential damages, attorneys' fees and costs, and punitive damages.

### JURISDICTION AND VENUE

3. Intervening Plaintiff Hutten is a Jones Act seaman within the meaning of 28 U.S.C. §1916 and can file suit without pre-paying filing fees or costs.

1

4. Intervening Plaintiff Hutten is an Australian citizen.

5. UTOPIA YACHTING LLC ("Utopia"), is the record owner of the M/Y Utopia IV and the Jones Act Employer of Intervening Plaintiff Hutten and is a corporation formed under the laws of Delaware, and is subject to jurisdiction in this state pursuant to Fla. Stat §§ 48.193 because Defendant personally or through an agent:

   a. Operated, conducted or engaged in or carried on a business venture in this state and/or county including operating its primary asset, the Yacht in this State; hired employees in this state; entered into contracts in this state; and purchased provisions and fuel for the Yacht in this state.

   b. Engaged in substantial and not isolated activity within this state, by, among other things operating its primary asset, the Yacht in this State; hired employees in this state; entered into contracts in this state; and purchased provisions and fuel for the Yacht in this state.

   c. Committed tortious acts within this state including negligently injuring Intervening Plaintiff Hutten and failing to pay maintenance, cure and wages owed to Hutten.

6. This Court's personal jurisdiction over Utopia, comports with the right to due process under the Due Process clause of the Fourteenth Amendment to the U.S. Constitution as Utopia, has established sufficient "minimum contacts" with the state of Florida and the exercise of this jurisdiction over the Yacht and Utopia would not offend "traditional notions of fair play and substantial justice."

7. Utopia's contacts in Florida 1) are related to the Intervening Plaintiff's causes of action or have given rise to it; 2) involve some purposeful availment of the privilege of

conducting activities within the forum, thereby invoking the benefits and protections of its laws; 3) are such that it should reasonably anticipate being haled into court here. As stated herein, Utopia owned vessels, including the M/Y UTOPIA IV, and hired seamen, crew, captains, and other workers to work for Utopia, aboard its vessels. Utopia, then failed to pay wages, as agreed, to the Intervening Plaintiff for work performed on the Yacht as a crewmember.

8. In determining whether conferring jurisdiction would offend "traditional notions of fair play and substantial justice," courts weigh the burden on the defendant, the interests of the forum, and the plaintiff's interest in obtaining relief. *Sculptchair,* 94 F.3d at 631. Utopia should not escape Florida's judicial system for failing to pay wages and contractual benefits to the seaman employees it hired for work aboard its vessel in Florida.

9. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 because this is a claim for Jones Act negligence, unseaworthiness and maintenance and cure arising under the general maritime law of the United States.

10. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00 USD), exclusive of interest, attorneys' fees, and costs, and is between citizens of different states.

11. Venue is proper in the Southern District of Florida pursuant §1391(b)(2) because a substantial portion of the events at issue occurred in this District, including but not limited to: the failure to pay maintenance and cure occurred in part in this District; the Intervening Plaintiff was hired by the Defendant in this District; the Defendants reside in the district.

## RELEVANT FACTS

12. On or about December 17, 2021, Intervening Plaintiff Hutten joined the Yacht as the Second Stewardess in the Bahamas.

13. On December 19, 2021, the charter guests board the Yacht in Nassau, Bahamas.

14. On night of December 23, 2021, the Yacht collided with the Tropical Breeze, a gasoline tanker ("Tropical Breeze"), off the coast of the Bahamas due to the Captain's negligence.

15. On the night of the incident, Intervening Plaintiff Hutten was assisting with the charter guest's dinner service.

16. The Yacht began underway to its next location during dinner service.

17. After dinner service, Intervening Plaintiff Hutten entered the Galley to assist the Chef and Sam Parrot, the deckhand in cleaning up.

18. During the collision, Intervening Plaintiff Hutten was standing between a wall and a countertop in the Galley.

19. As the collision occurred, the wall that Intervening Plaintiff was standing near became dislodged and crashed into the countertop where Intervening Plaintiff had been standing moments before.

20. As Intervening Plaintiff Hutten was reaching for the sink, she was thrown over the countertop by the force of the collision, causing injuries to her abdomen and causing whiplash and severe pain.

