UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-23847-CIV-SCOLA/GOODMAN

ERIC WARD,

    Plaintiff,

v.

M/Y UTOPIA IV, Official No. 1305829, MMSI No. 339328000, her engines, tackle, gear, appurtenances, etc., *in rem*, UTOPIA YACHTING LLC, *in personam*

    Defendants.

_____/

## MOTION TO DISMISS COUNTERCLAIMS AGAINST RYAN FITZGERALD

Intervening Plaintiff, RYAN FITZGERALD ("Intervening Plaintiff" or "Fitzgerald"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby makes this Motion to Dismiss, and states:

### INTRODUCTION

1. On January 24, 2023, Intervening Plaintiff Fitzgerald, as Bosun of the M/Y UTOPIA ("Yacht") filed his Unopposed Motion to Intervene for his personal injury claims against the Yacht and UTOPIA YACHTING LLC ("Utopia" or "owner") under the theories of Jones Act Negligence and Unseaworthiness. [DE 25]

2. On January 26, the Court granted the Motion to Intervene and the same day, Intervening Plaintiff Fitzgerald filed his Verified Complaint against the Yacht and Utopia. [DE 31]; [DE 35].

3. On February 22, 2023, Utopia and the Yacht each filed their separate Answer and Counterclaims against Intervening Plaintiff Fitzgerald, claiming Indemnity and Contribution. [DE 40]; [DE 41].

4. Intervening Plaintiff Fitzgerald now makes this motion to dismiss the Yacht's and Utopia's Counterclaim, [DE 40] and [DE 41] pursuant to Fed. R. Civ. P. 12(b)(6) as the Yacht and Utopia, as the owner cannot claim their liability under the Jones Act and Unseaworthiness is vicarious, derivative or constructive or because they are non-negligent tortfeasors.

## ARGUMENT

**A. M/Y Utopia and Utopia Yachting LLC cannot state a claim for indemnity and contribution against seaman Fitzgerald**

Admiralty law has restricted contribution and indemnity claims to four narrow situations which include:

> (1) a vicariously liable or nonnegligent tortfeasor is entitled to indemnity from a codebtor guilty of actual fault (see *Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*, 761 F.2d 229, 236 (5th Cir.1985)); (2) the user of a defective product that injured the plaintiff is entitled to recover indemnity from the manufacturer of the product (id.); (3) a vessel can recover indemnity from a stevedore who breaches a contractually implied warranty of workmanlike performance (see *Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp.*, 350 U.S. 124, 76 S. Ct. 232, 100 L. Ed. 133 (1956)); and (4) express contractual indemnity agreements (*see American Stevedores v. Porello*, 330 U.S. 446, 67 S. Ct. 847, 91 L. Ed. 1011 (1947)).

*Ondimar Transportes Maritimos, Ltda v. Beatty St. Props.*, No. H-07-1223, 2008 U.S. Dist. LEXIS 28, at *20 (S.D. Tex. Jan. 2, 2008).

As the Court in *Ondimar* stated "[i]ndemnity between liable maritime tortfeasors is now available only 'where proportionate degrees of fault cannot be measured and determined on a rational basis". *Hardy v. Gulf Oil Corp.,* 949 F.2d 826, 833 (5th Cir. 1992) (quoting *United States v. Reliable Transfer Co.,* 421 U.S. 397, 405, 95 S. Ct. 1708, 44 L. Ed. 2d 251 (1975)).

2

The Court in *Leger v. Drilling Well Control, Inc.*, 592 F.2d 1246, 1248 (5th Cir. 1979) applied *Reliable Transfer Co* to apply to non-collision personal injury cases, much like the case at issue with this Court. *Reliable Transfer*

> reasoned that it is unfair to allocate damages equally where fault was not equal. In addition, "(a) rule that divides damages by degree of fault would seem better designed to induce care . . . because it imposes the strongest deterrent upon the wrongful behavior that is most likely to cause harm." *Reliable Transfer Co.*, 421 U.S. at 405 n.11. The reasoning of *Reliable Transfer* loses none of its cogency in the context of a non-collision personal injury case.

*Leger*, 592 F.2d at 1248[1] ("When two or more parties have contributed by their fault to cause injury to another, the liability for such damage is to be allocated among the parties proportionately to the comparative degree of their fault").

As will be explained, none of the four narrow theories exist to allow Utopia and the Yacht to make a claim for indemnity and contribution against Intervening Plaintiff Fitzgerald. Utopia and the Yacht are not liable only under theories of vicarious liability and they are not nonnegligent tortfeasors. Instead, each are ordinary defendants "that owes the plaintiff damages only if the jury agrees that it was negligent. An ordinary defendant, such as BOS, is adequately protected under the comparative negligence system." *Hardy*, 949 F.2d at 833 (Holding that the Defendant, BOS, is not vicariously liable when sued for unseaworthiness and Jones Act negligence). Since Utopia and the Yacht were directly and strictly liable under the Jones Act and unseaworthiness, Plaintiff Fitzgerald is not a stevedore and does not have any contractual indemnity agreements with the Defendants and since the case at issue is not about a defective product, none of the four remaining theories apply to the Defendants under admiralty law. *Id.*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Thus the counterclaims for indemnity and contribution from Utopia and the Yacht must be dismissed for a failure to state a claim.

