UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-23847-CIV-SCOLA/GOODMAN

ERIC WARD,

    Plaintiff,

vs.

M/Y UTOPIA IV, Official No. 1305829,
MMSI No.339328000, her engines, tackle,
gear, appurtenances, etc., *in rem*,
UTOPIA YACHTING LLC, *in personam*,

    Defendants.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO FITZGERALD'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

Defendants, UTOPIA YACHTING, LLC, and the M/V UTOPIA IV, *in rem*, by and through their undersigned counsel, files this, their Response in Opposition to Ryan Fitzgerald's Motion to Dismiss Defendants' Counterclaims filed against him [DE 60] and, in opposition thereto, would show unto this Court:

1. On January 26, 2023, Intervenor RYAN FITZGERALD filed his Verified Complaint [DE 31] against the Defendants, UTOPIA YACHTING, LLC, and the M/V UTOPIA IV stating claims for Jones Act Negligence and Unseaworthiness arising from a yacht collision that occurred on December 23, 2021 between the *Utopia IV* and the M/V *Tropic Breeze*.

2. On February 22, 2023, Defendant / Counter-Plaintiff, M/Y UTOPIA IV, filed its Verified Counterclaim against Intervening Plaintiff Ryan Fitzgerald [DE 40] stating claims for Common Law Indemnity and Contribution arising from Intervenor Fitzgerald's negligence

in breach and dereliction of his duties that directly and proximately caused the above-described collision.

3. On February 22, 2023, Defendant / Counter-Plaintiff, UTOPIA YACHTING LLC, also filed its Verified Counterclaim against Intervening Plaintiff Ryan Fitzgerald [DE 41] stating claims for Common Law Indemnity and Contribution arising from Intervenor Fitzgerald's gross negligence and breach and dereliction of his duties that directly and proximately caused the above-described collision.

4. On March 29, 2023, Intervenor Plaintiff / Counter-Defendant, RYAN FITZGERALD, filed its Motion to Dismiss Defendants' Counterclaims [DE 60] seeking to dismiss both above-described counterclaims arguing that the Defendants are barred from stating a claim for indemnity and contribution against Fitzgerald by virtue of his position as a seaman aboard the *Utopia IV*.

5. Notwithstanding, it is the very breach and dereliction of his duties as a seaman aboard the *Utopia IV* that directly and proximately caused the Decemter 23, 2021 collision of the otherwise seaworthy vessel for which Intervenor Fitzgerald is seeking damages as is well-pled in the Defendants' Counterclaims against him.

6. Specifically, the Defendants Counterclaims allege that Intervenor Fitzgerald was working aboard the *Utopia IV* in his capacity as the Bosun at the time of the collision on December 23, 2021 during which he and the other Plaintiffs in these proceedings allege to have been injured. *See* [DE 40 ¶ 7]; [DE 41 ¶ 7].

7. Defendants Counterclaims allege that, as Bosun of the *Utopia IV*, Intervenor Fitzgerald was fully qualified to perform the duties he was assigned, including taking the wheel and temporarily assuming Captain Inglis' duties. *See* [DE 40 ¶ 11]; [DE 41 ¶ 11].

8. Defendants Counterclaims allege that, instead of following orders and maintaining a proper lookout, Intervenor Fitzgerald failed to perform the work assigned to him

in breach and dereliction of his duties to the vessel, her owners, her crew (including himself), and her passengers directly and proximately causing the December 23, 2021 collision. *See* [DE 40 ¶ 14-15, 20-21, 26-29]; [DE 41 ¶ 14-15, 20-21, 26-29].

9. Defendants Counterclaims allege that, but for Intervenor Fitzgerald's contravention of his assigned work and in breach and dereliction of his duties to the vessel, her owners, her crew (including himself), and her passengers, the December 23, 2021 collision would not have occurred and the Defendants would not have sustained the damages set forth in their Counterclaims. *See* [DE 40 ¶ 20-23, 26-32]; [DE 41 ¶ 26-32].

