UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-23847-CIV-SCOLA/GOODMAN

ERIC WARD, et al.,

    Plaintiff,

v.

M/Y UTOPIA IV, Official No. 1305829, MMSI No. 339328000, her engines, tackle, gear, appurtenances, etc., *in rem*, UTOPIA YACHTING LLC, *in personam*

    Defendants.
_____/

## INTERIM JOINT STATUS REPORT

COMES NOW, the parties, Plaintiff, ERIC WARD and Intervening Plaintiffs Fred Wennberg, Gordon Brown, Ryan Fitzgerald, Sam Parrott, Nikita Hutten, and Alexa Jamieson (collectively "Plaintiffs") and Defendants, M/Y UTOPIA IV (hereinafter "Vessel") and UTOPIA YACHTING LLC (hereinafter "Utopia"), by and through their undersigned counsel and pursuant to this Honorable Court's Scheduling Order and Order of Referral to Mediation [DE 36], hereby file their Joint Interim Status Report as follows:

    A.    **Have all the Defendants been served?**

Yes.

    B.    **Have all defendants responded to the complaint?**

Yes, the Defendants have Answered the Plaintiff's Complaint and all six Intervening Plaintiff's Complaints.

    C.    **If this is a class action, has a motion for class certification been filed?**

This is not a class action.

**D. Have the parties agreed on and selected a mediator? Have the parties agreed upon a place, date, and time for mediation?**

The Parties have agreed on and selected mediator Jacob Munch. *See* [DE 65]. However, the Defendants filed a Motion to Sever Claims for Mediation on May 9, 2023 that is pending before the Court and seeks to have the Ward, Parrott and Wennberg Mediations proceed separately live and the Fitzgerald, Jamieson, Brown and Hutten Mediations shall proceed by Zoom on the same day but in a separate session for each and, therefore, have not yet agreed upon a place, date, and time for mediation. *See* [DE 71].

The Plaintiffs' oppose the Defendants' motion and will brief it as appropriate.

**E. Have the parties engaged in informal settlement negotiations? If not, explain the reasons for the failure to do so. If yes, state the status of such negotiations (e.g., ongoing, impasse, etc.) and the relative prospects for resolution through informal means.**

Defendants' Statement:

The Parties did attempt to engage in informal settlement proceedings prior to the commencement of this litigation but, thus far, a resolution through informal settlement negotiations remains unlikely as the Defendants have not yet received most, if any, of the medical bills and/or records supporting Plaintiffs' claims and, therefore, have no basis to evaluate any informal settlement.

Plaintiffs' Statement:

The Plaintiffs have provided the Defendants with all medical records in their possession in the Rule 26 Initial Disclosures, as well as signing multiple HIPAA waivers to allow the Defendants to receive the medical records from each medical provider directly, for those records that were not in Plaintiffs possession. Plaintiffs have also provided their initial demands to the Defendants, but the Defendants did not provide any counter offer.

F. **Describe the status of discovery conducted to date, and identify whether the parties reasonably believe that they will be able to complete discovery by the Court's deadline. If not, explain the reasons.**

Defendants' Statement:

The Parties have exchanged Initial Rule 26 Disclosures. To date, the Defendants have propounded written discovery to Eric Ward, Gordon Brown, Samuel Parrott, Ryan Fitzgerald, Alexa Jamieson, and Nikita Hutten. Defendants are presently seeking to serve excess interrogatories to Intervening Plaintiff Fred Wennberg where he has alleged four entirely unrelated incidents and injuries in his Complaint and will propound written discovery to Wennberg as soon as that issue is resolved by the Court. *See* [DE 72].

Defendants have only received responses to the written discovery it has propounded to Plaintiff, Eric Ward, and Intervening Plaintiff, Gordon Brown, to date but have identified numerous deficiencies therein that Defendants are working on setting for hearing in accordance with the Court's discovery procedures. Defendants respectfully submit that if the responses provided by the other Intervening Plaintiffs are in the same state as those responses, Defendant foresees significant problems adhering to the current deadlines for completion of discovery.

Further, the parties have agreed that each Plaintiff and Intervening Plaintiff would execute HIPAA releases for all medical records and billing records associated with the injuries they are claiming, as none of the Plaintiffs have not been able to provide complete records to date. However, the Defendants have still not received Plaintiff signatures on the following releases submitted to Plaintiff's counsel more than a month ago:

1. GP Mental Health Care Plan (HUTTEN)
2. The Doctor's Hospital (HUTTEN)
3. Bergen Park Physical Therapy (WARD)

3

4. Indian Creek Medical Group (WARD)

5. River City Imaging Associates (WARD)

6. Sarah Barkley (WARD)

7. The Doctor's Hospital (WARD)

8. Touchstone Imaging (WARD)

9. Victoria Emergency (WARD)

10. Alder Medical Center (FITZGERALD)

11. The Doctor's Hospital (FITZGERALD)

12. Daniel Ortega (JAMIESON)

13. Dr. Scott Kazdan (JAMIESON)

14. Northern Light Blue Hill Hospital (PARROTT)

15. Spectrum Healthcare Partners (PARROTT)

16. Baptist Health South Florida (WENNBERG)

17. Boca Raton Orthopaedic Group (WENNBERG)

18. Mount Sinai (WENNBERG)

19. Skin Center (WENNBERG)

20. South Florida ENT Associates (WENNBERG)

21. South Miami Sports Medicine Physical Therapy (WENNBERG)

22. Spine Center of Miami (WENNBERG)

23. The Doctor's Hospital (WENNBERG)

24. XL Physical Therapy & Sports Rehab (WENNBERG)

Plaintiffs' Statement:

