UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-23847-CIV-SCOLA/GOODMAN

ERIC WARD,

    Plaintiff,

vs.

M/Y UTOPIA IV, Official No. 1305829,
MMSI No.339328000, her engines, tackle,
gear, appurtenances, etc., *in rem*,
UTOPIA YACHTING LLC, *in personam*,

    Defendants.
_____/

**DEFENDATS REPLY TO RESPONSE TO MOTION FOR CONTINUANCE**

    Defendants, UTOPIA YACHTING LLC and the M/Y UTOPIA IV, by and through their undersigned counsel, file this, their Reply to Plaintiff/Intervenor's Response to Motion for Continuance [DE 85] and sate:

    1.    Plaintiff's Response infers that discovery between the parties has proceeded without incident since this Court issued its Scheduling Order on February 14, 2023 (Page 1). This is far from an accurate statement. Discovery has been punctuated by multiple roadblocks thrown up by Plaintiff's counsel. For example, in the very first sets of Interrogatories propounded (to Plaintiff, Ward and Intervenor, Brown) opposing counsel objected to the most basic requests such as the address of the Plaintiff, Intervenor, Brown and each additional Intervenor), names of all fact witnesses correlating each witness identified to the corresponding claimant, names of treating physicians (not just facilities), names of prior treating physicians, disclosure of prior lawsuits and social media accounts. Magistrate Judge Goodman's Order thereon speaks for itself [DE 84],

noting his Rule 37 Fee Award to the Defendants. This, of course, highlights that Plaintiff's counsel has been less than cooperative.

2. Plaintiff's counsel next claims that "This current dispute arose because the Plaintiff attempted to coordinate a date and time for Mediation with the Defendant to abide by this Court's Scheduling Order." And that "the Defendant *refused* to coordinate with the Plaintiff regarding a date and time for mediation which led to the current dispute over a Continuance." This is simply inaccurate. The continuance is being sought due to the inability to complete discovery in accordance with the current Trial Order deadlines redirecting the Court's attention to the number of depositions needed and the delays encountered obtaining the most basic discovery set forth in the underlying Motion for Continuance. In fact, Fred Wennberg's Interrogatory Answers were not received until **yesterday**.

3. Before addressing Plaintiff's counsel's substantive arguments, Defendants ask that the Court consider the following response times to Interrogatories, Requests for Production and Updated Rule 26 Disclosures. The dates discovery has been propounded and the response times to those requests are uncontroverted and establish Plaintiff's willful delay in providing basic discovery for the Plaintiff and the Intervenors. Equally, while Plaintiff concedes that a three-month Continuance is not unreasonable, prior to the filing of the Motion for Continuance, Plaintiff's counsel opposed any Continuance [DE 88-1]

<u>UTOPIA: INTERROGATORY DATES</u>

**GORDON BROWN**
- **3-27-23:** First Set of Interrogatories
  - **5-10-23:** Response to Def's First Request for Interrogatories
    - <u>44 days</u> from our filing date.
  - **6-18-23:** First Amended Response to Def's First Request for Interrogatories
    - <u>83 days</u> from our filing date.

- **7-10-23:** Second Amended Response to Def's First Request for Interrogatories per DE 84
    - 105 days from our filing date.

**5-14-23:** Second Set of Interrogatories
- **6.14.23:** Response to Def's Second Set of Interrogatories
    - 30 days from our filing date.

## RYAN FITZGERALD

**5-9-23:** First Set of Interrogatories
- **6-26-23:** Response to Def's First Request for Interrogatories
    - 48 days from our filing date.
- **7-10-23:** Amended Response to Def's First Request for Interrogatories per DE 84 w DECL.
    - 62 days from our filing date.

## NIKITA HUTTEN

**5-9-23:** First Set of Interrogatories
- **6-24-23:** Response to Def's First Request for Interrogatories
    - 46 days from our filing date.
- **6-25-23:** Response to Def's First Request for Interrogatories Final
    - 47 days from our filing date.
- **7-10-23**: Amended Response to Def's First Request for Interrogatories per DE 84 w DECL.
    - 62 days from our filing date.

