United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Eric Ward, and others, Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> M/Y Utopia IV, Official No. ) <br> 1305829, MMSI No. 339328000, ) <br> her engines, tackle, gear, ) <br> appurtenances, etc., *in rem*, and ) <br> Utopia Yachting, LLC, *in personam*, ) <br> Defendants. ) | Civil Action No. 22-23847-Civ-Scola <br><br> **In Admiralty** |

## Order On the Plaintiff's Motion For Leave to Permit Remote Testimony

The Plaintiff request that this Court allow Plaintiff Eric Ward's treating psychologist, Sarah Barkley, to testify remotely because her husband is now required to travel the week of the trial (October 7, 2024), and they do not have childcare should Ms. Barkley be required to testify in person.

The Court is, of course, sympathetic to the constraints and requirements of childcare. However, the Plaintiff has not shown, in these circumstances, the "good cause in compelling circumstances" required under Federal Rule of Civil Procedure 43(a) to permit remote testimony.

First, Ms. Barkley's husband's business travel is not "last minute" as the Plaintiff claims. The Plaintiff, Ms. Barkley, and her husband have known about his business travel nearly a month before trial was set to begin. The Plaintiff has not explained why Ms. Barkley's husband's business travel cannot be rescheduled, and why his wife's testimony should not be given precedence, given the fact that this trial was scheduled for the week of October 7, 2024, in late June of this year. (ECF No. 141.)

Second, the Defendants have represented in their response that they have offered a proposal whereby Ms. Barkley can testify out-of-turn to accommodate her schedule. The Plaintiff does not explain why this proposal would not work.

Third, Ms. Barkley is an important witness in this trial. As the Plaintiff explains, "[i]mportantly, Barkley has diagnosed Plaintiff Eric Ward with PTSD from the subject collision and her testimony to the jury would be crucial to explain her diagnosis and her treatment of those symptoms." (Pl.'s Mot., ECF No. 187 at 1.) The Advisory Committee Notes to the Rules of Civil Procedure explain that, "the importance of presenting live testimony in court cannot be

forgotten" as it provides for the "the opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." Fed. R. Civ. P. 43 advisory committee notes to 1996 amendment.

Therefore, the Court **denies without prejudice** the Plaintiff's Motion (**ECF No. 187**.) The Plaintiff may refile its motion should it believe it still has good cause given the Court's reasoning above.

**Done and ordered**, in Miami, Florida, on September 25, 2024.

_____
Robert N. Scola, Jr.
United States District Judge