UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-23847-CIV-SCOLA/GOODMAN

ERIC WARD,

    Plaintiff,

vs.

M/Y UTOPIA IV, Official No. 1305829,
MMSI No.339328000, her engines, tackle,
gear, appurtenances, etc., *in rem*,
UTOPIA YACHTING LLC, *in personam*,

    Defendants.
_____/

## **DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' NEW "AMENDED" EXHIBIT LIST [DE 226]**

    Defendant's, UTOPIA YACHTING LLC and the M/Y UTOPIA IV, by and through their undersigned counsel, hereby file this, their Motion to Plaintiffs New "Amended" Exhibit List [DE 226] filed on October 1, 2024, at 3:07pm and as grounds therefore would show unto this Court:

    1.    Pursuant to this Honorable Court's Order [DE 175], the Parties were required to submit their Trial Exhibit Lists and any objections thereto with a Joint Pretrial Stipulation on September 11, 2024.

    2.    Pursuant to Local Rule 16.1(e)(9), the Parties' Joint Pretrial Stipulation was required to include each party's Trial Exhibit List and the opposing party's designations to the same, as follows:

> "*Each party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis of all objections to each document, electronically stored information and thing. The list of exhibits shall be on separate schedules attached to the stipulation, should identify those which the party*

> *expects to offer and those which the party may offer if the need arises, and should identify concisely the basis for objection. In noting the basis for objections, the following codes should be used:*
>
> *A–Authenticity*
> *I–Contains inadmissible matter (mentions insurance, prior conviction, etc.)*
> *R– Relevancy*
> *H–Hearsay*
> *UP–Unduly prejudicial-probative value outweighed by undue prejudice*
> *P–Privileged*
>
> *Counsel may agree on any other abbreviations for objections, and shall identify such codes in the exhibit listing them.*"

3. Notwithstanding earlier email requests for the same, the Defendants were not provided with a copy of Plaintiffs' Original Trial Exhibit List [DE 190-1] until approximately 9 p.m. ET on September 11, 2024, the day of the deadline for filing.

4. Defendants were forced to obtain an extension of time to file their Objections to Plaintiffs' Original Trial Exhibit List [DE 195] because Plaintiffs had designated an astounding 695 Exhibits, with many of those Exhibits referring to large groups of unrelated documents that appeared to be incorrectly bate stamped, and it took the undersigned nearly twenty (20) billable hours to try and make heads or tails of what was produced enough to object to it.

5. On Friday September 27, 2024 at 4:23pm, Plaintiffs' counsel emailed the undersigned an entirely new document titled "Amended Exhibit List" containing all new numbering and new exhibit descriptions.

6. On Monday September 30, 2024, the undersigned responded to Plaintiffs' counsel advising that they objected to Plaintiffs highly prejudicial attempt to introduce a new exhibit list at this stage and identifying the following discrepancies Plaintiffs' Proposed First "Amended Exhibit List":

   a. Plaintiffs renumbered and/or renamed virtually all initially listed exhibits;
   b. Plaintiffs split up exhibits that were initially listed together without any indication of what changes were made, noting that no redline was provided;

      c. Plaintiffs removed numerous bate stamps in favor of blanket categories making it impossible for us to discern what you are referring to;
      d. Plaintiffs deleted all Defendant's written objections;
      e. Plaintiffs modified or excluded Defendants' short form objections;
      f. Plaintiffs failed to include any indication of Defendants' repeated objections to numerous exhibits containing volumes of unauthenticated medical records, including medical billing records.

7. The undersigned instead requested that the Plaintiffs' counsel send them a redlined copy of the original Exhibit List [DE 190-1] that they filed indicating which of Plaintiffs' Exhibits listed therein they intended to withdraw or modify and that Plaintiffs' counsel produce a copy of each listed Exhibit that they still intended to produce for inspection (in its entirety). Plaintiffs did not respond.

8. Instead, yesterday Tuesday, October 1, 2024 at 12:52pm, the Plaintiffs' counsel sent a Third New Exhibit List titled "Amended Exhibit List" [DE 226] in PDF containing 278 newly numbered exhibits. This Third New Exhibit List [DE 226] again knowingly omitted and altered many of the Defendants' objections and contained all of the deficiencies identified by the Defendants in response to Plaintiff's proposed Second New Exhibit List.

9. Plaintiffs did not produce a copy of any of the exhibits listed and Plaintiffs did not confer with the Defendants or provide them an opportunity to denote their objections to the same (noting that Plaintiffs claim they copied and pasted Defendants' objections from their response to the Original Exhibit List [DE 190-1] as a favor).

10. Accordingly, it is respectfully submitted that Plaintiffs' Third New "Amended" Exhibit List [DE 226] should be stricken as it was submitted long after the September 11, 2024 deadline for submission of the same, on the day before Calendar Call, and without conferring with the Defendants as required by the Trial Order [DE 142].

WHEREFORE, Defendants, UTOPIA YACHTING LLC and the M/Y UTOPIA IV, respectfully request that this Court enter an Order Striking Plaintiff's Amended Exhibit List [DE 226].

Dated this 2nd day of October 2024.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on October 2, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

MOORE & COMPANY, P.A.
Kavan Vartak, Esq.
Michael T. Moore, Esq.
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email: kvartak@moore-and-co.com
Email: michael@moore-and-co.com
***Attorneys for Plaintiffs***

Campbell Johnston Clark, LLP
2600 Douglas Road
Suite 508
Coral Gables, FL  33134
Tel. : 786-204-3784
Email: neil@cjclaw.com
Email: chase@cjclaw.com
Email: cindy@cjclaw.com
Email : nadia@cjclaw.com

By:      /s/   Neil   Bayer
     Neil Bayer, Esq.
     Fla. Bar No.: 615684

     Chase Alexandra Jansson, Esq.

Fla. Bar No.: 1002265