UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-23847-CIV-SCOLA/GOODMAN

ERIC WARD,

    Plaintiff,

vs.

M/Y UTOPIA IV, Official No. 1305829,
MMSI No.339328000, her engines, tackle,
gear, appurtenances, etc., *in rem*,
UTOPIA YACHTING LLC, *in personam*,

    Defendants.
_____/

## DEFENDANT'S MOTION REQUESTING STATUS CONFERENCE BEFORE JUDGE BLOOM

Defendants, Utopia Yachting, LLC and the M/Y Utopia IV, by and through their undersigned counsel, hereby file their Motion Requesting Status Conference before the Honorable Beth Bloom and, in support thereof, state as follows:

1. These proceedings were previously set for Trial before Judge Scola for the two (2) week Trial Period commencing on October 7, 2024. [DE 142]

2. Following Calendar Call on October 2, 2024 and two Settlement Conferences before Magistrate Judge Goodman on September 30, 2024 and October 3, 2024 (resulting on settlement of four of the seven Intervenor's claims), Judge Scola entered an Order Directing Reassignment of this Case [DE 236] due to the length and complexity of the trial of the remaining three (3) Plaintiff's claims that Magistrate Judge Goodman was unable to resolve.

3. On October 4, 2024, this case was reassigned to this Court, the Honorable Beth Bloom presiding for all future proceedings. [DE 237]

4. Although Judge Scola addressed a number of the then pending motions following the Calendar Call that was held on October 2, 2024 through his Ominbus Order [DE 234], there still remain a number of issues for resolution by this Honorable Court in advance of or at the time of Trial.

5. The Parties are all in agreement that, as it stands, the Trial of this matter will take at least two (2) full weeks and the Defendants respectfully submit that Trial of this matter is more likely to take three (3) full weeks if several outstanding issues are not resolved in advance of Trial.

6. Specifically, it is respectfully submitted that resolution of the following prior to the commencement of Trial could greatly simplify the proceedings and reduce the anticipated length of this complex Trial:

   a. Defendants' have filed a Motion for Leave to Take Limited Update Depositions of Eric Ward, Fred Wennberg and Samuel Parrott and Supplemental Orthopedic IMEs of Eric Ward and Fred Wennberg [DE 254];

   b. Considering that Judge Scola granted Defendant's Conditional Motion to Admit Liability pursuant to Order [DE 228], a determination on the Parties' proposed Liability Stipulation and the corresponding Jury Instructions on Liability remain unresolved by the Court and an advance determination on the same would enable the Parties to greatly simplify their remaining pre-trial submissions. *See* [DE 234] at ¶ 6;

   c. Plaintiffs' have listed vast volumes of unauthenticated medical records on their Trial Exhibit List that his Honorable Court previously reserved ruling on until they are raised in the context of Trial (*see* [DE 234]), but it is respectfully submitted now that Plaintiffs' have produced their Exhibits pursuant to Court Order, that an advance ruling that only authenticated medical records can be

    admitted into evidence and clarification of the parameters of authentication requirements for those records would significantly streamline the Trial of this matter;

d. Plaintiff Eric Ward's treating clinical social worker Sarah Barkley previously sought leave to testify remotely at Trial, which Defendants opposed until her ability to travel was affected by Hurricane Helene. As travel restrictions due to Hurricane Helene are no longer in place and Ms. Barkley has an abundant amount of time to make travel and childcare arrangements to appear live at this Trial setting, the Defendants seek an Order compelling her live appearance to testify at trial for reasons previously briefed (*see* [DE 187], [DE 194], [DE 196], [DE 210], [DE 220], [DE 222], and [DE 234]); and

e. Following the Parties' conferral on the Updated Pretrial Stipulation [DE 245], there remain a number of questions of law (which the Parties did not anticipate to be disputed) that now appear ripe for resolution by the Court via Motion for Partial Summary Judgment and the Defendants intend to seek leave of Court to file the same (via a Motion for Partial Summary Judgment) in order to attempt to resolve some of these questions prior to Trial in an attempt to simplify and shorten these proceedings; and,

f. Defendants' have become aware of a potential conflict for Plaintiff Eric Ward with the current Trial Setting for the two-week trial calendar beginning on January 27, 2025 (*see* [DE 240]). Through the course of their payment for Mr. Ward's medical cure, Defendants have learned that Mr. Ward unilaterally delayed a hip surgery previously scheduled for October 21, 2024 to the three year anniversary of the collision on December 23, 2024 at his own election upon learning the Trial of this matter had been reset. Defendants' medical experts

advise that, given the fact that Mr. Ward resides in Colorado, it may be unwise to proceed with Trial barely a month after he undergoes hip surgery. Defendants' respectfully intend to seek the Court's guidance as to the same.

7. Plaintiffs have refused to consent and the Plaintiffs do not consent to have Magistrate Judge Jonathan Goodman preside over any matter pertaining to these proceedings (*see* [DE 244] at ¶ 2) (noting that the Defendants do not oppose Judge Goodman presiding over any matter pertaining to these proceedings) so the Defendants' respectfully request a Status Conference before Judge Bloom to discuss whether it is possible for this Honorable Court to address the foregoing in advance of Trial of this matter with the hopes of simplifying the outstanding issues so that this Trial can be completed within a two (2) week trial setting.

8. As detailed in the Good Faith Conferral Certification, undersigned counsel for the Defendant has conferred with Plaintiffs' lawyer, Kavan Vartak, Esq., via email and telephone conference on December 5-6, 2024 and the Plaintiffs do not oppose the Status Conference so long as it can be conducted by Zoom and the Parties do not seek advanced rulings on any pending issues at the Status Conference itself.

WHEREFORE, the Defendants respectfully request a Status Conference before the Honorable Judge Bloom at her earliest available setting to address the issues raised herein.

Dated this 6th day of December 2024.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

The undersigned counsel submits that per Local Rule 7.1(a)(3), the undersigned counsel conferred with Plaintiffs' counsel who Kavan Vartak, Esq. and Gabriel Pla, Esq., via email on December 5-6, 2024 and the Plaintiffs do not oppose the Status Conference so long

as it can be conducted by Zoom and the Parties do not seek advanced rulings on any pending issues at the Status Conference itself.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on <u>December 6, 2024</u> the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

### SERVICE LIST

MOORE & COMPANY, P.A.
Kavan Vartak, Esq.
Michael T. Moore, Esq.
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email: kvartak@moore-and-co.com
Email: michael@moore-and-co.com
***Attorneys for Plaintiffs***

Campbell Johnston Clark, LLP
2600 Douglas Road
Suite 508
Coral Gables, FL  33134
Tel. : 786-204-3784
Email: neil@cjclaw.com
Email: chase@cjclaw.com
Email: cindy@cjclaw.com
Email : nadia@cjclaw.com

By:    ___/s/   Neil   Bayer_____
       Neil Bayer, Esq.
       Fla. Bar No.: 615684

       Chase Alexandra Jansson, Esq.
       Fla. Bar No.: 1002265