UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-23847-CIV-SCOLA/GOODMAN

ERIC WARD,

    Plaintiff,

vs.

M/Y UTOPIA IV, Official No. 1305829,
MMSI No.339328000, her engines, tackle,
gear, appurtenances, etc., *in rem*,
UTOPIA YACHTING LLC, *in personam*,

    Defendants.
_____/

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO TAKE LIMITED UPDATE DEPOSITIONS OF PLAINTIFFS WARD, WENNBERG AND PARROT & UPDATE ORTHOPEDIC IMES OF PLAINTIFFS WARD AND WENNBERG

    Defendants, the M/Y Utopia IV Official No. 1305829, MMSI No.339328000, her engines, tackle, gear, appurtenances, etc., *in rem*, and UTOPIA YACHTING LLC, *in personam*, by and through their undersigned counsel, file this, their Reply in Support of their Motion for Leave to Take Limited Update Depositions of Plaintiff, ERIC WARD, and Intervening Plaintiffs, FRED WENNBERG and SAMUEL PARROTT, and for Leave to Set Supplemental Orthopedic IMEs of Plaintiff, ERIC WARD, and Intervening Plaintiff, FRED WENNBERG [DE 254] and as grounds therefore would show unto this Court:

    1.    Initially, in addition being factually inaccurate if not misleading the Court, it is noted that the Plaintiff's Response [DE 262] is inappropriate where it raises numerous issues not raised in the Defedant's Motion [DE 254] and it is respectfully submitted that those portions of the Response should be stricken.

2. Second, as the undersigned announced in Court at Hearing on December 13, 2024 (before the Plaintiffs' Response was filed), the Defendants are not seeking a continuance of the trial and are fully prepared to go to trial during the two-week period starting January 27, 2025.

3. Defendants are seeking to take these limited update Depositions via Zoom in advance of the trial setting and to have Defendants orthopedic experts conduct his supplemental exams of ERIC WARD (hereinafter "WARD") and FRED WENNBERG (hereinafter "WENNBERG") prior to the trial setting, even if it needs to be in the days before the trial setting due to WARD and WENNBERG's availabilities in the jurisdiction.

4. Accordingly, the Defendants have not responded to the portions of the Plaintiffs' Response [DE 262] that alleges that the Defendants' are seeking a continuance or to delay the trial of this matter in any way because it is patently untrue. However, it is noted that the undersigned has repeatedly advised Plaintiff's counsel of the same prior.

5. As set forth in the underlying Motion, the Defendants are not seeking any duplicate discovery where the requested Update Depositions would be strictly confined to any employment and medical conditions, treatment and prognosis since the date of the respective Plaintiff's last deposition and the Supplemental Orthopedic IMEs would be limited to conditions that have changed substantially since the date of his last IME.

6. In that regard, notwithstanding any misrepresentation that Defendants "*have been continuously been provided with all the medical records to date for all of the Plaintiffs*," WENNBERG has not submitted a single medical bill for payment or requested pre-payment for any medical appointment and WARD has a long history of repeatedly refusing to disclose treaters, refusing to provide HIPAA authorizations, directing his treaters to disregard or rescind HIPAA authorizations he purportedly gave, and harassing anyone affiliated with the Defendant who

attempts to obtain any information concerning his alleged injuries or make payment for treatment in that regard.

7. Neither Plaintiff has provided a single record since the date of their last IME and any scattered records the Defendants have been able to obtain have been obtained through releases submitted to their providers. Thus, the information sought is not duplicative of prior discovery.

8. As stated in the underlying Motion, Plaintiffs' claims are unique under maritime law, in that these Plaintiffs respective statuses as Seaman obligate the Defendants to provide them with ongoing Medical Cure (payment of medical bills for injuries sustained during their employment with the vessel until they reach Maximum Medical Improvement "MMI") and Maintenance (a daily living stipend until they return to gainful employment).

9. In the case of these Plaintiffs, as detailed in Plaintiffs' Response [DE 262], the Defendants performed/continue to perform and were/are (allegedly) obligated to continue these Maintenance and Medical Cure payments well after the date of these Plaintiffs last depositions (nearly 1 year ago) and the discovery cut off in these proceedings (more than 6 months ago).

10. Accordingly, it is respectfully submitted that it both integral to the Defendants' investigation of the Plaintiffs' ongoing maintenance and cure claims and crucial to their defense of this litigation that Defendants are able to obtain the Update Depositions and Supplemental Orthopedic IMEs sought.

11. With respect to Plaintiff WARD, Defendants have paid and continue to pay WARD approximately $2,250.00 per month in maintenance and have paid over $100,000.00 in medical cure for ERIC WARD's medical bills to date, in many instances without receiving corresponding medical records.

12. Defendants' maintenance and medical cure payments to WARD remain ongoing until he reaches Maximum Medical Improvement (MMI) and Defendants have had limited means to ascertain what is going on regarding his medical condition and his allegations that he is deteriorating (and not improving, despite the over $100,000.00 in bills they have paid for his treatment) since he was deposed and examined by an orthopaedist almost a year ago (in February 2024) and discovery cut off (in May 2024).

