UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-23847-CIV-BLOOM/GOODMAN

ERIC WARD,

    Plaintiff,

v.

M/Y *UTOPIA IV*, Official No. 1305829,
MMSI No. 339328000, her engines, tackle,
gear, appurtenances, etc., *in rem*,
UTOPIA YACHTING LLC, *in personam*,

    Defendants.
_____/

**JOINT SUMMARY OF MOTIONS IN LIMINE**

Plaintiff, Eric Ward, and Intervening Plaintiffs—Samuel Parrott, and Fred Wennberg ("Plaintiffs")— and Defendants, M/Y *Utopia IV* and Utopia Yachting, LLC ("Defendants") (collectively, "Parties"), by and through their undersigned counsels, hereby file their Joint Summary of Motions in Limine as follows:

    1.    **GRANTED EXCLUSION OF ALL TESTIMONY AND EVIDENCE ON LIABILITY & PROPOSED JURY INSTRUCTION ON LIABILITY**

DEFENDANTS' SUMMARY:

Pursuant to this Honorable Court's Order [DE 219] granting Defendants' Conditional Motion to Admit Liability and Defendants' Motion in Limine to Exclude Testimony and Evidence on Liability Subsequent to Publications of the Defendants' Admission [DE 120], the Parties are precluded from offering "*testimony and evidence of the Defendants' liability on the Plaintiffs' negligence and/or unseaworthiness claims (with the exception of Fred Wennberg's additional incident claims) and the testimony of the Plaintiffs' liability expert Captain Hendrik Keijer*" at Trial.

This Honorable Court's Order further provides that "*Evidence of liability may be referenced at trial only when attendant with a medical diagnosis*" and the Plaintiffs medical treaters (all of whom the Plaintiffs failed to disclose as Summary Experts pursuant to Rule 26) are precluded from testifying as to the cause of Plaintiffs' medical conditions at Trial based on

their counsels' representations to this Honorable Court at Hearing on Defendant's Motions in Limine. *See* [DE 234 at Page 9 ¶ 3E].

Notwithstanding, Plaintiff is attempting to proffer the following liability evidence that clearly must be excluded pursuant to the Court's Order:

- Contested Facts numbered 1-48, noting that the first Contested Fact submitted by the Plaintiffs is "*Each statement and conclusion put forth by Plaintiffs' Expert Captain Hendrik J. Keijer's Marine Expert Report [DE 115-1]*" which (in addition to being inadmissible hearsay) is expressly excluded by [DE 234].

- Exhibits 105, 125, 138, 158, 159, 175, 178, 180, 182, 183, 185-191, 193-195, 198-219, 221, 224, 233, 236, 242, 273-274

- Deposition Testimony of Sarah Barkley on March 29, 2024 at Pages 35:1 – 35:14 and 47:24-25.

As this Honorable Court has ruled that "*evidence regarding liability will lead to unfair prejudice, waste the jury's time, and would be needlessly cumulative*," it is respectfully submitted that the foregoing along with any other liability evidence (including but not limited to evidence of negligence and unseaworthiness) must be excluded at Trial.

This Honorable Court also deferred ruling on the proposed liability stipulation and the jury instructions related hereto "until the next hearing, to be scheduled by the Court" in its Omnibus Order [DE 234].

PLAINTIFF'S RESPONSE:

The Court has not yet ruled on the Parties' separate proposals for the Parties' Proposed Jury Instructions and Stipulated Facts on Liability [DE 228]. It would be improper to omit facts and to prevent the jury from hearing certain facts on liability, disputed or not, until the time the Court rules on the pending Proposed Jury Instructions and Stipulated Facts on Liability [DE 228]. It is important for the Jury to know exactly how the collision occurred, which facts are stipulated, and which specific facts are disputed so that the jury can properly "understand the facts and circumstances of the collision to decide damages for each of Plaintiff and Intervening Plaintiffs' injuries". *See* [DE 124] ¶ 2.

