UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23847-BLOOM/Goodman

ERIC WARD, *et al.*,

    Plaintiffs,

v.

M/Y UTOPIA IV, *Official No. 1305829, MMSI No. 339328000, her engines, tackle, gear, appurtenances, etc.*, *in rem*, and UTOPIA YACHTING, LLC, *in personam*,

    Defendants.

_____/

## ORDER ON PARTIES' MOTIONS *IN LIMINE*

**THIS CAUSE** is before the Court upon the parties' Joint Summary of Motions *in Limine*, ECF No. [274]. The Court has reviewed the Motions, the supporting and opposing submissions, the record in the case, and is otherwise fully advised. For the reasons that follow, the Motions *in Limine* are granted in part and denied in part.

**I. BACKGROUND**

The procedural history of the case is extensive, and the Court provides only the background necessary to resolve the remaining Motions *in Limine.* Plaintiff Eric Ward initiated this action against Defendants M/Y Utopia IV and Utopia Yachting LLC on November 22, 2022. ECF No. [1]. Plaintiff brought three counts against Defendants: Failure to Provide Prompt and Adequate Maintenance and Cure and Wages Against Utopia Yachting LLC (Count I); Jones Act Negligence Against Utopia Yachting LLC (Count II); and Unseaworthiness Against the Yacht and Utopia Yachting LLC (Count III). *Id.* at 6-9. On January 6, 2023, Fred Wennberg intervened and brought

the same three counts as Ward but brought Count II against both Defendants. ECF No. [16]. On January 17, 2023, Samuel Parrott intervened, bringing identical claims to Ward. ECF No. [24].

Each Plaintiff was a crew member aboard the *Utopia IV* on December 23, 2021. ECF No. [275] at 1. Each Plaintiff claims to have been injured in a collision between the *Utopia IV* and the motor tanker *Tropic Breeze. Id.* Defendants "have admitted liability for the collision—that is, they accept legal responsibility for the collision." *Id.* at 2. Therefore, the jury will be asked to determine "whether each of the three Plaintiffs were injured in the collision, and, if so, the extent of their injuries and to then fairly compensate them for their injuries based on the testimony and evidence presented." *Id.* Plaintiffs have also alleged entitlement to maintenance, cure and/or unearned wages—each with different claims on those elements. *Id.* Defendants state that all legally owed compensation has already been paid. *Id.* Wennberg has additional negligence and unseaworthiness claims for separate incidents in which he was injured aboard the *Utopia IV*, but Defendants have not admitted liability for those incidents. *Id.*

The parties are scheduled to begin trial on March 24, 2025. ECF No. [57]. Judge Robert Scola has already ruled or reserved ruling on the parties' Motions *in Limine.* ECF Nos. [219], [234]. In anticipation of the upcoming trial, the parties have submitted a Joint Summary of Motions *in Limine*. ECF No. [288]. The summary of the Motions *in Limine* describes ongoing disputes regarding the interpretation and application of Judge Scola's rulings.

## II.    LEGAL STANDARD

### A.  Motions *in Limine*

A party can file a motion *in limine* to exclude anticipated prejudicial evidence from future proceedings. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "In fairness to the parties and their

ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States. v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). The movant has the burden of proving that the evidence is inadmissible. *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769, 6:07-cv-15733, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions *in limine*, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-cv-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-cv-545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *see In re Seroquel*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*.") (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

"In general, a district court may deny a motion *in limine* when it 'lacks the necessary specificity with respect to the evidence to be excluded.'" *Vaughn v. Carnival Corp.*, 571 F. Supp. 3d 1318, 1325 (S.D. Fla. 2021) (quoting *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001)). "Motions *in limine* should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial." *Powers v. Target Corp.*, No. 19-cv-60922, 2020 WL 1986968, at *7 (S.D. Fla. Apr. 27, 2020) (quoting *Holder v. Anderson*, No. 3:16-cv-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018)).

