UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-23847-CIV-BLOOM/GOODMAN

ERIC WARD, et al.,

    Plaintiff,

v.

M/Y UTOPIA IV, Official No. 1305829, MMSI No. 339328000, her engines, tackle, gear, appurtenances, etc., *in rem*, UTOPIA YACHTING LLC, *in personam*

    Defendants.
_____/

**PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND PREJUDGMENT INTEREST**

    Plaintiff, ERIC WARD, SAMUEL PARROTT AND FRED WENNBERG (hereinafter ("Ward", "Parrott" and "Wennberg" or collectively "Plaintiffs") by and through undersigned counsel, hereby file this Motion for Attorney's Fees and Prejudgment Interest, and states as grounds the following:

**INTRODUCTION**

1. On November 22, 2022, Plaintiff Eric Ward filed his complaint against the M/Y UTOPIA ("Yacht") and UTOPIA YACHTING LLC ("Utopia" or collectively "Defendants") for injuries suffered aboard the Yacht arising out of a collision in the Bahamas on December 23, 2021.

2. Collectively, six other injured crew members filed intervening complaints, namely Fred Wennberg on January 6, 2023, and Samuel Parrott on January 17, 2023, for injuries arising out of the collision and other incidents for Fred Wennberg.

3. While four claimants settled before trial, the three remaining Plaintiffs proceeded to trial on March 31, 2025.

4. The trial concluded on April 17, 2025, with a jury verdict in favor of each of the three Plaintiffs.

5. In addition to the compensatory damages awarded to each of the three Plaintiffs, the jury also made the following findings and awards for punitive damage awards for each of the Plaintiffs:

   a. For Ward, the jury found that Utopia "willfully and arbitrarily failed to or delayed providing Cure up to the time that Eric Ward reached maximum cure" and awarded $100,000 for Utopia's "willful delay of nursing and medical expenses". The Jury also awarded Eric Ward an additional $345,000 in punitive damages for Utopia's "willful delay of unpaid wages".

   b. For Parrott, the jury found that Utopia "willfully and arbitrarily failed to or delayed providing Cure" and accordingly awarded $50,000 in punitive damages for the "willful delay of nursing and medical expenses". The Jury also awarded $132,000 in punitive damages for the "willful delay of unpaid wages".

   c. For Wennberg, the jury found that Utopia in respect to the 3rd Incident for the December 23, 2021 collision, that Utopia "willfully and arbitrarily failed to or delayed providing Maintenance and Cure or Unearned Wages". The Jury also awarded $450,000 to Wennberg in punitive damages for Utopia's "willful failure to pay cure".

   d. Furthermore, for Wennberg in Incident 5 regarding the Battery Explosion, the jury found that Utopia "willfully and arbitrarily failed to or delayed providing

   Maintenance or Cure" and awarded $90,000 in punitive damages to Wennberg for the "willful failure to pay nursing and medical expenses".

6. On April 23, 2025 the Court entered Final Judgment in favor of each of the three Plaintiffs and further ordered that the parties may file their respective motions for attorney's fees and costs, if applicable, within 30 days of entry of the judgment.

7. The Final Judgment now entitles the Plaintiffs to attorney's fees and prejudgment interest.

8. Plaintiff's now request the Court grant them attorney's fees and prejudgment interest in accordance with the law and the associated punitive damage awards.

