UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23847-BLOOM

ERIC WARD, *et al.*,

    Plaintiffs,

v.

M/Y UTOPIA IV, *Official No. 1305829, MMSI No. 339328000, her engines, tackle, gear, appurtenances, etc.*, *in rem*, and UTOPIA YACHTING, LLC, *in personam*,

    Defendants.

_____/

## ORDER GRANTING MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Defendants M/Y Utopia IV and Utopia Yachting, LLC's Motion to Strike Wennberg's Election to Proceed with New Trial ("Motion"), ECF No. [478], filed on October 6, 2025. Plaintiff Fred Wennberg filed a Response, ECF No. [492], to which Defendants filed a Reply. ECF No. [493]. The Court has considered the Motion, the record, the supporting and opposing submissions, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.    BACKGROUND**

The Court assumes the parties' familiarity with the case and provides only the background necessary to resolve the instant Motion. On September 15, 2025, the Court issued an Omnibus Order, granting in part and denying in part Defendants' Motion to Amend the Judgment and Renewed Motion for Judgment as a Matter of Law ("Order"). ECF No. [464]. In the Order, the Court struck the jury's awards to Wennberg for "past net lost wage-earning capacity and benefits

from incident to the date of trial" for Counts 2 and 3 for Incident 3 and Counts 2 and 3 for Incident 5. ECF No. [464] at 6-15. In striking the jury's awards, this Court stated it was bound by *Buland v. NCL (Bahamas) Ltd*, in which the Eleventh Circuit "instructed that '[a] jury award for lost earning capacity must be supported by record evidence of the upper limit of the plaintiff's post-injury earning capacity.'" *Id.* at 10, 15 (quoting *Buland v. NCL (Bahamas) Ltd*, 992 F.3d 1143, 1152 (11th Cir. 2021)). Because the plaintiff in *Buland* "failed to present evidence that 'the part-time jobs *he believes* he is qualified and capable of performing . . .' represent the full extent of his post-injury earning capacity . . . any jury award for lost earning capacity would have been unduly speculative." *Id.* at 15 (quoting *Buland*, 992 F.3d at 1152).

Similarly, here, "because no reasonable juror could have concluded that Wennberg was entitled to past loss of earning capacity based on the evidence presented at trial," this Court granted Defendants' Motion for Judgment as a Matter of Law as to Plaintiff's damages for past loss of earning capacity for Incidents 3 and 5. *Id.* The Court also reduced Plaintiff Ward's award of punitive damages for willful delay of nursing and medical expenses to $15,000, concluding "a 3:1 ratio is appropriate in the present case to serve the retributive and deterrent purposes of punitive damages." *Id.* at 29, 30 (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 493, 511 (2008). The Court concluded that because it "found that [remittitur] is appropriate, the Seventh Amendment requires that Plaintiffs 'be given the option of a new trial in lieu of remitting a portion of the jury's award.' . . . If Plaintiffs do not consent to the remittitur 'the court has no alternative but to order a new trial.'" *Id.* at 30 (quoting *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1329 (11th Cir. 1999)). On October 2, 2025, both Plaintiffs elected to proceed with a new trial. ECF No. [476]. Defendants filed the instant Motion solely as to Plaintiff Wennberg's election to proceed with a new trial. *See* ECF No. [478].

Defendants argue that Plaintiff was not entitled to a new trial because "the Court did not rule that the jury's awards were unreasonable as a matter of fact, but, rather, determined that his evidence was insufficient to warrant submission of these claims to the jury[.]" ECF No. [478] at 1. Therefore, because the Court concluded that "a portion of a verdict is for an identifiable amount that is not permitted by law, the court may simply modify the jury's verdict to that extent and enter judgment for the correct amount." *Id.* at 2 (quoting *Johansen*, 170 F.3d at 1330). In Response, Plaintiff argues that in the Order, the "Court revisited the evidence, including Plaintiff Wennberg's testimony and the lack of expert opinion and documentary evidence of his earnings, and found that he did not sufficiently present evidence required to support a past loss of earning capacity award." ECF No. [492] at 4. Because the Court's ruling was "based on insufficient evidence," the Court was required to give Plaintiff the option of a new trial. *Id.* (citing *Hetzel v. Prince William Cty.*, 523 U.S. 208, 211-12 (1998)). Defendants reply that *Johansen* controls the present case, and Plaintiff only cites non-binding caselaw in support of his argument. ECF No. [493].

## II.  LEGAL STANDARD[1]

"While the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, such a motion can be treated as either a Motion to Alter or Amend Judgment under Rule 59(e) or a Motion for Relief from Judgment under Rule 60(b)." *Dingman v. Cart Shield USA, LLC*, No. 12-cv-20088, 2013 WL 2034984, at *2 (S.D. Fla. May 14, 2013) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir. 1993)).

