UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-23847-CIV-BLOOM/GOODMAN

ERIC WARD,

       Plaintiff,

v.

M/Y UTOPIA IV, Official No. 1305829,
MMSI No.339328000, her engines, tackle,
gear, appurtenances, etc., *in rem*,
UTOPIA YACHTING LLC, *in personam*,

       Defendants.
_____/

### DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER PERMITTING PLAINTIFF WARD TO ELECT A NEW TRIAL

Defendants M/Y Utopia IV and Utopia Yachting, LLC (collectively, "Defendants"), respectfully moves the Court pursuant to Federal Rule of Civil Procedure 60(b) to reconsider its order allowing Plaintiff Eric Ward to elect a new trial (ECF No. 464). The Court should withdraw its offer to Mr. Ward because the Court has already reduced Mr. Ward's punitive damages award to the maximum amount the law permits.

### I.     INTRODUCTION

Plaintiff Eric Ward is not entitled to a new trial. By order dated December 30, 2025, the Court instructed the parties to submit on or before April 28, 2026 a notice as to the scope of a new trial on Eric Ward's claim for punitive damages for willful delay of nursing and medical expenses. (ECF No. 495 at 10-11). However, because the Court reduced the award of punitive damages to the maximum amount that the law permits Ward to recover, there is nothing to try. Ward can fare

no better at a re-trial of his claim for punitive damages than the product of the 3:1 punitive damages to compensatory damages ratio that the Court held applies in this case. Because the Court has already awarded him that amount–i.e., what he could recover on his best day at a retrial–Ward is not entitled to a new trial.

## II.   PROCEDURAL HISTORY

After the Court entered judgment on the jury award of compensatory damages to Ward in the amount of $5,000 for failure to pay cure, and for punitive damages of $100,000 for willful failure to pay cure (ECF No. 384 at 2), Defendants moved to amend the judgment, arguing that the appropriate ratio of compensatory to punitive damages in a maritime case is 1:1, or, at most, 3:1. (ECF No. 416). The Court disagreed with a 1:1 ratio in this case but reduced the punitive damages award based on its determination that a 3:1 ratio is the maximum the law allows. (ECF 464 at 29-30).

The Court reviewed the award of punitive damages to Ward in the context of its responsibility under *Exxon Shipping Co. v. Baker,* 554 U.S. 471 (2008), to regulate awards of punitive damages as a "[maritime] common law remedy." (ECF No. 464 at 25-26). Noting that the Supreme Court in *Exxon* stated that a 3:1 ratio limit generally applies to "cases involving some of the most egregious conduct, including malicious behavior and dangerous activity carried on for the purpose of increasing a tortfeasor's financial gain," and that the jury had found intentional conduct on the part of Defendants, the Court concluded "that a 3:1 ratio is appropriate in the present case to serve the retributive and deterrent purposes of punitive damages." (ECF No. 464 at 29, quoting *Exxon*, 554 U.S. 493, at 511). In so concluding, the Court ruled *as a matter of law* that the maximum permissible award of punitive damages for failure to pay cure in this case is three times the compensatory damages, or $15,000. (ECF No. 464 at 30).

### III.    LEGAL STANDARD

This Court has previously explained the standard under Rule 60(b),

> courts may relieve a party from a judgment or order on several grounds, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment is no longer in effect; and (6) 'any other reason that justifies relief.'" *Marques [v. v. JP Morgan Chase, N.A.],* 805 F. App'x [668,] 671 [(11th Cir. 2020)] (quoting Fed. R. Civ. P. 60(b)). For a Rule 60(b) motion for relief from judgment to be successful under the catchall provision—Rule 60(b)(6)—the movant "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion.'" *Cano v. Baker,* 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Toole v. Baxter Healthcare Corp.,* 235 F.3d 1307, 1317 (11th Cir. 2000)).

(ECF No. 495 at 4.) As shown below in this motion, reconsideration and vacation of the order allowing Plaintiff Ward to elect a new trial is warranted here under Rule 60(1) and (6).

A party must bring a motion under Rule 60(b)(1) within a reasonable time and no later than one year from entry of the order sought to be reviewed.[1] Fed. R. Civ. P. 60(c). There is no mandatory outside time limitation for a motion under Rule 60(b)(6). *Id.* This motion is brought within a reasonable time after the order allowing Ward to elect a new trial because nothing has changed in the interim. No new trial has commenced.  And because Mr. Ward did not have a right to a new trial in the first instance, the timing of this motion does not compromise his rights in any way. In fact, this motion is particularly timely because the Court is presently considering the scope of a new trial. *See* ECF No. 495 at 10-11 ("Should mediation prove unsuccessful, the parties shall confer and file a notice with

---

[1] The Court permitted Ward to elect a new trial on September 15, 2025, which is less than one year ago.  (ECF No. 464)

the Court as to the scope of the trial on Ward's punitive damages on or before April 28, 2026.")