21. Additionally, a nearby Yacht, the M/Y Amara came by to assist in the rescue operations and delivered the Tropical Breeze's crew members to shore.

22. After the rescue operation was completed, the Yacht made its way to Nassau, Bahamas.

23. After returning home, Intervening Plaintiff started receiving treatment for her injuries.

24. Plaintiff Intervening Hutten was eventually diagnosed with injuries such as whiplash, abdominal bruising, strains and PTSD.

25. The Yacht to date has inexplicably not paid Intervening Plaintiff Hutten's medical expenses or wages as part of her cure benefits and wages as a seaman.

## COUNT I

### FAILURE TO PROVIDE PROMPT AND ADEQUATE MAINTENANCE AND CURE AND WAGES AGAINST UTOPIA YACHTING LLC

Intervening Plaintiff readopts and re-alleges paragraphs 1 through 25 and further alleges:

26. Under the General Maritime Law, Intervening Plaintiff, as a seaman, is entitled to recover maintenance and cure from Utopia until she is declared to have reached maximum possible cure. This includes unearned wages, (regular contract wages, overtime, vacation pay, and tips), which are reasonably anticipated by the end of the contract or voyage, whichever is longer.

27. Upon Intervening Plaintiff being injured in the service of the Yacht, it became the duty of Utopia to furnish Intervening Plaintiff with maintenance until such time as she reaches maximum cure without any delays.

28. Utopia has repeatedly and inexcusably delayed paying maintenance and cure for a period of time after her injury and prior to the point that Intervening Plaintiff reached maximum medical cure.

29.     Defendant's delay, failure and/or refusal to pay Intervening Plaintiff's maintenance, cure, and wages is, moreover, willful, arbitrary, capricious, and in disregard of the Intervening Plaintiff's rights as a seaman.

30.     As a result, Intervening Plaintiff suffered harm, including, without limitation, bodily injury, emotional distress, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical treatment, loss of earnings, loss of services, loss of ability to earn money and/or aggravation of a previously existing condition. One or more of the losses are permanent and/or continuing, and Intervening Plaintiff will suffer the losses in the future.

**WHEREFORE**, Intervening Plaintiff demands judgment against UTOPIA YACHTING LLC together with any and all compensatory and punitive damages, statutory interest as permitted, pre-judgment interest as permitted, attorney's fees as permitted, costs as permitted and any other relief that this Court deems proper.

## COUNT II

### JONES ACT NEGLIGENCE AGAINST UTOPIA YACHTING LLC

Intervening Plaintiff incorporates by reference paragraphs 1 through 25 above as though fully incorporated herein.

31.     At all times material, UTOPIA YACHTING LLC was the Intervening Plaintiff's Jones Act Employer for the Yacht and had a fundamental, absolute, and non-delegable duty under the Jones Act, 46 U.S.C § 30104, to provide the Intervening Plaintiff with a reasonably safe place to work and use ordinary care to maintain the Yacht in a relatively safe condition.

32.     Utopia is liable for any injury resulting in whole or in part from its negligence or the negligence of its, agents, or employees.

33. Intervening Plaintiff's multiple injuries were due to the negligence of Utopia and/or its agents, servants, and/or employees, including, without limitation, caused in one or more of the following ways:

   a. Negligently failing to train crewmembers in safe working practices;
   b. Negligently failing to provide a reasonably safe environment for Intervening Plaintiff to work in;
   c. Negligently failing to provide for adequate rest time for the crew members;
   d. Negligently failing to have a properly trained look out while the Yacht is under navigation;
   e. Negligently failing to have proper training on lookout procedures;
   f. Negligently failing to train the Captain to not leave the Yacht's bridge during his watch;
   g. Negligence of the Captain to leave the Bridge with an untrained crew member on watch;
   h. Negligently causing the collision that led to the Intervening Plaintiff's injuries;
   i. Failing to provide required lifesaving equipment;

34. The foregoing negligence caused the Intervening Plaintiff to suffer serious injuries, which requires and continues to require medical care and attention. Intervening Plaintiff's injuries are permanent in nature.