### B. Utopia and the Yacht owes an absolute non-delegable duty to Intervening Plaintiff Fitzgerald

Jones Act negligence and unseaworthiness are not claims of vicarious liability but rather are of direct liability through an absolute non-delegable duty the Yacht and Utopia owe to its crew. Contrary to Utopia and the Yacht's assertions in their counterclaims, it is Utopia and the Yacht who owe a direct, absolute and non-delegable duty to Intervening Plaintiff Fitzgerald to "furnish the employee with safe appliances and a safe place to work" which "is nondelegable and not qualified by the fellow servant rule". *Mahnich v. S. S.S. Co.*, 321 U.S. 96, 102 (1944); *see also Deakle v. John E. Graham & Sons*, 756 F.2d 821, 824 (11th Cir. 1985) ("Under well-established maritime law, a shipowner has an absolute, nondelegable duty to ensure that its vessels are seaworthy. This duty encompasses the obligation to provide a competent crew for each vessel, a crew composed of seamen of equal temperament, disposition, and seamanship to ordinary men in the calling").

Put in other terms, "a ship owner is **strictly liable** for personal injuries caused by his or her vessel's unseaworthiness". *Baucom v. Sisco Stevedoring, LLC*, 560 F. Supp. 2d 1181, 1198 (S.D. Ala. 2008) ("There being an unseaworthy condition, Sisco, as the vessel's owner, "is strictly liable for personal injuries caused by his or her vessel's unseaworthiness."); *See also Taylor v. Teco Barge Line, Inc.*, 517 F.3d 372, 383 (6th Cir. 2008). As Utopia and the Yacht are strictly liable for the unseaworthy conditions aboard the Yacht, their counterclaims for indemnity and contribution must be dismissed for a failure to state a claim as they fail to meet

one of the four narrow exceptions. *See Ondimar*, No. H-07-1223, 2008 U.S. Dist. LEXIS 28, at *20.

Furthermore, Utopia and the Yacht are not "non-negligent" tortfeasors as it is undisputed that the Yacht's Captain exited the yacht's bridge for a period before the collision, leaving an unlicensed bosun, Intervening Plaintiff Fitzgerald, unsupervised while he was on watch duty. [DE 40]; [DE 41]. As the Court in *Allen* stated "[b]ut because Seacoast's duty is a non-delegable one, the care used in the selection is irrelevant. Captain Dixon's failure to prevent an unseaworthy condition indeed, his creation of one is chargeable to Seacoast under this non-delegable responsibility". *Allen v. Seacoast Prods., Inc.*, 623 F.2d 355, 364 (5th Cir. 1980). Plaintiff Fitzgerald is not a US Coast Guard licensed captain and has no training or experience in navigating a yacht without supervision. The fact that the Yacht's captain left an untrained and unlicensed crew member alone in the bridge in of itself made the Yacht unseaworthy and thus Utopia and the Yacht breached their non-delegable duty to Intervening Plaintiff, thus preventing Utopia and the Yacht from claiming indemnity and contribution. *See Ondimar*, No. H-07-1223, 2008 U.S. Dist. LEXIS 28, at *20.

C. **A seaman only owes a slight duty to protect himself**

Crew members do not owe a non-delegable absolute duty to the Yacht or its owner. Instead, the Supreme Court held that it is the Yacht and the owner who owe that duty to the crew members. *See Mahnich*, 321 U.S. at 102; [DE 40]; [DE 41]. Due to the Yacht and its owner's non-delegable absolute duty to the crew members, the only duty a seaman has is to protect himself, which "is less than in an average working environment. "His duty is to do the work assigned, not to find the safest method of work. This is especially true when his supervisor . . . knows the working method used by the seaman, and does nothing about it." *Dempsey v. Mac*

5

*Towing, Inc.*, 876 F.2d 1538, 1543 (11th Cir. 1989); *see also Fontenot v. Teledyne Movible Offshore, Inc.*, 714 F.2d 17, 20 (5th Cir. 1983) (a seaman's duty to protect himself is slight).

Utopia and the Yacht's counterclaims for indemnity and contribution fail for these reasons as Intervening Plaintiff Fitzgerald's duty to protect himself was only slight and his greater duty was to do the work assigned. Utopia and the Yacht had the non-delegable absolute duty to provide Intervening Plaintiff Fitzgerald with a seaworthy vessel and thus this does not give rise to claims for indemnity and contribution under admiralty law.