10. Further, Defendants Counterclaims expressly allege that the Defendants, Utopia IV and Utopia Yachting, are wholly without fault and that intervenor Fitzgerald is, himself, at sole fault for the December 23, 2021 collision and resulting damages. *See* [DE 40 ¶ 22, 31]; [DE 41 ¶ 22, 31].

11. Accordingly, it is respectfully submitted that the Defendants' Counterclaims set forth valid, well-pled claims for Contribution and Indemnity against Intervenor Ryan Fitzgerald and, therefore, Intervenor Plaintiff RYAN FITZGERALD's Motion to Dismiss Defendants' Counterclaims must be denied as a matter of law.

12. Should this Honorable Court disagree, the Defendants respectfully seek leave to amend their Verified Counterclaims in the alternative.

## MEMORANDUM OF LAW

### Applicable Legal Standard

"*Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)… The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).*" <u>Conti 11. Container Schiffahrts-GmbH & Co. KG M.S. MSC Flaminia v. New Orleans Terminal</u>, LLC, No. CV 15-3704, 2016 WL 409610, at *3 (E.D. La. Feb. 3, 2016).

In deciding a Motion to Dismiss, a plaintiff's claim should not be dismissed "*for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts*" that would entitle plaintiff to relief. *Berry v Florida International University Board of Trustees*, 2007 WL 2744611, S.D. Fla. 2007- COOKE), citing *Conley v Gibson*, 355 US 41, 48 (1957). In reviewing a defendant's Motion to Dismiss, the reviewing court must "*accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.*" *Id*. (citing *Scheur v Rhodes*, 416 US 232 (1974); *Peay v. Mortg. Elec.,* 514 Fed. Appx. 896, 897 (11th Cir. 2013); *Hunnings v Texaco, Inc.,* 29 F.3d 1480, 1483 (11th Cir. 1994).

A Motion to Dismiss does not test whether the plaintiff will ultimately prevail on the merits, but merely whether it has properly stated a claim. *Shopco Advisory Corp. v. Soffer*, 2006 WL 8433279, at *1 (S.D. Fla. 2006); *Crowell v. Morgan, Stanley, Dean Witter Services Co., Inc*., 87 F. Supp. 2d 1287, 1290 (S.D. Fla. 2000)("[T]*he threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low*.")(quoting *In re Southeast Banking Corp.*, 69 F. 3d 1539, 1551 (11th Cir. 1995)).

**A.     Utopia Yachting LLC and the M/V UTOPIA IV have stated valid Counterclaims for Contribution and Indemnity against Intervenor Ryan Fitzgerald who they have expressly alleged is at sole fault for the December 23, 2021 collision and resulting damages.**

Intervenor Fitzgerald's Motion to Dismiss concedes that admiralty law recognizes contribution and indemnity claims where a vicariously liable or nonnegligent tortfeasor is entitled to indemnity from a party guilty of actual fault. *Ondimar Transportes Maritimos, Ltda v. Beatty St. Props.*, No. H-07-1223, 2008 U.S. Dist. LEXIS 28, at *20 (S.D. Tex. Jan. 2, 2008). Although Intervenor Fitzgerald's Motion to Dismiss argues that the Defendants are not vicariously liable or nonnegligent tortfeasors entitled to indemnity from Fitzgerald for his actual fault (which was the sole, proximate and direct cause of the collision and resulting damages), that is exactly what the Defendants have alleged in their Counterclaims.

Specifically, Defendants' Counterclaims allege that Intervenor Fitzgerald caused the December 23, 2021 collision and resulting damages by negligently failing to follow orders and failing to perform the work he was assigned in breach and dereliction of his duties to the Defendants (as the vessel and her owners) without their privity or knowledge.