Plaintiffs' objects to Defendant's framing of the issues. Plaintiffs' counsel has provided signed HIPAA waivers for Eric Ward, Sam Parrott, Nikita Hutten, Gordon Brown and Fred Wennberg and Alexa Jamieson and is working with each claimant to provide the signed waivers in a timely manner. In fact, Plaintiff Eric Ward has provided signed HIPAA waivers at least five times over the course of this litigation, in October 2022, January 2023, February 2023, twice in April 2023. As to the Court's discovery deadline, Plaintiffs believe at this time that the current deadline provides all the parties sufficient time to finish the appropriate discovery as the Plaintiffs to date have provided 1,663 documents to the Defendants of various medical documents, bills, invoices, photographs and written communications.

G. **Identify any other issues that the Court should be aware of that may affect the resolution of this matter or the schedule as currently set.**

Defendants' Statement:

Defendants also ask the Court to note that they have received signed releases for the following medical facilities and submitted the same but are still waiting on production of any responsive records from those facilities:

1. Victoria Emergency Partners (WARD)
2. Texas Orthopedics (WARD)
3. The Doctor's Hospital (BROWN)
4. Vero Orthopedics Neurology (BROWN)
5. Family Medicine Cleveland Clinic (BROWN)
6. Boulder Community Health (WARD)
7. Ortholonestar (WARD)
8. Infinity Compounding (WARD)
9. Denver Sports Medicine (WARD)

5

10. Bundall Medical center (HUTTEN)

11. Schneider Regional (HUTTEN)

12. Thriving Center (HUTTEN)

13. The Athletic Life (HUTTEN)

14. Ortho Florida (JAMIESON)

15. South Florida Walk In (JAMIESON)

16. The Doctor's Hospital (PARROTT)

17. Timothy Vermillion (PARROTT)

18. Warren Hughes (PARROTT)

As most of the aforementioned signed releases were only received from Plaintiffs' counsel in the last week, Defendants anticipate it being several weeks before most of these records are received.

We also ask the Court to note that Defendants intend to file a Motion for Bifurcation of the Trial of Liability and Damages, with each Plaintiff's damages being tried separately.

Finally, Chase Alexandra Jansson, Esq., attorney for the Defendants M/Y UTOPIA IV and UTOPIA YACHTING LLC, will be on maternity leave and unavailable from June 12, 2023 through and including September 4, 2023 as indicated in the Notice of Unavailability filed with the Court on April 27, 2023. *See* [DE 68].

Plaintiffs' Statement:

Plaintiffs do not foresee any issues at this time that would affect the scheduling of this matter at trial. Plaintiffs will brief any motions the Defendants' will file regarding separating trial and mediation as appropriate.

Dated: May 22, 2023.

Respectfully Submitted,

| | |
|---|---|
| **MOORE & COMPANY, P.A.** | **CAMPBELL JOHNSTON CLARK, LLP** |
| *Counsel for Plaintiff and Intervening Plaintiffs* | *Counsel for Defendants* |
| 255 Aragon Avenue, 3rd Floor | 2600 Douglas Road |
| Coral Gables, Florida 33134 | Suite 508 |
| Telephone: (786) 221-0600 | Coral Gables, FL 33134 |
| Facsimile: (786) 221-0601 | Tel. : 786-204-3784 |
| Email: kvartak@moore-and-co.com | Email: neil@cjclaw.com |
| Email: michael@moore-and-co.com | Email: chase@cjclaw.com |
| | Email: cindy@cjclaw.com |
| | Email : nadia@cjclaw.com |
| | |
| s/ Kavan Vartak | /s/ Neil Bayer |
| Kavan Vartak, Esq. | Neil Bayer, Esq. |
| Florida Bar #1017058 | Fla. Bar No.: 615684 |
| Michael T. Moore | Chase Alexandra Jansson, Esq. |
| Florida Bar #207845 | Fla. Bar No.: 1002265 |

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on May 22, 2023 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

MOORE & COMPANY, P.A.
Kavan Vartak, Esq.
Michael T. Moore, Esq.
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email: kvartak@moore-and-co.com
Email: michael@moore-and-co.com
***Attorneys for Plaintiffs***

Campbell Johnston Clark, LLP
2600 Douglas Road
Suite 508
Coral Gables, FL  33134
Tel. : 786-204-3784
Email: neil@cjclaw.com
Email: chase@cjclaw.com
Email: cindy@cjclaw.com
Email : nadia@cjclaw.com

By:	    _/s/     Neil     Bayer_____
         Neil Bayer, Esq.
         Fla. Bar No.: 615684

         Chase Alexandra Jansson, Esq.
         Fla. Bar No.: 1002265