## ALEXA JAMIESON

**4-10-23:** First Set of Interrogatories
- **6-21-23:** Response to Def's First Request for Interrogatories
    - 72 days from our filing date.
- **6-22-23:** Response to Def's First Request for Interrogatories W DECL
    - 73 days from our filing date.
- **7-10-23:** Amended Response to Def's First Request for Interrogatories
    - 91 days from our filing date.

## SAMUEL PARROTT

**3-28-23:** First Set of Interrogatories
- **6-22-23:** Response to Def's First Request for Interrogatories
    - 86 days from our filing date.
- **7-8-23**: Amended Response to Def's First Request for Interrogatories
    - 102 days from our filing date.

## FRED WENNBERG

**3-28-23:** First Set of Interrogatories
- **8-15-23:** Response to Def's First Request for Interrogatories
    - 140 days from our filing date.

**ERIC WARD**

    **2-13-23:** First Set of Interrogatories
- **5-5-23:** Response to Def's First Request for Interrogatories
  - Received <u>81 days</u> after our filing date.
- **6-18-23**: First Amended Response to Def's First Request for Interrogatories
  - Received <u>125 days</u> after our filing date.
- **7-10-23:** Second Amended Responses to Def's First Request for Interrogatories Per DE 84
  - Received <u>147 days</u> after our filing date.

    **5-14-23:** Second Set of Interrogatories
- **6.14.23:** Response to Def's Second Set of Interrogatories
  - Received <u>30 days</u> after our filing date.

## UTOPIA: REQUEST FOR PRODUCTION CHRONOLOGY

**GORDON BROWN**

    **3-27-23:** First Request for Production
- **5-12-23:** Response to Def's First RFP
  - <u>46 days</u> from our filing date.
- **8-3-23:** First Amended Response to Def's RFP
  - <u>129 days</u> from our filing date.

    **5-14-23:** Second Request for Production
- **6.14.23:** Response to Def's Second RFP
  - <u>30 days</u> from our filing date.

**RYAN FITZGERALD**

    **5-9-23:** First Request for Production
- **6-26-23:** Response to Def's First RFP
  - <u>48 days</u> from our filing date.

**NIKITA HUTTEN**

    **5-9-23:** First Request for Production
- **6-24-23:** Response to Def's First RFP
  - <u>46 days</u> from our filing date.

**ALEXA JAMIESON**

    **4-10-23:** First Request for Production
- **6-21-23:** Response to Def's First RFP
  - <u>72 days</u> from our filing date.

**SAMUEL PARROTT**
    **3-28-23:** First Request for Production
- **6-22-23:** Response to Def's First RFP
  - 86 days from our filing date.

**ERIC WARD**
    **2-13-23:** First Request for Production
- **5-5-23:** Response to Def's First RFP
  - Received 81 days after our filing date.
- **6.14.23:** Response to Def's Second RFP
  - Received 125 days after our filing date.
- **8-6-23:** Second Amended Responses to Def's First RFP
  - Received 147 days after our filing date.

    **5-14-23:** Second Request for Production
- **6.14.23:** Response to Def's Second RFP
  - Received 31 days after our filing date.

**FRED WENNBERG**
    **6-8-23:** First Request for Production
- **7-31-23:** Response to Def's First RFP
  - 53 days from our filing date.

<u>UTOPIA: BATE STAMP DOCUMENT PRODUCTION AND UPDATES</u>
(Including RFP responses and responsive docs)

**GORDON BROWN**
    **5-12-23:** Response to Def's First RFP
- No bate stamps on document.
- Received 46 days from our filing date.

    **5-12-23:** Responsive Documents to Def's First RFP
- Bate Stamps 001545 – 001663
- Received 46 days from our filing date.

    **6.14.23:** Response to Def's Second RFP
- Bate Stamps 001758-01759
- Received 30 days after our filing date.

    **6.14.23:** RFP 2 EMPLOYMENT CONTRACTS
- Bate Stamps 001760 – 001828
- Received 30 days after our filing date.

    **8-3-23:** First Amended Response to Def's Second RFP
- No bate stamps on document.
- Received 129 days from our filing date.

**8-3-23:** Responsive Documents to First Amended Response to Def's Second RFP
- Bate Stamps 003266 – 003269
- Received 129 days from our filing date.

### RYAN FITZGERALD

**6-26-23:** Response to Def's First Request for Production
- No bate stamps on document.
- Received 48 days from our filing date.