13. Upon information and belief, WARD has been hindering his own recovery since he was deposed in February 2024 by first refusing to schedule a surgical procedure for months after he was medically cleared for it; then by scheduling it for months later than necessary to coincide with the first trial setting in October 2024; and finally by cancelling his surgery scheduled for October 21st and, according to his own treatment providers, choosing to reschedule his procedure for the third anniversary of the collision.

14. Further, WARD (who has independently chosen all of his own medical providers) has also repeatedly failed to disclose treaters, instructed his treaters not to retain Defendants' payment information on file, repeatedly failed to provide advanced notice of his appointments, and engaged in harassing and abusive behavior towards the Defendants, the undersigned, and the Defendants' medical claims administrator, Medical Solutions Services in order to attempt to manufacture delays in payment for his medical cure (noting that Judge Scola has previously ruled that evidence of this conduct is admissible at trial [DE 234]).

15. Upon information and belief, WARD is intentionally creating delays in his treatment and hindering his own recovery to continue receiving maintenance at the Defendants' expense and exacerbate his alleged damages recoverable from the Defendants with false

allegations that the delays in his treatment were caused by the Defendants' failure to pay his cure (noting that these false allegations are extensively set out in Plaintiff's Response [DE 162]).

16. As briefed in the Defendants' Motion, WARD has asserted a Claim against the Defendants for Failure to Provide Prompt and Adequate Maintenance and Cure and Wages alleging he is entitled to additional damages because of the aforementioned alleged delays, including delays that WARD alleges have occurred since his deposition on February 7, 2024, so the Defendants would be severely prejudiced if they were not permitted any discovery on these allegations prior to cross-examination at Trial.

17. Additionally, notwithstanding Plaintiff's counsel's representation to the contrary, Defendants understand that the nature of WARD's previously scheduled laproscopic labral tear repair has now been changed to a more extensive hip replacement surgery as evidenced by the bill paid by representations made by WARD's providers, the fact that the estimated presurgical fees increased from $4,786.50 to $24,962.04 (noting that the latter was paid by Defendants), and the total estimated cost of the procedure increased to $53,006 - with an implant cost of $8,421.52 (which has also already been prepaid by Defendants).

18. It follows that without the Update Depositions requested and the Supplemental Orthopedic IME requested the Defendants could conceivably pay WARD maintenance and cure indefinitely absent an ability to determine when cure will occur.

19. With respect to Plaintiff WENNBERG, as set forth in Plaintiff's Response [DE 262], WENNBERG is alleging he is unable to treat due to Defendants' refusal to pay medical cure despite the fact that he has failed to submit any corresponding bills to the Defendant for reimbursement other than non-medical massages at the Mandarin Oriental, rental car expenses and dining expenses.

20. Upon information and belief, despite claims his condition has not improved at all since the 2021 collision and he has not reached MMI (also set forth in Plaintiffs' Response [DE 262] at Page 5), Plaintiff WENNBERG almost immediately returned to full time employment aboard seagoing vessels and is fit to work aboard the same for extended periods at sea. WENNBERG's representation of unavailability for a Zoom settlement conference for nearly the entire month of September 2024 because he was at sea working aboard a vessel is also noteworthy in this regard.

21. Notwithstanding, Plaintiffs, in their Response [DE 262], repeatedly claim that WENNBERG has not reached MMI and that WENNBERG has been able to undergo necessary medical treatment because of the Defendants' alleged refusal to pay medical cure.

22. Like WARD, WENNBERG has asserted a Claim against the Defendants for Failure to Provide Prompt and Adequate Maintenance and Cure and Wages alleging he is entitled to additional damages for delays in payment of his medical cure, including but not limited to expenses incurred from the date of his last deposition to present.

23. It follows that without the Update Depositions requested and the Supplemental Orthopedic IME requested WENNBERG could conceivably claim unpaid maintenance and cure indefinitely.

24. With respect to Intervening Plaintiff, SAMUEL PARROTT (hereinafter "PARROTT"), as set forth in the underlying Motion [DE 254], the Defendants are not seeking a supplemental IME and are only asking for an Update Zoom deposition confined to any employment and medical conditions, treatment and prognosis since the date of his last deposition.

25. Defendants understand that PARROTT has reached MMI and made a full recovery since the date of his last deposition. However, it now appears that PARROTT returned to full time

gainful employment in February 2024 and elected to continue collecting maintenance payments he was not entitled to until September 2024 (which he has not repaid).

26. Initially, once the Maintenance overpayment was discovered, PARROTT (via his counsel) agreed to offset that Maintenance overpayment from any recovery in this action but it appears that now the PARROTT intends to dispute the date which he ceased being entitled to Maintenance and/or whether he is obligated to repay the aforementioned overpayment. It is unclear whether he is contesting the date at which he reached MMI as well. Either way, the date he reached MMI occurred after his deposition and IME.

27. Intervening Plaintiff PARROTT has also asserted a Claim against the Defendants for Failure to Provide Prompt and Adequate Maintenance and Cure and Wages alleging he is entitled to additional damages for delays in payment of his medical cure.