It would be improper as a matter of law to not inform the jury of specific facts that are admitted and stipulated to prior to starting trial. Doing so would prevent the jury from being able to properly adjudicate the damages if they do not understand the circumstances of how the collision occurred, how the Plaintiffs were injured, and in what specific ways Utopia Yachting,

LLC and its Yacht were negligent and unseaworthy. Plaintiffs submit that it is not sufficient to simply state that the Yacht and Utopia Yachting, LLC were negligent and unseaworthy. The jury is entitled to learn the facts and chronological timeline of events so that they can understand the context of how the Defendants were negligent, how the Yacht was unseaworthy, and how the Defendants' actions and inactions led to the Plaintiffs' injuries. *See White v. Westlund*, 624 So. 2d 1148, 1152 (Fla. 4th DCA 1993) ("in most instances, evidence describing the details of an accident is logically relevant and admissible, even where liability has been admitted, to place the extent of injuries suffered by the plaintiff, as well as the degree of pain endured, in the proper context.").

When the Court rules on which specific facts are admitted as a jury instruction and what the specific stipulations are on each of the Defendants' admissions, then at that time, Plaintiff will remove exhibits that may be redundant to the factual admissions. However, if certain facts are not admitted in the jury instructions, then those disputed facts must be discussed at trial through testimony and exhibits and should not be omitted and excluded.

### 2.  MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF OR REFERENCE TO UNAUTHENTICATED MEDICAL RECORDS

<u>DEFENDANTS' SUMMARY:</u>

Pursuant to Order [DE 234], this Honorable Court has reserved ruling on objections to the introduction of or reference to unauthenticated medical records until they are raised in the context of trial. As set forth in the Defendants' Motion in Limine, Defendants' obtained partial medical records for the Plaintiffs through haphazard responses to HIPAA Releases from multiple medical treaters. At no point during these proceedings was any medical record for the Plaintiff authenticated during these proceedings via the treaters themselves or their records custodians.

Federal Rule of Evidence 901 requires medical records to be authenticated for admission at Trial either through the testimony of a witness with knowledge of the records (such as a records custodian) or via a proper certification of the records or an affidavit from the records custodian under Rule 902(11) expressly affirming that the records meet the business records exception under Rule 803(6). Rule 902(11) also states that "*the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them*." In the instant case, the Plaintiffs have not provided a single certification or

affidavit from a single records custodian with respect to their medical records to date or any notice of their intent to do so with less than 2 weeks before the commencement of the Trial Period.

Accordingly, it is respectfully submitted that all unauthenticated medical records on the Plaintiffs' Exhibit List (including but not limited to all medical and medical billing records included in Plaintiffs' Exhibits 3-9, 11-12, 15-17, 34-76, 86-87, 90-94, 106-120, 123-124, 127, 143-145, 157, 164, 166, 168-169, 171-173, 175, 176, 222-223, 239-240, 245-261, 264, 268-272) must be excluded at Trial. See Duchnowski v. County of Nassau, 416 F.Supp.3d 179 (E.D. N.Y. 2108).

PLAINTIFF'S RESPONSE:

As the Defendants admit, they received all of the Plaintiffs' medical records directly from the providers without any intervention of the Plaintiff or Plaintiffs' counsel. It is also improper to have a blanket exclusion of exhibits for authenticity objections on a Motion in Limine as these objections must be ruled on a document-by-document basis at trial. Blanket exclusions without giving the Plaintiffs an opportunity to authenticate the document through testimony or otherwise would be improper as these documents will be authenticated at trial by testimony, affidavit or otherwise. Fed. R. Evid. 901(a) governs the authentication of documents. All of the Plaintiffs' medical records are capable of being authenticated at trial and so Defendant's motion in limine must be denied. *See also Shannon v. Advance Stores Co.*, No. 3:08-cv-940, 2009 U.S. Dist. LEXIS 76658, 2009 WL 2767039, at *4- *5 (M.D. Tenn. Aug. 27, 2009) (holding medical records can be authenticated by "affidavit or other evidence"); *Knapp v. City of Columbus*, No. 2:01-cv-255, 2005 U.S. Dist. LEXIS 42897, 2005 WL 6168484, at *5 (S.D. Ohio Feb. 16, 2005) (finding affidavits plaintiff supplied to the Court were sufficient to authenticate doctor letters and treatment notes).