Case No. 22-cv-23847-BLOOM/Goodman

### III. DISCUSSION

#### A. Defendants' Motions *In Limine*

Defendants move to exclude the following categories of evidence at trial:

**i. Exclusion of all Testimony and Evidence on Liability and Proposed Jury Instructions on Liability**

In accordance with Judge Scola's September 27, 2024 Order on Certain of Defendants' Motions *in Limine* ("September 27 Order"), ECF No. [219], Defendant seeks to exclude "liability evidence . . . including but not limited to evidence of negligence and unseaworthiness[.]" ECF No. [274] at 2. Defendants state that the September 27 Order provided that the parties "are precluded from offering 'testimony and evidence of the Defendants' liability on the Plaintiffs' negligence and/or unseaworthiness claims (with the exception of Fred Wennberg's accidental incident claims) and the testimony of the Plaintiffs' liability expert Captain Hendrik Keijer' at [t]rial." *Id.* at 1 (quoting ECF No. [219] at 2).

As Judge Scola noted in the September 27 Order, Plaintiffs only agreed "in principle to the Defendants' proposal." ECF No. [219] at 1. There appeared to be significant disagreement between the parties regarding the details of any hypothetical stipulation. As Judge Scola stated, Plaintiffs "believe that the Maintenance and Cure claims for the Plaintiffs must be litigated in full, and that there should be a jury instruction with respect to the stipulation." *Id.* Additionally, "Plaintiffs also want to ensure that the stipulation and jury instruction(s) are adequate for the jury to 'understand the facts *and* circumstances of the collision[.]'" *Id.* (quoting ECF No. [119] at 2).

Much of the September 27 Order was conditional, with Judge Scola noting, "[t]he parties thus agree, for the most part, that *if* the Defendants stipulate to liability, then certain evidence and testimony *may* be cumulative and unfairly prejudicial to the Defendants." ECF No. [219] at 2

4

(emphases added). Judge Scola's opinion that "evidence regarding liability will lead to unfair prejudice, waste the jury's time, and would be needlessly cumulative" was based on the assumption that "the Defendants *will* stipulate to liability[.]" *Id.* (emphasis added).

As reflected in the Joint Notice of Late Filing of Joint Proposed Jury Instructions with Objections, the parties have agreed to the instruction "M/Y UTOPIA and Utopia Yachting LLC is at fault for the collision – that is the Defendants admit and accept legal responsibility for the collision." ECF No. [277-1] at 33. Given that is the extent of the parties' agreement regarding Defendants' liability, the Court is unable to presently determine what evidence of Defendants' liability—if any—would be cumulative or unfairly prejudicial. *See Perez v. Fla. POP, LLC*, No. 20-cv-14214, 2022 WL 18023487, at *2 (S.D. Fla. Jan. 28, 2022) ("Rather than issue preemptive rulings that may needlessly restrict legitimate evidence and argument, I will make individualized assessments regarding the introduction of any evidence . . . based on properly raised objections during trial when the specific nature of the evidence is known and presented in context."). Accordingly, the Court reserves ruling on the Motion *in Limine* and the proposed jury instructions.

### ii. Preclude Introduction of or Reference to Unauthenticated Medical Records

Defendants seek to exclude "all unauthenticated medical records on the Plaintiffs' Exhibit List." ECF No. [274] at 4. Defendants state that "[a]t no point during these proceedings was any medical record for the Plaintiff authenticated . . . via the treaters themselves or their records custodians." *Id.* at 3. Defendants acknowledge that, in Judge Scola's October 3, 2024 Omnibus Order ("Omnibus Order"), he "reserved ruling on objections to the introduction of or reference to unauthenticated medical records until they are raised in the context of trial." *Id.*

As stated in the Omnibus Order:

Case No. 22-cv-23847-BLOOM/Goodman

> [I]t appears that the Plaintiffs may not be able to authenticate various records, while they may be able to authenticate others. Because the court must "exclude[] evidence on a Motion *in Limine* only if the evidence is clearly inadmissible for any purpose," the Court will determine authentication issues exhibit-by-exhibit at trial. *See Lopez v. Allstate Fire & Cas. Ins. Co.*, 2015 WL 11216748, at *1 (S.D. Fla. Oct. 27, 2015) (Cooke, J.).

ECF No. [234] at 6-7. Plaintiffs state "[a]ll of the Plaintiffs' medical records are capable of being authenticated at trial[.]" ECF No. [274] at 4. As Plaintiff notes, medical records may be authenticated through testimony of a witness with knowledge "that an item is what it is claimed to be." Fed. R. Evid. 901(b)(1).