## **LEGAL STANDARD**

Courts in admiralty law are authorized to grant an allowance for attorney's fees under appropriate circumstances. *Vaughan v. Atkinson*, 369 U.S. 527, 530 (1962). The Supreme Court found that when the shipowner's refusal to pay maintenance and cure was "willful", then the Court should grant an award of attorney's fees. The 11th Circuit further analyzed *Vaughan* and held that "both reasonable attorney's fees and punitive damages may be legally awarded" where a shipowner willfully failed to pay maintenance or cure. *Hines v. J.A. La Porte, Inc.*, 820 F.2d 1187, 1189 (11th Cir. 1987). The 11th Circuit in *Atl. Sounding Co. v. Townsend*, 496 F.3d 1282, 1283 (11th Cir. 2007) affirmed *Hines* and held that courts in this circuit should award both punitive damages and attorney fees on a finding of willful failure to pay maintenance or cure. *See also Hurtado v. Balerno Int'l Ltd.*, 408 F. Supp. 3d 1315, 1334 (S.D. Fla. 2019) (granting attorney's fees after a trial that found a willful failure to pay maintenance and cure); *Weeks Marine, Inc. v. Bowman*, No. 04-0009, 2006 U.S. Dist. LEXIS 53553, at *16 (E.D. La. July 28, 2006) (granting attorney's fees after a trial that found a willful failure to pay cure).

Courts must also grant prejudgment interest in admiralty cases as compensation "for the use of funds that were rightfully his". *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1191-92 (11th Cir. 2009). The only discretion a district court has to deny prejudgment interest is when there are "peculiar circumstances that make it inequitable for the losing party to pay prejudgment interest". *Id.* Prejudgment interest accrues from the date of injury for the Plaintiff at the "prime rate during the relevant period" and in the absence of a controlling statute, the district court has discretion to set the rate of prejudgment interest. *Id.*

## ARGUMENT

1. **Attorney's Fees**

Plaintiffs request that this Court grant an award for attorney's fees based on the jury's factual findings that the Defendant Utopia "willfully and arbitrarily failed to or delayed" in providing maintenance, cure and/or wages to each of the Plaintiffs. The Jury not only awarded compensatory damages, but for each Plaintiff, the jury specifically awarded each punitive damages for the willful failures by Utopia. The law is clear that after a factual finding of a shipowner's willful failure to pay maintenance, cure or wages with an award of punitive damages, a Court should grant attorney's fees to the seaman. *Atl. Sounding Co.*, 496 F.3d at 1283; *see also Hines*, 820 F.2d at 1189 ("reasonable attorney's fees and punitive damages may be legally awarded" after a finding of willful failure to pay maintenance and cure).

The jury made clear findings that the Defendants acted willfully in delaying cure and wages for Parrott and Ward and then for Wennberg, the jury found that Utopia willfully failed to provide Wennberg with cure for Incidents 3 and 5. [DE 390, 391, 392]. Ward was awarded $100,000 in punitive damages for the willful failure to pay cure and $345,000 for the willful failure to pay wages. [DE 390]. Parrott was awarded $50,000 in punitive damages for the "willful delay of

4

nursing and medical expenses" and $132,000 in punitive damages for the "willful delay of unpaid wages". [DE 391]. Wennberg was awarded $450,000 to Wennberg in punitive damages for Utopia's "willful failure to pay cure" for Incident 3. [DE 392]. Wennberg was also awarded $90,000 in punitive damages to Wennberg for the "willful failure to pay nursing and medical expenses" for Incident 5.

After the Court determines that the Plaintiffs are entitled to attorney's fees, the law on calculating attorney's fees in the 11th Circuit relies on the lodestar method and the twelve *Johnson* factors. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1298 (11th Cir. 1988); *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). The Lodestar Method simply stated "is the product of the number of reasonable hours expended and the reasonable hourly rate. *Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt.*, 385 F. Supp. 2d 1272, 1286 (M.D. Fla. 2005).

### a. Reasonable Hourly Rate

Courts have held that the reasonably hourly rate means "the prevailing market rate in the relevant legal community for similar services provided by lawyers of reasonably comparable skills, experience, and reputation". *Ass'n for Disabled Ams., Inc.*, 385 F. Supp. 2d at 1286 (quoting *Norman,* 836 F.2d at 1299). The Eleventh Circuit mandates that in determining a reasonable rate, the Court should look at a "range of fees established by the marketplace and modified by reference to an individual attorney's skill." *Id.* at 1287. Furthermore, the hours reasonably expended means that the Court should remove ""excessive, redundant or otherwise unnecessary" hours" from the total amount of hours spent. *Norman*, 836 F.2d at 1298. District Courts must also "be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents." *Id.,* at 1301. Finally, apart from evidence produced by the movant,

""[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Tynes v. Fla. Dep't of Juv. Just.*, No. 18-62891-CIV-DIMITROULEAS/HUNT, 2024 U.S. Dist. LEXIS 101700, at *2 (S.D. Fla. June 6, 2024) ("Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing").