---

[1] Although Defendants titled their Motion a "Motion to Strike," Federal Rule of Civil Procedure 12(f) only permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Accordingly, Defendants have not explained upon what authority the Court may strike an election of a new trial after the Court has granted Plaintiff the ability to make such an election. *See* ECF No. [464] at 30. Because neither party addresses the legal standard that should be applied to Defendants' Motion, the Court interprets the Motion as one for reconsideration of the Order granting Plaintiff Wennberg the option of a new trial in lieu of remitting a portion of the jury's award. *See id.*

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Relief is proper under Rule 59(e) only if the party presents newly discovered evidence or demonstrates a manifest error of law or fact." *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 670 (11th Cir. 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

Under Federal Rule of Civil Procedure 60(b), "courts may relieve a party from a judgment or order on several grounds, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment is no longer in effect; and (6) 'any other reason that justifies relief.'" *Marques*, 805 F. App'x at 671 (quoting Fed. R. Civ. P. 60(b)). For a Rule 60(b) motion for relief from judgment to be successful under the catchall provision—Rule 60(b)(6)—the movant "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion.'" *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

## III.  DISCUSSION

In *Johansen*, the Eleventh Circuit stated "[t]he Seventh Amendment requires . . . that the plaintiff be given the option of a new trial in lieu of remitting a portion of the jury's award." However, *Johansen* also held that courts may reduce a jury's verdict without giving the plaintiff the option of a trial "where a portion of a verdict is for an identifiable amount that is not permitted by law[.]" *Johansen*, 170 F.3d at 1329-30. Because "[n]either common law nor the Seventh

Amendment . . . prohibits the reexamination of the verdict for legal error[,] . . . if legal error is detected, the federal courts have the obligation and the power to correct the error by vacating or reversing the jury's verdict." *Id.* at 1330. The Eleventh Circuit relied upon *New York, L.E. & W.R. Co. v. Estill*, in which the Supreme Court

> determined that interest had been improperly awarded by the jury. The Court affirmed the jury's verdict as to the damages, but wrote that "it is not affirmed as to the amount of interest, or any part thereof, awarded by the verdict or judgment. That judgment is modified as to such interest, and the case is remanded to the court below, with a direction to enter a judgment for the plaintiffs for the [damages] . . . ."

*Johansen*, 170 F.3d at 1330 (quoting *New York, L.E. & W.R. Co. v. Estill*, 147 U.S. 591, 622 (1893)). The Court in *Johansen* distinguished the reduction of the verdict in *Estill* with the reduction in *Hetzel v. Prince William County, Va.* in which "the Supreme Court viewed the reduction of the verdict . . . as a traditional remittitur." *Id.* at 1331 (citing *Hetzel v. Prince William County, Va.*, 523 U.S. 208, 211 (1998)).

Plaintiff argues that the Court's reduction here was a traditional remittitur, as in *Hetzel*, where the Court of Appeals "determine[ed] that the evidence did not support the jury's general damages award and [ordered] the District Court to recalculate the damages[.]" ECF No. [492] at 3 (quoting *Hetzel*, 523 U.S. at 211). Indeed, Plaintiff notes that "[t]his Court's Order never mentioned any 'constitutional reduction' in its reasoning . . . Neither is there any mention of any real or potential due process violation caused by the jury's awards nor is there any mention of these awards being grossly excessive." *Id.* at 5. Additionally, Plaintiff argues that the Court's reduction was an exercise of discretion because the Court based its reduction on the fact that Plaintiffs did not "introduce any expert testimony regarding Wennberg's past earning capacity" and "even if past loss of earning capacity is an element of damages, it is still incumbent upon Wennberg to prove that he suffered such a loss." *Id.* at 4 (quoting ECF No. [464] at 12-14). Therefore, Plaintiff

argues, the Court, "revisited the evidence, including Plaintiff Wennberg's testimony and the lack of expert opinion and documentary evidence of his earnings, and found that he did not sufficiently present evidence required to support a past loss of earning capacity award." *Id.*

In *Hetzel*, the Court of Appeals "held that the damages award was grossly excessive because it was unsupported by the limited evidence of harm presented at trial." 523 U.S. at 209. However, the Supreme Court reversed the Court of Appeals, holding that the "Court of Appeals' writ of mandamus, requiring the District Court to enter judgment for a lesser amount than that determined by the jury without allowing petitioner the option of a new trial, cannot be squared with the Seventh Amendment." *Id.* at 211. Nonetheless, in *Johansen*, the Eleventh Circuit distinguished *Hetzel* from cases in which a reduction may be ordered without the option of a new trial, stating "[w]e do not think *Hetzel* is to the contrary" of the proposition that "a court proceeds under Rule 50, not Rule 59, in the entry of judgment for a constitutionally reduced award and the Seventh Amendment is not implicated in this legal exercise." *Johansen*, 170 F.3d at 1331. The Court in *Johansen* also noted that in *Hetzel*, "[t]here was no claim in the case that the Constitution required the reduction. Therefore, the reduction must have been an exercise of the court's discretion." *Johansen*, 170 F.3d at 1331.