## IV.    ARGUMENT

Ward is not entitled to a re-trial because this Court's reduction of his punitive damages award was a purely legal issue. Additionally, this Court has already granted Ward the highest punitive damages award the law permits, making a re-trial futile. The constitutional limit of a punitive damage award is a question of law not within the province of the jury, and thus a court is empowered to decide the maximum permissible amount without offering a new trial. As the Supreme Court of the United States has explained, "[u]nlike the measure of actual damages suffered, which presents a question of historical or predictive fact, the level of punitive damages is not really a 'fact' 'tried' by the jury." *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 437 (2001) (internal quotations omitted). Accordingly, the district court's determination that an award is consistent with due process does not implicate the Seventh Amendment. *Id.* In *Johansen*, the district court determined that a punitive damages award was excessive as a matter of law and reduced it to the maximum amount permissible without offering a new trial. *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1332 (11th Cir. 1999). The Eleventh Circuit affirmed, explaining that:

> [i]n effect, the [district] court held the greater amount illegal and amended the jury's verdicts to conform to the law. We conclude, therefore, that the reexamination clause did not prohibit the district court from entering judgments for the amount of punitive damages it found to be constitutionally permitted without affording property owners an opportunity to elect a new trial.

*Id.* at 1332. Other courts are in accord. *See Saccameno v. U.S. Bank Nat'l Ass'n*, 943 F.3d 1071, 1092 (7th Cir. 2019) (reducing a punitive damage award to the highest constitutional limit and stating, "we agree with every circuit to address this question that the constitutional limit of a

4

punitive damage award is a question of law not within the province of the jury, and thus a court is empowered to decide the maximum permissible amount without offering a new trial."); *Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1062 (10th Cir. 2016) (reducing the jury's punitive damage award and stating, "we need not remand for Ms. Lompe to choose between a new jury trial or acceptance of a remittitur if a reduction in the amount of punitive damages is 'required by the Constitution' rather than merely 'a court's determination as to whether substantial evidence at trial supported the amount awarded.'"); *see also Bisbal-Ramos v. City of Mayaguez*, 467 F.3d 16, 27 (1st Cir. 2006); *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1049-50 (8th Cir. 2002); *Leatherman Tool Grp. v. Cooper Indus.*, 285 F.3d 1146, 1151 (9th Cir. 2002).

Here, this Court determined, as a matter of law, that the law imposes a 3:1 ceiling on the ratio of punitive to compensatory damages in this case. (ECF No. 464 at 29). It then reduced the award from $100,000 to $15,000—the mathematical product of the 3:1 ratio applied to the $5,000 compensatory award. (ECF No. 464 at 29). This was not a discriminatory remittitur; it was a legal determination that the jury's award exceeded the maximum the law permits. Furthermore, because the Court awarded Ward the highest amount the law permits, he can fare no better at a new trial.

This Court recently granted Defendants' Motion to Strike Plaintiff Fred Wennberg's election of a new trial on similar grounds. (ECF No. 495). As to Wennberg, this Court struck jury awards for past net lost wage-earning capacity after granting Defendants' Renewed Motion for Judgment as a Matter of Law, finding that no reasonable juror could have concluded that Wennberg was entitled to past loss of earning capacity based on the evidence presented at trial. (ECF No. 464 at 15). Wennberg elected a new trial, and Defendants moved to strike his election of a new trial. (ECF No. 478). This Court held that, because its ruling was a legal determination, not a factual re-examination, it did not implicate the Seventh Amendment, and no re-trial was warranted. Here,

too, because the Court's reduction of Ward's punitive damages was a determination that the law does not permit an award in excess of $15,000, and not a finding that the jury's award was unreasonable on the facts, the Seventh Amendment is not implicated, and Ward is not entitled to a new trial.

## V.      CONCLUSION

For the foregoing reasons, Ward is not entitled to a new trial on his claim for punitive damages. The Court's Omnibus Order reduced Ward's punitive damages based on a legal determination that the maximum constitutional ratio of punitive damages in this case is 3:1. Therefore, Ward has no right to a new trial, and his election should be stricken.

WHEREFORE, Defendants M/Y Utopia IV and Utopia Yachting, LLC request the Court to enter an order amending the omnibus order (ECF No. 464) in which it permitted Plaintiff Ward elect a new trial to the effect that Mr. Ward shall not be entitled to a new trial.

## CERTIFICATE OF LOCAL RULE 7.1 PRE-FILING CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that I have conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but have been unable to resolve the issues.

Respectfully submitted,

/s/ *Joshua D. Lerner*___

Neil Bayer
Florida Bar No.: 615684
Chase Alexandra Jansson
Florida Bar No. 1002265
CAMPBELL JOHNSTON CLARK, LLP
2600 Douglas Road, Suite 508
Coral Gables, Florida 33134
neil@cjclaw.com
chase@cjclaw.com
cindy@cjclaw.com

Joshua D. Lerner
Florida Bar No. 455067
Email: jlerner@rumberger.com
docketingmiami@rumberger.com and
jlernersecy@rumberger.com
Katherine V. Becerra
Florida Bar No. 1058928
E-mail: kbecerra@rumberger.com
docketingmiami@rumberger.com
kbecerrasecy@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
Brickell City Tower, Suite 3000
80 S.W. 8th Street
Miami, Florida 33130
Telephone: (305) 358-5577

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of April 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the parties on the Service List below.

/s/ *Joshua D. Lerner*
Joshua D. Lerner

## SERVICE LIST

Kavan Vartak, Esq.
Michael T. Moore, Esq.
Moore & Company, P.A.
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Email: kvartak@moore-and-co.com;
michael@moore-and-co.com
*Counsel for Plaintiff*