35. As a further direct and proximate result of the above-described negligence of Utopia, Intervening Plaintiff has in the past and will in the future suffer and incur the damages including: cost and expense of medical care, attention and treatment, the cost of travel necessary to secure said medical care; loss of services, loss of earnings and a loss or impairment of earning

capacity and working ability; pain and suffering, mental anguish, disfigurement, disability, inconvenience and loss of enjoyment of life.

**WHEREFORE**, Intervening Plaintiff, NIKITA HUTTEN, demands judgment against the Defendant, UTOPIA YACHTING LLC, and further requests this Court award her damages for her injuries that were caused by the Defendants, the costs incurred by the Intervening Plaintiff in bringing this action, and any such other remedy and relief as this Court may deem just and appropriate.

## COUNT III

**UNSEAWORTHINESS AGAINST THE YACHT AND UTOPIA YACHTING LLC**

Intervening Plaintiff incorporates by reference paragraphs 1 through 25 above as though fully incorporated herein.

36. Defendants owed Intervening Plaintiff a duty to provide her with a seaworthy Yacht, and it breached this duty, as set forth below.

37. The unseaworthiness of the Defendant's Yacht was a legal cause of injury and damage to Intervening Plaintiff.

38. The Yacht was unsafe and unfit due to conditions created by Defendant's conduct, including but not limited to:

   a. Failure to provide a capable and competent crew;

   b. Failure to provide a reasonably safe environment for Intervening Plaintiff to work in;

   c. Failure to provide for adequate rest time for the crew members;

   d. Failure to have a properly trained look out while the Yacht is under navigation;

   e. Failure to have proper training on lookout procedures;

    f.    Failure to train the Captain to not leave the Yacht's bridge during his watch;

    g.    Negligently causing the collision that led to the Intervening Plaintiff's injuries;

    h.    The Yacht's crew was not properly trained, instructed or supervised;

    i.    Failing to provide required lifesaving equipment.

39.    Due to Defendant's actions or omissions, the unseaworthiness of the Yacht played a substantial part in bringing about or actually caused harm to the Intervening Plaintiff.

40.    The harm caused to the Intervening Plaintiff was either a direct result or reasonably probable consequence of the unseaworthiness of the Yacht.

41.    As a direct and proximate result of the above-described unseaworthiness of Defendant's Yacht, Intervening Plaintiff has in the past and will in the future suffer and incur the damages including: cost and expense of medical care, attention and treatment, the cost of travel necessary to secure said medical care; loss of services, loss of earnings and a loss or impairment of earning capacity and working ability; pain and suffering, mental anguish, disfigurement, disability, inconvenience and loss of enjoyment of life.

**WHEREFORE**, Intervening Plaintiff, NIKITA HUTTEN, demands judgment against the Defendants Utopia and the Yacht and further requests this Court award her damages for her injuries that were caused by the Defendants, the costs incurred by the Intervening Plaintiff in bringing this action, and any such other remedy and relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Intervening Plaintiff demands a trial by jury of any issue triable of right by a jury.

Dated: February 23, 2023                    Respectfully Submitted,

**MOORE & COMPANY, P.A.**
*Counsel for Intervening Plaintiff*
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email:  kvartak@moore-and-co.com
Email:  michael@moore-and-co.com

s/ Kavan Vartak
Kavan Vartak, Esq.
Florida Bar #1017058
Michael T. Moore
Florida Bar #207845

## VERIFICATION

I, __Nikita Hutten__, hereby submit this verification of the attached complaint and being duly sworn affirm that;

1. My name is __Nikita Hutten__, and I am over 18 years of age.
2. I was hired to work on the M/Y UTOPIA IV as seaman/crewmember and this Verification is made in this capacity.
3. I am familiar with the M/Y UTOPIA IV and the services that I provided to the Vessel as a seaman/crewmember.
4. I have read the attached "Verified Complaint of Nikita Hutten" (the "Nikita Hutten Complaint").
5. I affirm the facts alleged in the Nikita Hutten Complaint are true and correct based on my personal knowledge and upon information and belief.

UNDER PENALTY OF PERJURY, UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I DECLARE THAT I HAVE READ THE FOREGOING AND THE FACTS ALLEGED THEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Executed this __22nd__ day of February, 2023 at __Staniel Cay__ (city), __Exumas__ (state), __Bahamas__ (country).

Signature: _____

Print Name: Nikita Hutten

Position: Second Stewardess