### D. Seamans' duties are to follow orders

Intervening Plaintiff Fitzgerald does not owe any non-delegable duty to Utopia and the Yacht, but rather owes a slight duty to protect himself and owes a duty to follow his superior's orders. Utopia and the Yacht's counterclaims for indemnity and contribution fail even if the Court assumes that Intervening Plaintiff Fitzgerald was ordered by the Captain to navigate the Vessel without supervision. The *Brasea* court in 1979 held that "a seaman may not be contributorily negligent for carrying out orders that result in his own injury, even if he recognizes possible danger". *Williams v. Brasea, Inc.*, 497 F.2d 67, 73 (5th Cir. 1974). The *Brasea* Court explained that "[a] seaman's duty to obey orders from his immediate superior overrides the postulate that the seaman must delay execution of the order until he makes a reasonable effort to be sure that following the order will not" cause injuries. *Id.* The 4th Circuit expanded on this principle as it explained:

> The plaintiff was one of a gang of eight longshoremen working in the hold of the defendant ship. He had no responsibility for, or authority over, any of his fellow workers. **His duty was to do his work as he was instructed**. He was in no sense obligated to protest against the method of operation which he had been instructed to follow or to devise a safer method, nor was he obligated to call for additional or different equipment. **If the doctrine of seaworthiness means anything, it is totally repugnant to the doctrine of assumption of risk on the part of seamen.** The plaintiff in this case was at the very bottom of the hierarchy of command, and the effect of the charge was to place

>too much responsibility upon him for the over-all operations of the stevedore. The courts have held that where a seaman has a choice between a seaworthy or an unseaworthy part of a ship his use of the latter will not relieve the owner of his responsibility. *Palermo v. Luckenback Steamship Co., Inc.*, supra. Certainly if a seaman may deliberately choose an unseaworthy part of a ship without losing his right of recovery then he is under no obligation to complain about his orders or to insist on better equipment. Nor do we think that the error was cured by the Court's later reference to the doctrine of assumption of risk in that part of the charge relating to the issue of plaintiff's contributory negligence.

*Ballwanz v. Isthmian Lines, Inc.*, 319 F.2d 457, 462 (4th Cir. 1963).

Utopia and the Yacht's counterclaims for indemnity and contribution should be dismissed as Intervening Plaintiff Fitzgerald did not have any duty to delay, protest or refuse to carry out the captain's orders. Indeed, if the Court assumes that the Yacht's captain gave Intervening Plaintiff Fitzgerald, the Bosun, an order to navigate and control the Yacht alone in the bridge, Intervening Plaintiff Fitzgerald had a duty to obey that order, rather than to protest it as Utopia wrongly claims. *Id.*, see also *Babineaux v. Lykes Bros. S.S. Co.*, 608 So.2d 659, 662 (La. App. 3 Cir. 1992) (holding that a bosun had a duty to do his work as he is instructed). Had the Yacht's captain ordered Intervening Plaintiff Fitzgerald to navigate the Yacht alone, that would have placed "too much responsibility upon him for the over-all operations" of the Yacht and that order would have created an unseaworthy condition that Utopia and the Yacht would be strictly liable for creating. *See Ballwanz*, 319 F.2d at 462; *see also Baucom, LLC*, 560 F. Supp. 2d at 1198. For that reason and for the reasons stated in the preceding sections, the Defendant's counterclaims against Intervening Plaintiff Fitzgerald fail to state a claim and should be dismissed.

WHEREFORE, the Intervening Plaintiff Fitzgerald, respectfully requests this Honorable Court to enter an Order dismissing Utopia Yachting LLC and M/Y Utopia's Counterclaims [DE 40] and [DE 41] against Ryan Fitzgerald, and for such other and further relief this Court may deem just and proper.

Dated: March 29, 2023                             Respectfully Submitted,

>**MOORE & COMPANY, P.A.**
>*Counsel for Intervening Plaintiff*
>255 Aragon Avenue, 3rd Floor
>Coral Gables, Florida 33134
>Telephone: (786) 221-0600
>Facsimile: (786) 221-0601
>Email:  kvartak@moore-and-co.com
>Email:  michael@moore-and-co.com
>
>s/ Kavan Vartak
>Kavan Vartak, Esq.
>Florida Bar #1017058
>Michael T. Moore
>Florida Bar #207845

## LOCAL RULE 7.1(a)(3) CERTIFICATION

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised and which the opposing party does object to the relief sought.

>s/ Kavan Vartak
>Kavan Vartak, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 29, 2023 a true and correct copy of the foregoing was filed with the Court's electronic filing system, CM/ECF, which will send a notice of electronic filing to all counsel or parties of record.

>s/ Kavan Vartak
>Kavan Vartak, Esq.