Defendants' Counterclaims expressly allege that that they were wholly without fault, that Intervenor Fitzgerald was at "*sole fault*" for the December 23, 2021 collision and that Fitzgerald's "*sole negligence triggered to damages being sought against*" the Defendants, who Fitzgerald and his co-Plaintiffs are seeking to hold vicariously liable as employers under the Jones Act in these proceedings. *See* [DE 40 ¶ 22, 31]; [DE 41 ¶ 22, 31].

Similarly, Defendants' Counterclaims allege that any liability for unseaworthiness claimed against them is the sole and proximate result of properly qualified Intervenor Fitzgerald's negligent breach and dereliction of his duties to the Defendants (the vessel and vessel owners) without their privity or knowledge. *See* [DE 40 ¶ 22, 31]; [DE 41 ¶ 22, 31].

If the Defendants are held liable for any unseaworthy condition solely created by Fitzgerald's breach and dereliction of his duties without their privity or knowledge and/or the Defendants are held vicariously liable for the same as Fitzgerald's employers under the Jones Act, the Defendants are certainly entitled to the indemnity and contribution they have sought in their Counterclaims under admiralty law under the legal standard set forth in Fitzgerald's own Motion to Dismiss. *See* Ondimar Transportes (citing Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA, 761 F.2d 229, 236 (5th Cir.1985).

Further, where the applicable legal standard requires this Honorable Court to "*accept all factual allegations in the complaint as true and construe them in the light most favorable to the* (Defendants/Counter-Plaintiff's)" when reviewing the sufficiency of their Counterclaims on a Motion to Dismiss, it is respectfully submitted that the Defendants' Counterclaims have properly stated a claim for Contribution and Indemnity and Fitzgerald's Motion to Dismiss

must be denied as a matter of law. *See* <u>Berry v Florida International University Board of Trustees</u>, *supra*. In the alternative, that the Defendants' respectfully seek leave to amend their Verified Counterclaims.

With that in mind, Paragraphs B through D of Fitzgerald's Motion to Dismiss simply raises a series of disputed material facts that must be construed in the light most favorable to the Defendants/Counter-Plaintiff's at this Motion to Dismiss stage of review

 **B.** **Defendants Counterclaims further alleged that they furnished Fitzgerald with a seaworthy vessel that was safe to work aboard but for Fitzgerald's own negligence and breaches and dereliction of his duties aboard the vessel as alleged in Defendants Counterclaims.**

Notwithstanding, Fitzgerald's allegations that he was not sufficiently qualified to man the bridge of the *Utopia IV* and his allegations that the Defendants' failed to "*furnish the employee with safe appliances and a safe place to work*" by tasking him with manning the bridge of the *Utopia IV* at the time of the December 23, 2021, both his credentials and the facts alleged in the Defendants' Counterclaims show otherwise.

As alleged in the Defendants Counterclaims, Intervenor Fitzgerald was fully qualified to perform the duties he was assigned, including taking the wheel and temporarily assuming Captain Inglis' duties. *See* [DE 40 ¶ 11]; [DE 41 ¶ 11]. Further, at all times material, the *Utopia IV* was seaworthy and safe place to work but for Intervenor Fitzgerald's negligent breach and dereliction of his duties to the Defendants (the vessel and vessel owners) without their privity or knowledge, for which the Defendants were wholly without fault. *See* [DE 40 ¶ 22, 31]; [DE 41 ¶ 22, 31].

Accordingly, accepting all factual allegations in the Defendants' Counterclaims as true and construing them in the light most favorable to the Defendants in accordance with the applicable legal standard, it is respectfully submitted that the Defendants' have properly stated a claim for Contribution and Indemnity and Fitzgerald's Motion to Dismiss their Counterclaims

must be denied as a matter of law. *See* <u>Berry v Florida International University Board of Trustees</u>, *supra*. In the alternative, that the Defendants' respectfully seek leave to amend their Verified Counterclaims.