**6-26-23:** Responsive Documents to Def's Second RFP
- Bate Stamps 002550 – 002584
- Received 48 days from our filing date.

### NIKITA HUTTEN

**6-24-23:** Response to Def's First RFP
- No bate stamps on document.
- Received 46 days from our filing date.

**6-26-23:** Responsive Documents to Def's First RFP
- Declaration Page NH
- Bate Stamps 002872 - 003014
- Bate Stamp 003015 - 003027 (videos)

### ALEXA JAMIESON

**6-21-23:** Response to Def's First RFP
- No bate stamps on document.
- Received 72 days from our filing date.

**6-26-23:** Responsive Documents to Def's First RFP
- PLAINTIFF 002539 - 2543, 2545, 2547, 2548
- BATES NOS 1832 – 2539
- PLAINTIFF002539 (cannot open file)
- PLAINTIFF002540 (cannot open file)
- PLAINTIFF002540 (cannot open file)
- PLAINTIFF002543 (cannot open file)
- PLAINTIFF002544 (video)
- PLAINTIFF002545 (cannot open file)
- PLAINTIFF002546 (video)
- PLAINTIFF002547 (cannot open file)
- PLAINTIFF002548 (cannot open file)
- PLAINTIFF002549 (video)
- Received 77 days from our filing date.

### SAMUEL PARROTT

**6-22-23:** Response to Def's First RFP
- No bate stamps on document.
- Received 86 days after our filing date.

**6-26-23:** Responsive Documents to Def's First RFP
- Declaration Page
- Bate stamps 002728 – 002871
- Received 90 days from our filing date.

### ERIC WARD

**5-5-23:** Response to Def's First RFP
- No bate stamps on document.
- Received 81 days after our filing date.

**5-5-23:** Responsive Documents to Def's First RFP
- Bate stamps 000984 - 001544
- Plaintiff's First Privilege Log
- Received 81 days after our filing date.

**6.14.23:** Response to Def's Second RFP
- Bate stamps 001739 - 001740
- Received 31 days after our filing date.

**6.14.23** Responsive Documents to Def's Second RFP
- Bate stamps 001742 - 001754
- Received 31 days after our filing date.

**6.14.23:** Additional Responsive Document to Def's First RFP
- Bate Stamp 001741
- Received 121 days after our filing date.

**6-18-23:** First Amended Response to Def's First RFP w DECL
- No bate stamps on document.
- Received 125 days after our filing date.

**6-18-23:** Responsive Documents to Second Amended Response to Def's First RFP
- Bate Stamps 003270 - 003323
- Received 125 days after our filing date.

**8-6-23:** Second Amended Responses to Def's First RFP
- No bate stamps on document.
- Received 174 days after our filing date.

**8-6-23:** Responsive Documents to Second Amended Response to Def's First RFP
- Bate Stamps 003270 - 003300
- Received 174 days after our filing date.

### FRED WENNBERG

**7-31-23:** Response to Def's First Request for Production
- No bate stamps on document.
- Received 53 days after our filing date.

**7-31-23:** Responsive documents to Def's First Request for Production
- Bate stamps 003029 - 003265
- Received 53 days after our filing date.

4.      Advancing to Plaintiff's Argument, Plaintiff initially asserts (Argumnet Section I) that Defendant's underlying DE 85 allegations are inaccurate.  Magistrate Judge Goodman's Order, however, speaks for itself.  Plaintiff points to their Initial Disclosures as having provided necessary information.  The record is clear (per the summary above) that since June 15th and as late as yesterday, Plaintiff has produced another 2300 pages of records.  Equally, while Plaintiff may not have had complete records for each claimant's medical providers, the claimants more often than not identified facilities but failed to disclosed actual treaters throwing up yet another discovery roadblock and setback.