28. It follows that the limited Update Deposition requested is crucial to the defense of PARROTT's conflicting claims against the Defendants with regard to the date at which he reached MMI and the Defendants' alleged obligation to pay Maintenance.

29. Therefore, it is respectfully submitted that good cause has been shown for the Defendants to take an Update Zoom Depositions of WARD, WENNBERG and PARROTT and for the Defendants to compel Supplemental Orthopedic IMEs of WARD and WENNBERG by Dr. David Keyes prior to Trial.

30. It is further respectfully submitted that due to the limited scope of the Update Zoom Depositions and Supplemental IMEs sought there would be nothing duplicative or unreasonably cumulative about the same and, due to the lengthy delay between the discovery cut off deadlines and the trial of these proceedings, this is not information that could have been previously sought by the Defendants.

31. Defendants also submit again that they will also aim to coordinate the scheduling of the requested Supplemental IMEs of Eric Ward and Fred Wennberg with their respective availability in South Florida, even if it needs to be done just before the commencement of the trial of these proceedings.

WHEREFORE, Defendants, M/Y UTOPIA IV and UTOPIA YACHTING LLC, respectfully requests that this Honorable Court enter an Order Granting their Motion for Leave to Take Limited Update Depositions of Plaintiff, ERIC WARD, and Intervening Plaintiffs, FRED WENNBERG and SAMUEL PARROTT, and for Leave to Set Update Independent Update Orthopedic IMEs of Plaintiff, ERIC WARD, and Intervening Plaintiff, FRED WENNBERG.

## REPLY

Plaintiff's Response in Opposition to Defendants' Motion for Leave to Take Limited Update Depositions of Plaintiff, ERIC WARD, and Intervening Plaintiffs, FRED WENNBERG and SAMUEL PARROTT, and for Leave to Set Supplemental Orthopedic IMEs of Plaintiff, ERIC WARD, and Intervening Plaintiff, FRED WENNBERG [DE 254] cites to a single decision from this Honorable Court in <u>Bahr v. NCL (Bahamas) Ltd</u>., No. 19-CV-22973, 2021 WL 4845789, at *16 (S.D. Fla. Oct. 18, 2021) where a request for update depositions was denied in light of the circumstances of that case.

Notably, that case arose from a passenger injury that did not involve Maintenance and Cure claims under the Jones Act and General Maritime Law. As is extensively briefed in the underlying Motion [DE 254], the circumstances of this case are easily distinguishable from that decision where all three Plaintiffs in the current proceedings have stated claims against the Defendants for Failure to Provide Prompt and Adequate Maintenance and Cure and Wages arising from their

respective statuses as Seaman and the Defendants allegedly ongoing obligation to provide them with Medical Cure until they reach MMI and Maintenance until they return to gainful employment, whether and when reached each Plaintiff reached MMI and/or returned to gainful employment and whether each is owed maintenance and cure benefits are the most central issues in each of their respective claims.

As a result, each of these three Plaintiffs' ongoing ability or inability to return to gainful employment and each of these Plaintiffs' ongoing medical conditions, treatment and prognosis after their last depositions go straight to the heart of these proceedings and the Update Depositions and Supplemental IMEs requested may be the only means by which the Defendants can determine if and when any alleged obligation they have to pay maintenance and cure to these Plaintiffs ceased (or the extent of said obligation for the 1 year time period following the Plaintiffs' last depositions).

Therefore, it is respectfully submitted that there is good cause for the Update Depositions and Supplemental IMEs requested. The information being sought in these Update Depositions and Supplemental IMEs is not cumulative and **could not** have been obtained previously or by any less burdensome means via discovery in this action. as it pertains to the Defendants' alleged ongoing obligation to pay maintenance and cure long after discovery cut off in these proceedings.

WHEREFORE, Defendants, M/Y UTOPIA IV and UTOPIA YACHTING LLC, respectfully requests that this Honorable Court enter an Order Granting their Motion for Leave to Take Limited Update Depositions of Plaintiff, ERIC WARD, and Intervening Plaintiffs, FRED

WENNBERG and SAMUEL PARROTT, and for Leave to Set Update Independent Update Orthopedic IMEs of Plaintiff, ERIC WARD, and Intervening Plaintiff, FRED WENNBERG.

Dated this 20th day of December 2024.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on December 20, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

### SERVICE LIST

MOORE & COMPANY, P.A.
Kavan Vartak, Esq.
Michael T. Moore, Esq.
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email: kvartak@moore-and-co.com
Email: michael@moore-and-co.com
***Attorneys for Plaintiffs***

Campbell Johnston Clark, LLP
2600 Douglas Road
Suite 508
Coral Gables, FL 33134
Tel. : 786-204-3784
Email: neil@cjclaw.com
Email: chase@cjclaw.com
Email: cindy@cjclaw.com

By:     */s/ Neil Bayer*
       Neil Bayer, Esq.
       Fla. Bar No.: 615684

       Chase Alexandra Jansson, Esq.
       Fla. Bar No.: 1002265