Courts "may also "conduct an independent analysis and admit into evidence certain documents containing 'a prima facie aura of reliability,' even where they are not properly authenticated"". *Berry v. Lewis Trucking & Grading*, No. 1:06-CV-0041-JEC/AJB, 2007 U.S. Dist. LEXIS 117036, at *10-11 (N.D. Ga. Mar. 23, 2007) (quoting *Jones v. Rabanco, Ltd.*, 439 F. Supp. 2d 1149, 1159 (W.D. Wash. 2006)). While the Defendants have failed to specifically identify the documents they are objecting to for authenticity, the Defendants admit that they received complete files of each of the Plaintiffs' medical records from the Plaintiffs' medical providers via signed HIPAA waivers. Plaintiffs then submitted Request for Copies to the

Defendants and received each of the Plaintiffs' medical records from the Defendants as transmitted by the medical providers. There is no reason to believe any of the doctors' records are not authentic since most records were faxed or sent to the Defendants' offices by email directly from the records custodians for the medical providers. *See also Berry*, No. 1:06-CV-0041- JEC/AJB, 2007 U.S. Dist. LEXIS 117036, at *11 ("there is no reason to suspect that the documents are inauthentic in that they appear to be emails that were sent to Lewis Trucking email accounts as indicated by the URL at the bottom of each email"); *see also* Fed. R. Evid. 901(b)(4) (documents may be authenticated by "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances").

Finally, Plaintiffs will also either present authenticity affidavits or live testimony from the records custodians to the Court for each of the medical providers if the Court has reasonable suspicion of specific records not being authentic. Plaintiff is currently working with the records custodians to secure such affidavits ahead of trial and will provide the Defendants with notice of such when the affidavits are received from the records custodians.

### 3. GRANTED MOTION IN LIMINE TO PRECLUDE INTROUCTION OF OR RELIANCE ON SARAH BARKLEY'S TYPED REPORTS/NOTES

<u>DEFENDANTS' SUMMARY:</u>

Pursuant to this Honorable Court's Omnibus Order [DE 234] at Pages 8-9 ¶3D, only Sarah Barkley's notes/treatment summary records prepared contemporaneously with her treatment of Eric Ward are admissible at trial (if properly authenticated). Plaintiffs' counsel represented to the Court at Hearing on Defendants' Motion in Limine that the only contemporaneous notes that Ms. Barkley took were handwritten notes and that all typed summaries and notes were prepared in anticipation of litigation (not contemporaneously with treatment) and co-authored by Eric Ward. That representation is consistent with Sarah Barkley's Deposition Testimony and the fact that Ms. Barkley billed the Defendants for her time preparing her typed summaries.

This Honorable Court ruled that Ms. Barkley's typed summaries and notes were not admissible at Trial. It is further noted that Ms. Barkley is a lay witness precluded from giving expert evidence or testifying about causation. *See* [DE 234 at Page 9 ¶ 3E].

Notwithstanding that ruling, Plaintiffs have included all of Ms. Barkley's inadmissible typed summaries and notes co-authored by Eric Ward in their Exhibit 15 and incorrectly identified the same as the "*Entire Medical Records for Eric Ward provided by Eric Ward and the Defendant through a Request for copies*" even though it is missing Ms. Barkley's

handwritten notes. It is respectfully submitted that Plaintiffs' Exhibit 15 must be precluded from admission at Trial and Ms. Barkley must not be permitted to rely on the same while testifying.