Defendants note that Rule 902(11) provides an alternative method of authentication. A document is "self-authenticating" under Rule 902(11) if the record "meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court." Fed. R. Evid. 902(11). However, as Defendants state, if a party seeks to authenticate a document under Rule 902(11), "[b]efore the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them." *Id.*

Should Plaintiff seek to authenticate any medical records via certification, the certification must be made available to Defendants on or before March 17, 2025. To the extent Plaintiff is unable to produce the required certifications on or before March 17, 2025, and is unable to authenticate the records at trial, the Motion is granted.

Case No. 22-cv-23847-BLOOM/Goodman

### iii. Preclude Introduction of or Reliance on Sarah Barkley's Typed Reports/Notes

Defendants argue that, despite Plaintiff's prior representation "that the only contemporaneous notes that Ms. Barkley took were handwritten notes and that all typed summaries and notes were prepared in anticipation of litigation (and not contemporaneously with treatment) and co-authored by Eric Ward," Plaintiffs, in defiance of Judge Scola's Omnibus Order, "have included all of Ms. Barkley's inadmissible typed summaries and notes co-authored by Eric Ward in their Exhibit 15[.]" ECF No. [274] at 5. Plaintiffs respond that they "never stated that . . . handwritten notes were the only contemporaneous records," but that "Ms. Barkley's clinical notes were either handwritten or typed in shorthand contemporaneous to the treatment that Mr. Ward received." *Id.* at 6.

Plaintiffs state that "Ms. Barkley will testify at trial that the entirety of Exhibit 15 are her contemporaneous clinical notes that were not created in anticipation of litigation." *Id.* As stated in the Omnibus Order, "Ms. Barkley may testify with respect to her contemporaneous notes/treatment summary records but may not testify with respect to the more detailed report prepared in anticipation of litigation." ECF No. [234] at 9. In accordance with the Omnibus Order, the Motion is denied to the extent that the typed notes and reports are contemporaneous clinical notes that were not created in anticipation of litigation.

### iv. Preclude Improper Expert Testimony from Witnesses Not Designated Pursuant to Rule 26(a)(2)(C)

In the Omnibus Order, Judge Scola noted, "the Plaintiffs represented that Ms. Barkley, and the other medical providers not designated as experts, would not testify as to the cause of the Plaintiffs' medical conditions. Therefore, Ms. Barkley and any other medical providers would not

be testifying as experts." ECF No. [234] at 9. Based on that representation, Judge Scola denied the Motion *in Limine* to exclude testimony not properly designated under Rule 26(a)(2)(C). *Id.* However, Defendants argue that "significant portions of the medical testimony designated by the Plaintiffs include improper causation and expert testimony[.]" ECF No. [274] at 7. Plaintiffs state "Defendants have not specified which testimony the believe is improper and so it would be impossible for the Court to rule on this motion *in limine* at this time." *Id.* (emphasis added). Although Defendants cite a series of specific portions of the depositions of Dr. Austin Chen and Dr. Sarah Barkley which they state, "includes improper causation and expert testimony," *id.* "[t]he exact boundaries of the treating physician's testimony [should] be addressed with specific objections to specific testimony in the context of trial." *Powers*, 2020 WL 1986968, at *3 (quoting *Baratta v. City of Largo*, No. 8:01-cv-1894EAJ, 2003 WL 25686843, at *3 (M.D. Fla. Mar. 18, 2003)).

"[A] treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party," *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317 (11th Cir. 2011) (quoting *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999). "[A] physician may offer lay *opinion* testimony, consistent with Rule 701, when the opinion is 'based on his experience as a physician and [is] clearly helpful to an understanding of his decision-making process in the situation.'" *Id.* (quoting *Weese v. Schukman*, 98 F.3d 542, 550 (10th Cir. 1996). "[W]hen a treating physician's testimony is based on a hypothesis, not the experience of treating the patient, it crosses the line from lay to expert testimony[.]" *Id.* at 1317-18.

To the extent the treating physicians can "testif[y] about [their] observations based on personal knowledge, including the treatment of the part[ies]," the Motion is denied. *Id.* at 1317.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motions *in Limine*, **ECF No. [274],** are **GRANTED IN PART** and **DENIED IN PART**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 10, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record