This case began on November 22, 2022 and ended with a full jury trial on April 17, 2025, or 2 years, 4 months, 27 days. Plaintiff's counsel and paralegal's hourly rates have changed over the past two years and so Plaintiff's timekeepers' hourly fees have changed over that same time period. *See* **Exhibit A** – Timekeeper and Attorney's Fees. Accordingly, Plaintiff's counsel requests the following hourly rates for the following timekeepers:

- Kavan Vartak, Esq – lead counsel: $350 from July 20, 2022 to December 31, 2023 and $375 from January 1, 2024 to Present.

- Gabriel Pla, Esq. – associate/trial co-counsel: $350 from May 24, 2023 to Present.

- Madison Bode, Esq. – associate: $250 from June 29, 2022 to December 31, 2022 and $350 for 2023 and then $375 for 2024.

- Michael T. Moore, Esq. – managing partner: $625 from July 20, 2022 to December 31, 2024 and $675 from January 1, 2024 to Present.

- Laura Wisman – Paralegal - $175 from November 22, 2022 to December 31, 2022 and $200 from January 1, 2023 to December 31, 2024 and $210 from January 1, 2024 to Present.

- Rey Saenz – Paralegal - $150 from July 20, 2022 to December 31, 2023 and $175 from January 1, 2024 to Present.

Courts in this District regularly award attorney fees at an hourly rate between $350 to $850. *See Alper Auto., Inc. v. Day to Day Imports, Inc.*, No. 18-81753-CIV, 2022 U.S. Dist. LEXIS 158310, 2022 WL 3904327, at *4 (S.D. Fla. July 26, 2022) (Reinhart, J.) (finding rates ranging from **$350 to $675** per hour based on attorneys' experience in Palm Beach County reasonable); *Family First Life, LLC v. Rutstein*, 22-CV-80243-AMC, 2023 U.S. Dist. LEXIS 148363, 2023 WL 5939620, at *3 (S.D. Fla. Aug. 23, 2023) (holding that a rate of **$775** was reasonable); *CITGO Petro. Corp. v. Petro. Logistics Serv. USA, Inc.,* No. 22-mc-20762-ALTMAN/REID, 2022 U.S. Dist. LEXIS 216167, at *17 (S.D. Fla. Nov. 30, 2022) (holding that attorney hourly rates of **$850** and **$825** in Miami were reasonable); *Hernandez v. Scottsdale Ins. Co.,* No. 21-CV-20687-JLK, 2023 U.S. Dist. LEXIS 151425, 2023 WL 5939635, at *2 (S.D. Fla. Aug. 28, 2023) (finding **$350** hourly rate reasonable for associate with 5 years of experience); *Fresenius Vascular Care, Inc. v. Vasudeva,* No. 8:21-cv-1474-VMC-JSS, 2022 U.S. Dist. LEXIS 180754, at *4 (M.D. Fla. Oct. 3, 2022) (holding that hourly rates of **$335**, **$350** and **$495** are reasonable for attorneys fees); *Hajdasz v. Magic Burgers LLC*, No. 6:18-cv-1755-ORL22LRH, 2019 U.S. Dist. LEXIS 127046, 2019 WL 3383429, at *5 (M.D. Fla. June 26, 2019) (finding rate of **$500** per hour reasonable); *Tynes v. Fla. Dep't of Juv. Just.*, No. 18-62891-CIV-DIMITROULEAS/HUNT, 2024 U.S. Dist. LEXIS 101700, at *2 (S.D. Fla. June 6, 2024) (finding rate of **$500** is reasonable); *Hanson v. Stepping Stone Staffing LLC*, No. 21-60388-CIV-HUNT, 2023 U.S. Dist. LEXIS 69302, at *6 (S.D. Fla. Mar. 10, 2023) (Holding **$400** per hour is reasonable in the Southern District of Florida);