Regarding Plaintiff's argument that the Court did not make a "determination that due process was violated or that the awards were extremely excessive as would otherwise be required for the 'constitutional reduction' requirement and analysis to be triggered[,]" this argument is at odds with *Johansen's* definition of "constitutional reduction." ECF No. [492] at 5. As Defendant correctly points out, the Eleventh Circuit defined "[a] constitutional reduction," as "a determination that *the law* does not permit the award." ECF No. [493] at 2 (quoting *Johansen*, 170 F.3d at 1331) (emphasis added). The Court in *Johansen* contrasted constitutional reductions with

6

"remittitur" which "is a substitution of the court's judgment for that of the jury regarding the appropriate award of damages." *Johansen*, 170 F.3d at 1331. Indeed, in *Holmes v. West Palm Beach Housing Authority,* the Eleventh Circuit found no abuse of discretion where the district court declined to offer the plaintiff the option of a new trial in lieu of accepting remittitur because the damages amount was "quantifiable" and it was "apparent *as a matter of law* that certain identifiable sums included in the verdict should not have been there." 309 F.3d 752, 758 (11th Cir. 2002) (quoting *Carter v. District of Columbia,* 795 F.2d 116, 134 (D.C. Cir. 1986)) (emphasis added). Similarly, in the Order, this Court determined that, based on the Eleventh Circuit's holding in *Buland*, certain identifiable sums included in the verdict should not have been there, as a matter of law.

In *Buland*, the plaintiff "failed to present evidence that 'the part-time jobs *he believes* he is qualified and capable of performing, such as sitting on corporate boards, and part-time university level teaching,' represent the full extent of his post-injury earning capacity. Without evidence establishing that fact, any jury award for lost earning capacity would have been unduly speculative." 992 F.3d at 1152. Therefore, the Court concluded that "[b]ecause there was no *legally sufficient* evidentiary basis for the jury to award [the plaintiff] damages for loss of earning capacity, the district court correctly granted [the defendant's] motion for a directed verdict." *Id.* (citing Fed. R. Civ. P. 50(a)) (emphasis added). The fact that the Eleventh Circuit affirmed the district court's grant of a Rule 50(a) motion in *Buland* provides further support for Defendants' argument because, as the Court in *Johansen* recognized, "a court proceeds under Rule 50, not Rule 59, in the entry of judgment for a constitutionally reduced award and the Seventh Amendment is not implicated in this legal exercise." *Johansen*, 170 F.3d at 1331. Notably, this Court relied upon *Buland* in granting Defendants' Rule 50 Motion. ECF No. [464] at 15. Although the Court referenced the lack of

7

evidence Plaintiff presented at trial regarding lost earning capacity, it was only insofar as to say that "plaintiff did not have any evidence establishing the full extent of his post-injury earning capacity," therefore "'any jury award for lost earning capacity would have been unduly speculative' and 'there was no legally sufficient evidentiary basis for the jury to award [the plaintiff] damages for loss of earning capacity.'" *Id.* (quoting *Buland*, 992 F.3d at 1152).

Plaintiff cites cases from the Second and Tenth Circuits in support of the proposition that "[i]n constitutional reduction cases, the awards are reduced only because the 'amount awarded is so excessive as to compel the conclusion that it is the result of passion or prejudice or is shocking to the judicial conscience.'" ECF No. [492] at 6 (quoting *Donovan v. Penn Shipping Co.*, 536 F.2d 536, 539 (2d Cir. 1976) and *Earl v. Bouchard Transp. Co.*, 917 F.2d 1320, 1327 (2d Cir. 1990)). However, as Defendants note, the Court in *Johansen* acknowledged that "the Tenth and the Second Circuits may not agree" with the Eleventh Circuit's approach. ECF No. [493] at 4 (quoting *Johansen*, 170 F.3d at 1332). The Eleventh Circuit stated that, although the Constitution "does not prohibit" the approach of the Second and Tenth Circuits, it also does not "require that we tread in the Tenth Circuit's footsteps. When we hold a jury's verdict to be unconstitutionally excessive, we do not reexamine any facts; we merely adjust the verdict to the maximum the Constitution allows in that case." *Johansen*, 170 F.3d at 1332. Therefore, the fact that this Court did not describe the award as "shocking or prejudicial" has no bearing on the instant Motion because, contrary to Plaintiff's argument, that is not the standard that the Eleventh Circuit applies. *See* ECF No. [492] at 6. Instead, "where a portion of a verdict is for an identifiable amount that is not permitted by law, the court may simply modify the jury's verdict to that extent and enter judgment for the correct amount." *Johansen*, 170 F.3d at 1330. The awards that were not permitted by law—past net lost wage-earning capacity and benefits from incident to the date of the trial for Counts 2 and 3 of