    **C.    Intervenor Fitzgerald breached both his duty to perform the work he was assigned and his duty to protect himself as alleged in Defendants Counterclaims**

Again notwithstanding Intervenor Fitzgerald's factual allegation to the contrary, as alleged in the Defendants Counterclaims, instead of following orders and maintaining a proper lookout, Intervenor Fitzgerald failed to perform the work assigned to him in breach and dereliction of his duties to the Defendants (as the vessel and her owners), her crew (including his duty to protect himself) and her passengers, which directly and proximately caused the December 23, 2021 collision and resulted damages set forth in the Defendants' Counterclaims. See [DE 40 ¶ 20-23, 26-32]; [DE 41 ¶ 26-32].

Accordingly, accepting all factual allegations in the Defendants' Counterclaims as true and construing them in the light most favorable to the Defendants in accordance with the applicable legal standard, it is respectfully submitted that the Defendants' have properly stated a claim for Contribution and Indemnity and Fitzgerald's Motion to Dismiss their Counterclaims must be denied as a matter of law. *See* <u>Berry v Florida International University Board of Trustees</u>, *supra*. In the alternative, that the Defendants' respectfully seek leave to amend their Verified Counterclaims.

    **D.    Intervenor Fitzgerald breached his duty to follow orders as alleged in Defendants Counterclaims**

Again, notwithstanding Intervenor Fitzgerald's factual allegation to the contrary, as alleged in the Defendants Counterclaims, Intervenor Fitzgerald was fully qualified to perform the duties he was assigned, including taking the wheel and temporarily assuming Captain Inglis' duties and, at all times material, the *Utopia IV* was seaworthy. See [DE 40 ¶ 11]; [DE

41 ¶ 11]. Intervenor Fitzgerald failed to follow orders in breach and dereliction of his duties to duties to the Defendants (as the vessel and her owners), her crew (including his duty to protect himself) and her passengers, directly and proximately causing the December 23, 2021 collision and the resulting damages set forth in the Defendants' Counterclaims. See [DE 40 ¶ 20-23, 26-32]; [DE 41 ¶ 26-32].

Accordingly, accepting all factual allegations in the Defendants' Counterclaims as true and construing them in the light most favorable to the Defendants in accordance with the applicable legal standard, it is respectfully submitted that the Defendants' have properly stated a claim for Contribution and Indemnity and Fitzgerald's Motion to Dismiss their Counterclaims must be denied as a matter of law. *See* <u>Berry v Florida International University Board of Trustees</u>, *supra*. In the alternative, that the Defendants' respectfully seek leave to amend their Verified Counterclaims.

WHEREFORE, UTOPIA YACHTING, LLC, and the M/V UTOPIA IV, *in rem*, respectfully request that Intervenor Plaintiff RYAN FITZGERALD's Motion to Dismiss Defendants' Counterclaims be denied as a matter of law or, in the alternative, that the Defendants' be granted leave to amend their Verified Counterclaims.

Dated this 17th day of April 2023.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on April 17, 2023 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for

those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST**

MOORE & COMPANY, P.A.
Kavan Vartak, Esq.
Michael T. Moore, Esq.
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email: kvartak@moore-and-co.com
Email: michael@moore-and-co.com
*Attorneys for Plaintiff Eric Ward*

| |
|---|
| Campbell Johnston Clark, LLP |
| 2600 Douglas Road |
| Suite 508 |
| Coral Gables, FL  33134 |
| Tel. : 786-204-3784 |
| Email: neil@cjclaw.com |
| Email: chase@cjclaw.com |
| Email: cindy@cjclaw.com |
| Email : nadia@cjclaw.com |
| By:    ____/s/   Neil   Bayer_____ |
|         Neil Bayer, Esq. |
|         Fla. Bar No.: 615684 |
|         Chase Alexandra Jansson, Esq. |
|         Fla. Bar No.: 1002265 |