5.      At Section II of Plaintiff's reply, the Plaintiff asserts that "*Defendant's Lack of Diligence Caused Unnecessary Delay*".  The countless delays in discovery responses (detailed above) suggest otherwise.  In fact, the Defendants have one paralegal who spends most of her week chasing Plaintiff's counsel for HIPPA Releases and Records Production post provision of HIPPA Releases to the corresponding providers.   Moreover, the Releases were NOT provided early (as Plaintiff represents) and the Defendants would be more than happy to share their email efforts to secure Releases with the Court.  Moreover, it is bizarre that counsel would accuse the Defendant of failing to follow up with providers when counsel has absolutely no knowledge whatsoever of the efforts extended on a daily basis by the undersigned counsel's staff to procure records and Plaintiff's suggestion that Defendants have failed to follow up with providers to whom HIPPA Waivers were sent is fictional and is a claim advanced to camouflage their own engineered delays.  Counsel further suggests that Subpoenas rather than Record Requests with attached HIPPA Waivers would have yielded the required records.  In this office's experience, Medical Subpoenas are generally returned by providers requesting HIPPA Waivers as a response prerequisite so simple service of a Subpoena more often than not will generate further delay. Counsel next suggests that

they advised Defendants that Defendants could "schedule these depositions on the dates they saw fit." However, it is ridiculous to expect a deposition to be taken when records have not been obtained.

6. Plaintiff's counsel next suggests (at Section III) that "*Defendants' Burdensome Discovery Requests Caused Additional Unnecessary Delay*). The following argument, however, does not explain what discovery requests were excessive and/or how Defendant's discovery requests caused unnecessary delay. Instead, this section discusses conversations regarding whether depositions would be live or by Zoom. It should be noted that Plaintiff's counsel only identified one claimant as currently out at sea, Gordon Brown, and that deposition was therefore set by Zoom without any opposition whatsoever. No other Intervenor or Mr. Ward have claimed they are presently out at sea. Counsel then attacks requested IMEs suggesting that IMEs should be set where each claimant resides. It should be noted that until Magistrate Goodman ordered the disclosure of Mr. Ward's home address (suggesting that all home addresses be disclosed), the undersigned counsel had no idea where any crew member even resided begging the question how IMEs could be set in each Plaintiff's "local area" noting that Claimant addresses were not provided, in most cases, until mid-July. Defendants intend to address both the location of IMEs and whether Depositions should proceed live or by Zoom (if agreement is not reached as was the case with Intervenor Brown) via separate Motion and this is simply a distracting argument as opposed to a ground to oppose Plaintiff's requested Continuance. Social media issues are also being addressed by a Motion to be filed following this Motion.

7. Defendant wishes to note that it is standard practice to have all, or as much discovery as possible before deposing any Plaintiff or claimant and that discovery has, at best,

trickled.  It would be impossible to depose a medical provider or treater without that corresponding person or facility's records.

8. Plaintiff finally asserts (at Section IV) that "Plaintiff and Plaintiff's counsel have otherwise been flexible and cooperative.  The Defendants can only state that when Interrogatories which are Florida Supreme Court Standard Interrogatories are objected to, and require a court order to respond, it is somewhat disingenuous to describe ones conduct as "flexible and cooperative."

9. Finally, as noted, Plaintiff's pre–Continuance Motion filing was opposed (see underlying Motion).  Now, counsel seems to be consenting to a three month Continuance but even that is unclear.  The problem is that in an ideal world, three additional months might be an obtainable goal, but having each claimant's treaters and providers agree to depositions in this constricted time frame is unrealistic. Mr. Ward alone has 13 treaters , most of whom have not yet provided full records, one of whom provided records yesterday and one of whom agreed to provide her Report but refuses to provide full records.  Most of the other Intervenors have between 4 and 6 treaters, with Wennberg having 9.  Equally, the undersigned is unavailable the first and fourth weeks of September and the last week in October with incomplete availability due to pending depositions in one other multi-party matter making rescheduling of those depositions near impossible.

WHEREFORE, for all of the foregoing reasons, Defendants respectfully request that this Honorable Court extend all deadlines by six (6) months.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on August 16th, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST:**

MOORE & COMPANY, P.A.
Kavan Vartak, Esq.
Michael T. Moore, Esq.
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Email: kvartak@moore-and-co.com
Email: michael@moore-and-co.com
***Attorneys for Plaintiffs***

Campbell Johnston Clark, LLP
2600 Douglas Road, Suite 508
Coral Gables, FL  33134
Tel. : 786-204-3784
Email: neil@cjclaw.com
Email: chase@cjclaw.com
Email: cindy@cjclaw.com

By:        _/s/ Neil Bayer_____
           Neil Bayer, Esq.
           Fla. Bar No.: 615684

           Chase Alexandra Jansson, Esq.
           Fla. Bar No.: 1002265