PLAINTIFF'S RESPONSE:

The Plaintiffs never stated that only handwritten notes were the only contemporaneous records and to state such is a misrepresentation to the Court. The Plaintiffs stated that Ms. Barkley's clinical notes were either handwritten or typed in shorthand contemporaneous to the treatment that Mr. Ward received. Ms. Barkley will testify at trial that the entirety of Exhibit 15 are her contemporaneous clinical notes that were not created in anticipation of litigation. The only documents that were created in anticipation of litigation and that the Defendants paid to receive were summaries on Ms. Barkley's letterhead. Those documents are not part of Exhibit 15 and will not be presented at trial pursuant to the Court's Order. Plaintiffs will show the Court the difference between the contemporaneous shorthand clinical notes and the summaries that Ms. Barkley created specifically for the Defendants.

It would be improper to exclude Exhibit 15 as it currently is presented simply because it was typed. Most, if not all, medical providers create typed medical records that are created contemporaneously to the office visit, and just as it would be improper to exclude those records, it would also be improper to exclude Ms. Barkley's clinical notes.

**4. MOTION IN LIMINE TO PRECLUDE IMPROPER EXPERT TESTIMONY FROM WITNESSES NOT DESIGNATED PURSUANT TO RULE 26(a)(2)(C)**

DEFENDANTS' SUMMARY:

As set forth above and in this Honorable Court's Order [DE 234 at Page 9 ¶ 3E], "*At the hearing* (on Defendants' Motions in Limine), *the Plaintiffs represented that Ms. Barkley, and the other **medical providers not designated as experts, would not testify as to the cause of the Plaintiffs' medical conditions***. Therefore, **Ms. Barkley and any other medical providers would not be testifying as experts**."

Plaintiffs did not designate a single medical provider, as was required under FRCP 26(a)(2)(C) and the Trial Orders in this case, if they were to offer expert testimony in these proceedings (including but not limited to testimony on causation of the Plaintiffs' medical conditions). *See* [DE 36; 90; 99; 138; 142]. Accordingly, all of the Plaintiffs' medical providers are restricted to testifying as lay witnesses and precluded from testifying on anything based on

scientific, technical, or other specialized knowledge. <u>United States v. Henderson</u>, 409 F.3d 1293, 1300 (11th Cir. 2005). Further these lay witnesses should not be permitted to answer hypothetical questions or testify as to causation. *Id*.; *see also* <u>Huddleston v. United States</u> No. 2:19-CV-14048, 2019 WL 6879741, at *1 (S.D. Fla. Dec. 17, 2019) (granting summary judgment where the plaintiff had no expert witness to testimony about the causation of his injuries).

Notwithstanding their counsel's representations to this Honorable Court, significant portions of the medical testimony designated by the Plaintiffs includes improper causation and expert testimony (including but not limited to the Deposition Testimony of Dr. Austin Chen at **30**:9 - **32**:18; the March 29th Deposition Testimony of Sarah Barkley at **35**:1 – **35**:14, **38**:13–**41**:10, **45**:9 – **47**:18, **48**:22– **49**:13, **50**:9 - **52**:22, **53**:20 – **55**:1, **56**:16-**57**:23, **58**:21– **59**:15, **61**:15–**61**:22, **62**:3 – **62**:19, **65**:12 – **73**:1; and April 8th Deposition Testimony of Sarah Barkley at **4**:12-**8**:8, **9**:15-**11**:12, **14**:17 – **17**:1, **17**:8 – **19**:20, **21**:2 – **23**:10, **27**:7 – **28**:16). Defendants respectfully submit that any such causation and/or expert testimony must be precluded from introduction at Trial pursuant to FRCP 26(a)(2) and FRE 702, 703, or 705 and that Plaintiffs' medical treaters must be precluded from offering any causation and/or expert testimony at Trial.