Courts also have held that for paralegals, hourly rates between $135 and $270 are reasonable in the Southern District of Florida. *Fresenius Vascular Care, Inc.,* No. 8:21-cv-1474-VMC-JSS, 2022 U.S. Dist. LEXIS 180754, at *4 (holding that hourly rates for paralegals of $165

and $270 are reasonable); *Soc. Life Network, Inc. v. Peak One Opportunity Fund, L.P.*, No. 21-21373-CV-GAYLES/TORRES, 2023 U.S. Dist. LEXIS 125302, at *11-12 (S.D. Fla. July 20, 2023) (finding $175 is reasonable for a paralegal's hourly rate).

The Twelve Johnson Factors also favor the Plaintiff's requested hourly rates. *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974). The Court stated that the twelve factors were:

> (1) the time and labor required; (2) the novelty and difficulty of the question involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.*

Undersigned counsel has spent an inordinate time billed on this case as it was filed on November 22, 2022 and trial did not occur until April 17, 2025, or 2 years, 4 months, 27 days later due to numerous delays. *See* **Exhibit A**. In addition, there were seven total claimants in this case and while four settled in December 2024, the three main claimants with the largest damage proceeded to an 11-day trial that spanned three weeks from March 31, 2025 to April 17, 2025. Plaintiff Wennberg had a very time-consuming and difficult case as he was injured in five different incidents during his employment, along with unpaid maintenance, cure and wage, which increased the difficulty in litigating the case. With the numerous claimants with different injuries and different incidents, undersigned counsel had to use multiple lawyers over the course of the nearly two and half years of litigation to manage the scope of the case. Undersigned counsel did engage with the Plaintiffs on a contingency basis as well. At the end of the 11-day trial, the jury awarded a large verdict of $805,000 for Plaintiff Ward, $591,000 for Plaintiff Parrot and $1,492,300 for Plaintiff Wennberg, for a grand total jury award of $2,888,300. As the undersigned counsel's

affidavit states, each attorney that worked on this case had an appropriate experience level for the hourly rate charged. *See* **Exhibit B**.

      ***b. Reasonable Hours Expended***

The Plaintiff's hours expended was also reasonable under the lodestar method. *See* **Exhibit A**. While Counsel must exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition, any objections by the opposing party to the hours "must be specific and be reasonably precise." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *see also ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301). In addition, if a "district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Courts have also held that attaching time sheets of each timekeeper is adequate documentation for proving reasonable hours spent. *Beck v. BOCE Grp., L.C.*, No. 04-20683-CIV, 2006 U.S. Dist. LEXIS 100103, at *9 (S.D. Fla. Sep. 13, 2006).

Moore and Company's total hours worked, and amounts billed are 5,164.53 hours, leading to a total of $1,648,948.50 in attorney's fees for time spent. The Jury's total award to the three Plaintiffs was 2,888,300. However, Plaintiff's retained undersigned counsel on a contingency basis, undersigned counsel's contingency agreement would net counsel $322,000 from Eric Ward, $236,400 from Samuel Parrott, and $547,690 from Fred Wennberg's awards, leading to a total of $1,106,090.

Thus, undersigned counsel would request that the Court calculate the lodestar with an "across the board cut" of approximately 32% from the hours actually billed, leading to a lodestar amount of $1,121,284.98 in attorney's fees. A 32% cut across the board is more than fair to the

Defendants as it is more than enough to remove the billing for the four settling Plaintiffs that aren't recoverable in attorney's fees in this motion, removing overbilling, block-billing, redundant and duplicative billing for the three Plaintiffs who did receive punitive awards, and the 32% reduction keeps the attorney's fees reasonably proportionate to the jury award, of $2,888,300.