8

Incidents 3 and 5—were clearly identifiable. *See* ECF No. [386] at 11, 17. Therefore, the Court "may simply modify the jury's verdict to that extent and enter judgment for the correct amount." *Johansen*, 170 F.3d at 1330.

Plaintiff also argues this Court should follow the approach of the Florida Fifth District Court of Appeal in *Rasinski v. McCoy*, in which the Fifth District Court of Appeal held that "the trial court abused its discretion by denying Rasinski's motions for remittitur and new trial as to loss of earning capacity" and remanded "for the trial court to either enter a remittitur or grant a new trial solely on the issue of damages for loss of earning capacity." *Rasinski v. McCoy,* 227 So. 3d 201, 204 (Fla. 5th DCA 2017)). However, as Defendants point out, *Rasinski* was decided based on a motion pursuant to Fla. Stat. § 768.043, which applies specifically to actions "for the recovery of damages based on personal injury or wrongful death arising out of the operation of a motor vehicle[.]" Fla. Stat. § 786.043(1) (2013). Pursuant to the Florida statute, "it shall be the responsibility of the court, upon proper motion, to review the amount of such award to determine if such amount is clearly excessive or inadequate in light of the facts and circumstances which were presented to the trier of fact." *Id.* However, in the present case, Defendants "sought a judgment as a matter of law under Rule 50(b), which the Court granted." ECF No. [493] at 3-4. Therefore, *Rasinski* has no bearing on the present Motion.

As Defendants note, this Court held:

The Court is bound by *Buland.* There, the Eleventh Circuit affirmed the district court that granted a directed verdict against a maritime personal injury plaintiff who "failed to present evidence that 'the part-time jobs he believes he is qualified and capable of performing, such as sitting on corporate boards, and part-time university level teaching,' represent the full extent of his post-injury earning capacity." 992 F.3d at 1152. Because the plaintiff did not have any evidence establishing the full extent of his post-injury earning capacity, "any jury award for lost earning capacity would have been unduly speculative" and "there was no legally sufficient evidentiary basis for the jury to award [the plaintiff] damages for loss of earning capacity." *Id.*

Here, because no reasonable juror could have concluded that Wennberg was entitled to past loss of earning capacity based on the evidence presented at trial, Defendants' Motion for Judgment is granted as to Wennberg's damages for past loss of earning capacity for Incidents Three and Five.

ECF No. [464] at 15.

"Since the Court has not implicated Mr. Wennberg's rights under the Seventh Amendment, he is not entitled to a 'do over,' i.e., a new trial." ECF No. [478] at 1. Because providing Plaintiff with the option of a new trial was a "manifest error of law" under Federal Rule of Civil Procedure 59(e), Defendants' Motion is granted and Plaintiff Wennberg's election to proceed with a new trial is stricken.[2]

## IV.  CONCLUSION

1. Defendants' Motion to Strike Wennberg's Election to Proceed with New Trial, **ECF No. [478],** is **GRANTED**.

2. Plaintiff Wennberg's award for Incident 3: Counts 2 and 3 for "[p]ast net lost wage-earning capacity and benefits from incident to the date of the trial[,]" of $181,500.00 is **STRICKEN**. ECF No. [386] at 11.

3. Plaintiff Wennberg's award for Incident 5: Counts 2 and 3 for "[p]ast net lost wage-earning capacity and benefits from incident to the date of the trial[,]" of $181,500.00 is **STRICKEN**. ECF No. [386] at 17.

4. The parties shall proceed to mediation on Ward's punitive damages. The parties shall file a Notice Scheduling Mediation on or before **January 26, 2026** and shall attend mediation on or before **March 31, 2026**.

5. Should mediation prove unsuccessful, the parties shall confer and file a notice with the

---

[2] Defendants did not challenge Plaintiff Ward's election to proceed with a new trial. Accordingly, this Order has no bearing on Plaintiff Ward's election. ECF No. [476].

Case No. 22-cv-23847-BLOOM

Court as to the scope of the trial on Ward's punitive damages on or before **April 28, 2026.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 29, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record