PLAINTIFF'S RESPONSE:

The Defendants have not specified which testimony they believe is improper and so it would be impossible for the Court to rule on this motion in limine at this time. For example, Sarah Barkley, the therapist for Plaintiff Ward, is a lay witness who will testify to how Plaintiff Ward's PTSD affects him in his life, namely the pain and suffering he endures daily, financial hardships, and the difficulties Ward has had in his view, in obtaining payment for his medical treatment from the Defendants. *Abbott v. Mega Trucking, LLC*, No. 2:20-CV-776-WKW, 2023 U.S. Dist. LEXIS 46235, at *10 (M.D. Ala. Mar. 20, 2023). A medical provider's testimony is admissible as a lay witness "(1) 'rationally based on the witness's perception,' (2) 'helpful to clearly understanding the witness's testimony or to determining a fact in issue,' and (3) 'not based on scientific, technical, or other specialized knowledge within the scope of Rule 702'". *Lebron v. Sec'y of Fla. Dep't of Child. & Fams.*, 772 F.3d 1352, 1372 (11th Cir. 2014) (quoting Fed. R. Evid. 701). It is binding law in the Eleventh Circuit that "a treating physician is not

considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party" and that "[a] treating physician, even when testifying as a lay witness, may state "expert" facts to the jury in order to explain his testimony". *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317-18 (11th Cir. 2011); *see also Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999) ("any opinions offered by [a lay witness doctor] were based on his experience as a physician and were clearly helpful to an understanding of his decision making process in the situation.").

Finally, as to the other treating medical providers and physicians, those are also being offered as lay witnesses, but at this stage the record is insufficient to properly determine the issue at the motion in limine stage. As the Court in *Abbott* stated: "the record [is] insufficient determine whether these treating physicians relied on information obtained outside the course of treatment to form their opinions on medical causation. If their testimony reveals that their opinions on the cause of Mr. Abbott's injuries were not derived from Mr. Abbott's medical care or that they did not have information related to the cause of injuries during Mr. Abbott's treatment, Defendants can object at trial." *Abbott*, No. 2:20-CV-776-WKW, 2023 U.S. Dist. LEXIS 46235, at *10-11; *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) ("district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling").

Dated this 13th day of January 2025.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), the Parties hereby certify that they conferred in a good faith effort in preparing and finalizing this Summary of Motions in Limine.

Dated: January 14, 2025

Respectfully Submitted,

| | |
|---|---|
| **MOORE & COMPANY, P.A.** | **CAMPBELL JOHNSTON CLARK, LLP** |
| *Counsel for Plaintiff and Intervening Plaintiffs* | *Counsel for Defendants* |
| 255 Aragon Avenue, 3rd Floor | 2600 Douglas Road |
| Coral Gables, Florida 33134 | Suite 508 |
| Telephone: (786) 221-0600 | Coral Gables, FL 33134 |
| Facsimile: (786) 221-0601 | Tel.: 786-204-3784 |
| Email: kvartak@moore-and-co.com | Email: neil@cjclaw.com |
| Email: michael@moore-and-co.com | Email: chase@cjclaw.com |
| Email: gpla@moore-and-co.com | Email: cindy@cjclaw.com |
| | Email: nadia@cjclaw.com |
| | |
| s/ Kavan Vartak | /s/ Neil Bayer |
| Kavan Vartak, Esq. | Neil Bayer, Esq. |
| Florida Bar #1017058 | Fla. Bar No.: 615684 |
| Michael T. Moore | Chase Alexandra Jansson, Esq. |
| Florida Bar #207845 | Fla. Bar No.: 1002265 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2025 a true and correct copy of the foregoing was filed with the Court's electronic filing system, CM/ECF, which will send a notice of electronic filing to all counsel or parties of record.

*s/ Kavan Vartak*
Kavan Vartak, Esq.

## SERVICE LIST

**CAMPBELL JOHNSTON CLARK, LLP**
*Counsel for Defendants*
2600 Douglas Road, Suite 508
Coral Gables, FL 33134
Tel. : 786-204-3784
Email: neil@cjclaw.com
Email: chase@cjclaw.com
Email: cindy@cjclaw.com

Neil Bayer, Esq.
Fla. Bar No.: 615684
Chase Alexandra Jansson, Esq.
Fla. Bar No.: 1002265