Courts have held that for cases with punitive damages that go through a mutli-week jury trial, as this one did, such awards for attorney's fees are reasonable, even without any reductions or cuts to calculate the lodestar amount. For example, *City of Huntsville v. Proliance Energy, LLC*, No. CV-02-HS-1296-NE, 2005 U.S. Dist. LEXIS 49327, at *7 (N.D. Ala. July 1, 2005), the Court found that "11,094.28 hours is reasonable" and held that the Plaintiffs were entitled to "$2,494,002.05" in attorney's fees for a case that lasted multiple years and a trial that also lasted nearly three weeks. Likewise, in this case, it lasted over 2 years and trial also took nearly 3 weeks, however Plaintiffs in this case are only requesting a modest $1,121,284.98 in attorney's fees after an across the board cut as the Plaintiff's acknowledge that there will be some overlap, duplication and redundancy in the billing, as well as needing a reduction for the four smaller claims that settled prior to trial and for a reduction for block billing.

In *Dillard v. City of Greensboro*, 34 F. Supp. 2d 1330, 1343 (M.D. Ala. 1999) the trial court reduced the attorney's fees amount by 30% as well, to account for the duplicative, repetitive and work for which an attorney's fees award was not appropriate. Courts have also found that a 30% reduction is enough to compensate for attorney's records that contain block billing. *See B & F Sys. v. Leblanc*, Civil Action No. 7:07-CV-192 (HL), 2012 U.S. Dist. LEXIS 90504, at *34 (M.D. Ga. June 29, 2012) (holding a 30% reduction across the board is appropriate); *Pall Corp. v. 3M Purification Inc.*, No. CV 97-7599 (RRM)(ETB), 2012 U.S. Dist. LEXIS 76755, at *23 (E.D.N.Y. June 1, 2012) (approving a 30% reduction for block billing); 2002 Irrevocable Trust for

Richard C. Hvizdak v. Shenzhen Dev. Bank, Co., Ltd., 2011 U.S. Dist. LEXIS 104554, 2011 WL 4112776 (M.D. Fla. 2011) (approving of a 20% reduction across the board).

Therefore, Plaintiffs request that the Court grant the Plaintiffs $1,121,284.98 in attorney's fees as the lodestar amount.

### 2. Prejudgment Interest

Finally, Plaintiffs request a prejudgment interest to be added to the Final Judgment under the law. The 11th Circuit held that "[a]s a general rule, pre-judgment interest should be awarded in admiralty cases". *St. Paul Fire & Marine Ins. Co. v.*, 561 F.3d at 1191-92. Prejudgment interest in admiralty cases is compensation "for the use of funds that were rightfully his". *Id.* A district court only has discretion to deny prejudgment interest when "when there are peculiar circumstances that make it inequitable for the losing party to pay prejudgment interest." *Hurtado v. Balerno Int'l Ltd.*, 408 F. Supp. 3d 1315, 1334 (S.D. Fla. 2019) (citing *St. Paul Fire & Marine Ins. Co. v.*, 561 F.3d at 1191-92).

In this case, there are no "peculiar circumstances" to deny the Plaintiffs prejudgment interest and so the Plaintiffs prejudgment interest from the date of the incident, December 23, 2021 to the date of the Final Judgment, March 23, 2025, at "the prime rate during the relevant period", the choice of that rate being within the "discretion of the" district court. *Id.*

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Court enter an Order granting Plaintiff's Motion for Attorney's Fees and Prejudgment Interest.

## LOCAL RULE 7.1(3) CERTIFICATION

The undersigned counsel submits that per Local Rule 7.1(a)(3), the undersigned counsel conferred with Defendants' counsel Neil Bayer, Esq., via email on May 20, 2025 and Defendants object to the relief requested herein.

s/Kavan Vartak
Kavan Vartak, Esq.

Dated: May 23, 2025                    Respectfully submitted,

**MOORE & COMPANY, P.A.**
Counsel for Plaintiffs
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Kvartak@moore-and-co.com

s/Kavan Vartak
Kavan Vartak, Esq.
Florida Bar No. 1017058

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 23, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Copy of this pleading will be automatically served on all counsel of record through the Court's CM/ECF system.

s/ Kavan Vartak
Kavan Vartak, Esq.